

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LEE WOMACK<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH V. SMITH,<br><br>KENNETH GABRIELSON,<br><br>D. SCOTT DODRILL,<br><br>HARRELL WATTS, AND<br><br>HARLEY G. LAPPIN<br><br>Defendants. | **1 : CV - 06 - 2348**<br><br>Civil Action No. _____ |



## COMPLAINT AND DEMAND FOR JURY TRIAL

### Nature of the Action

1. David Lee Womack, a District of Columbia code offender, was convicted in the District of Columbia of violating the D.C. Code. For a period of

1-HA/1231101

time after his conviction, Mr. Womack was incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). Mr. Womack brings this action to vindicate his right to be free from cruel and unusual punishment under the Eighth Amendment of the Constitution of the United States. At USP Lewisburg, the Defendants kept Mr. Womack shackled and bound in full restraints in a secured holding cell for a period of twenty-six consecutive days. Defendants held Mr. Womack, without break or relief, in steel wrist and ankle cuffs bound by short chains to a waist chain. While restrained, Defendants denied Mr. Womack access to basic personal hygiene needs, exercise, and adequate medical supervision. This treatment constitutes cruel and unusual treatment in violation of the Eighth Amendment of the Constitution of the United States, international standards as codified in the United Nations Standard Minimum Rules for the Treatment of Prisoners, and tenets of basic human decency.

## Parties

2.      David Lee Womack is a native of the District of Columbia. While now housed in the New Jersey Department of Corrections and assigned Inmate Number 537-775, Mr. Womack was at all times relevant to the allegations herein a District of Columbia prisoner incarcerated in USP Lewisburg. For identification purposes, the Federal Bureau of Prisons has assigned Mr. Womack Registration Number 08497-007.

3.  Joseph V. Smith was at all times relevant to the allegations herein the warden of USP Lewisburg. Defendant Smith is now retired. Defendant Smith is sued in his personal and official capacities.

4.  Kenneth Gabrielson was at all times relevant to the allegations herein a correctional officer at USP Lewisburg. Defendant Smith is sued in his personal and official capacities.

5.  D. Scott Dodrill was at all times relevant to the allegations herein the Regional Director of the Northeast Region of the Federal Bureau of Prisons. Defendant Dodrill is sued in his personal and official capacities.

6.  Harrell Watts was at all times relevant to the allegations herein the Administrator of National Inmate Appeals of the Federal Bureau of Prisons. Defendant Watts is sued in his personal and official capacities.

7.  Harley Lappin was at all times relevant to the allegations herein the Director of the Federal Bureau of Prisons. Defendant Lappin is responsible for overseeing administration of the Federal Bureau of Prisons and approving all Bureau of Prisons policies relating to the use of ambulatory restraints. Defendant Lappin is sued in his personal and official capacities.

### Jurisdiction and Venue

8.  This action is authorized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619

3

(1971), and by 28 U.S.C. §§ 2201 and 2202, to redress deprivations of rights secured by the Eighth Amendment of the United States Constitution. Original jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

9. The Middle District of Pennsylvania is a proper venue under 28 U.S.C. § 1391(b).

**Material Facts**

10. Mr. Womack is incarcerated by order of the D.C. Superior Court for offenses under the D.C. Code. In 2001, by order of Congress, the D.C. prison complex in Lorton, Virginia was closed and all inmates were transferred to the authority of the Federal Bureau of Prisons, which is authorized to house D.C. Code offenders in any facility in the country. The Bureau of Prisons placed Mr. Womack in USP Lewisburg, where the actions giving rise to this complaint occurred.

11. On the evening of December 8, 2004, Mr. Womack's USP Lewisburg cell flooded with water due to broken pipes, a condition beyond Mr. Womack's control. While cleaning up the water in his cell, Mr. Womack accidentally slipped and fell, causing him to hit his head and fall unconscious. Later that evening, Mr. Womack regained consciousness in the Health Service Unit, where he had received treatment from medical professionals.

12. The next day, Defendant Gabrielson escorted Mr. Womack back to the damaged cell. Mr. Womack protested the decision to place him in the damaged

cell. Mr. Womack asserted that the cell's condition was not safe because of the broken pipe, and he did not want to risk endangering his safety. When Defendant Gabrielson attempted to place Mr. Womack in the damaged cell, Mr. Womack physically resisted. After a brief struggle, Defendant Gabrielson, with Defendant Smith's acquiescence, punished Mr. Womack by shackling him in full restraints. Mr. Womack was then placed in a secured holding cell.

13. The restraints used on Mr. Womack were more restrictive than what Bureau of Prisons regulations call "ambulatory restraints."

14. The Bureau of Prisons defines ambulatory restraints as "approved soft and hard restraint equipment which allow the inmate to eat, drink, and take care of basic human needs without staff intervention."

15. The restraints into which Defendant Gabrielson placed Mr. Womack consisted of handcuffs, which were tightly chained to the front of a waist chain, which was in turn tightly chained to ankle cuffs.

16. Mr. Womack's wrist and ankle shackles were so restrictive that they caused his hands and feet to immediately and excessively swell. The chains connecting Mr. Womack's wrist and ankle shackles to his waist chain were so short that Mr. Womack could not fully straighten his body when he lay down. The painful configuration imposed on Mr. Womack by these restraints required Mr. Womack to sleep while propped up against the walls in a corner of his cell or in

other contorted positions. The wrist shackles were so confining that Mr. Womack could not even properly clean himself after using the toilet.

17.     For the following twenty-six consecutive days, Defendants Smith and Gabrielson unjustifiably punished Mr. Womack by keeping him chained in full restraints, despite Mr. Womack's confinement in a secured holding cell.

18.     Mr. Womack, to this day, continues to suffer pain and injury caused by this unjustified, cruel, and sadistic punishment.

19.     Mr. Womack sustained numerous injuries resulting from his treatment, including, but not limited to, multiple open wounds around his wrists and ankles from the constant abrasion of his shackles. Mr. Womack's wrist wounds required medical treatment.

20.     After Mr. Womack complained about his cruel treatment and retained counsel, the Bureau of Prisons transferred Mr. Womack to the New Jersey Department of Corrections, which now houses Mr. Womack pursuant to a contract with the Bureau of Prisons.

21.     Defendants Smith and Gabrielson further unjustifiably punished Mr. Womack by denying him access to basic personal hygiene needs and exercise for the twenty-six days that he was shackled and in the secured holding cell. Additionally, medical professionals at USP Lewisburg failed to monitor Mr. Womack during at least two five-day periods during his punishment.

I-HA/123110.1

22. Defendant Dodrill had then-current knowledge of Mr. Womack's shackling from periodic notifications made by Defendant Smith to the Northeast Region of the Bureau of Prisons. Defendant Dodrill acquiesced in Mr. Womack's punishment.

23. Defendants Smith, Dodrill, and Watts denied Mr. Womack's grievances and appeals, affirming their acquiescence in Mr. Womack's punishment.

24. On information and belief, people housed at USP Lewisburg have been and are regularly placed in full restraints as a means of punishment.

25. On information and belief, the widespread nature of the use of full restraints at USP Lewisburg amounts to a policy of regularly allowing and endorsing this cruel and unjustifiable treatment.

26. All Defendants who engaged in the conduct described herein were acting under color of federal law. Defendants' conduct deprived Mr. Womack of his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. On information and belief, all Defendants had knowledge of, participated in, or acquiesced in the deprivation of Mr. Womack's right to be free from cruel and unusual punishment.

1-IIA/123110.1

## **Eighth Amendment Violations**

27. Shackling Mr. Womack in full restraints in his cell and depriving him of access to personal hygiene needs, exercise, and sufficient medical supervision over a twenty-six-day period constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

28. Defendants, by binding Mr. Womack in full restraints in his cell for twenty-six consecutive days, participated in, had knowledge of, or acquiesced in the infliction of cruel and unusual punishment of Mr. Womack in violation of the Eighth Amendment of the United States Constitution.

29. Defendants, by depriving Mr. Womack of access to basic personal hygiene needs during the twenty-six-day period, participated in, had knowledge of, or acquiesced in the infliction of cruel and unusual punishment of Mr. Womack in violation of the Eighth Amendment of the United States Constitution.

30. Defendants, by depriving Mr. Womack of access to sufficient medical supervision during the twenty-six-day period, participated in, had knowledge of, or acquiesced in the infliction of cruel and unusual punishment of Mr. Womack in violation of the Eighth Amendment of the United States Constitution.

31. Defendants, by depriving Mr. Womack of any exercise during the twenty-six-day period, participated in, had knowledge of, or acquiesced in the

1-HA/123110.1

infliction of cruel and unusual punishment of Mr. Womack in violation of the Eighth Amendment of the United States Constitution.

32. Defendants' conduct was at all time willful, wanton, malicious, and oppressive. Their actions were motivated by evil intent and show a callous disregard for Mr. Womack's right to be free from cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff prays for judgment against Defendants and for the following relief:

A. A declaration that Defendants have violated the Eighth Amendment in the ways described above;

B. Permanent injunctive relief that enjoins Defendants from continuing their unconstitutional conduct and policy, and requires them to take affirmative steps to dissipate the effects of their prior violations;

C. A judgment for compensatory and punitive damages, as determined by a jury;

D. The costs of this suit, including reasonable attorneys' fees; and

E. Such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff demands a trial by jury of all issues so triable.

Dated:        December 7, 2006

*Maxine M. Woelfling*
Maxine M. Woelfling
MORGAN, LEWIS & BOCKIUS LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904
717.237.4000
717.237.4001 (facsimile)
mwoelfling@morganlewis.com
PA 20101

Attorney for Plaintiff

```
Court Name: Pennsylvania Middle
Division: 1
Receipt Number: 111000243
Cashier ID: chatcher
Transaction Date: 12/07/2006
Payer Name: MORGAN LEWIS BOCKIUS

CIVIL FILING FEE
 For: MORGAN LEWIS BOCKIUS
 Case/Party: D-PAM-1-06-CV-002348-000
 Amount:         $350.00

CHECK
 Check/Money Order Num: 04262
 Amt Tendered:   $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debt officially paid or
discharged. A fee of $45.00 will be
charged for returned checks.
```