DCP:MJB:dlm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID LEE WOMACK, | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| HARLEY LAPPIN, et al., | : | |
| Defendants | : | Filed Electronically |

**DEFENDANTS SMITH AND GABRIELSON'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Joseph V. Smith and Kenneth Gabrielson hereby assert affirmative defenses and answer Plaintiff David E. Ricketts' Second Amended Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Defendants Smith and Gabrielson are entitled to Qualified Immunity.

**Second Affirmative Defense**

Plaintiff has not satisfied the exhaustion requirement of the Prison

Litigation Reform Act, 42 U.S.C. § 1997e(a).

### Third Affirmative Defense

Plaintiff has not stated a claim of any Constitutional violation for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b).

### Fourth Affirmative Defense

To the extent any of the Defendants are named in their official capacities for a claim for monetary damages, they are entitled to sovereign immunity.

### Fifth Affirmative Defense

Plaintiff lacks standing to request injunctive relief.

### Sixth Affirmative Defense

Defendant Smith is entitled to be dismissed from this action based upon his lack of personal involvement and the doctrine of respondeat superior.

### Seventh Affirmative Defense

Plaintiff failed to make any effort to mitigate his damages.

### EighthAffirmative Defense

Plaintiff's damages, if any, should be proportionately decreased based upon Plaintiff's contributory negligence.

### Ninth Affirmative Defense

Plaintiff is barred from recovery based upon his own assumption of the risk.

### Tenth Affirmative Defense

Plaintiff has not shown that Defendants Smith and Gabrielson's actions proximately caused any damages.

### Eleventh Affirmative Defense

Plaintiff did not properly exhaust his administrative claim against the United States, as required by the Federal Tort Claims Act.

### Twelfth Affirmative Defense

Plaintiff's claims that his constitutional rights were violated because he was in restraints between February 3, 2009, and February 4, 2009 are barred by the applicable statute of limitations.

WHEREFORE, Defendants ask the Court to grant judgment in their favor and against Plaintiff together with costs, disbursements, and other relief the Court finds appropriate.

### ANSWER TO SECOND AMENDED COMPLAINT

### NATURE OF THE ACTION

1. Defendants Smith and Gabrielson admit in part and deny in part the allegations contained in paragraph 1 of the Second Amended Complaint.

Defendants Smith and Gabrielson admit that Plaintiff is a District of Columbia Offender that was sentenced by the D.C. Superior Court. Defendants Smith and Gabrielson admit to the extent that Plaintiff, while incarcerated at USP Lewisburg, was in ambulatory restraints, as provided in Bureau of Prisons policy, for 26 consecutive days. Defendants Smith and Gabrielson deny the remaining averments in paragraph 1 of the Second Amended Complaint.

## PARTIES

2.      Defendants Smith and Gabrielson admit the averments in paragraph 2 of the Second Amended Complaint. By way of further answer, Plaintiff is now subject to the rules and regulations of the New Jersey Department of Corrections, including whether and when to use restraints.

3-6.    Defendants Smith and Gabrielson admit the averments in paragraph 3-6 of the Second Amended Complaint.

7.      Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 7 of the Second Amended Complaint. Defendants Smith and Gabrielson admit to the extent that Harley Lappin was the Director of the Bureau of Prisons during the time period relevant to this complaint and that he is responsible for "overseeing the administration of the Bureau of Prisons."

Defendants Smith and Gabrielson further admit that this lawsuit is brought against Director Lappin both in his official and individual capacities and that Director Lappin was the signatory authority on Bureau of Prisons' Program Statement 5566.06, Use of Force and Application of Restraints. Defendants Smith and Gabrielson deny the remaining averments in paragraph 7 of the Second Amended Complaint.

8-11.   Defendants Smith and Gabrielson admit the averments in paragraphs 8-11 of the Second Amended Complaint.

## JURISDICTION AND VENUE

12-13.   Defendants Smith and Gabrielson deny the averments in paragraphs 12-13 of the Second Amended Complaint because this paragraph represents legal conclusions to which no answer is required.

## FACTUAL ALLEGATIONS UNDERLYING THE COMPLAINT

14.   Defendants Smith and Gabrielson admit in part and deny in part averments in paragraph 14 of the Second Amended Complaint.  Defendants Smith and Gabrielson admit that Plaintiff is incarcerated by order of the D.C. Superior Court for offenses under the D.C. Code.  Defendants Smith and Gabrielson admit that in 2001, by order of the United States Congress, the D.C. prison complex in Lorton, Virginia was closed and all D.C. inmates were transferred under the authority of

the BOP. Defendants Smith and Gabrielson admit that Plaintiff was incarcerated at USP Lewisburg from August 7, 2003 through October 21, 2005. Defendants Smith and Gabrielson deny the remaining averments in paragraph 14 of the Second Amended Complaint. By way of further answer, this Court does not have personal jurisdiction over Defendants Smith and Gabrielson for matters that happened outside of USP Lewisburg.

15.     Defendants Smith and Gabrielson deny the averments of paragraph 15 of the Second Amended Complaint.

16.     Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 16 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that on December 8, 2004, at approximately 8:30 pm, Health Services staff was called to the Special Housing Unit (the SHU) where Plaintiff was found lying in his cell. He was moved to the Health Services area. Plaintiff reported that he fell while cleaning water in his cell and hit his head on the toilet. Defendants Smith and Gabrielson further admit Plaintiff was conscious and received treatment from Health Services staff. Defendants deny the remaining averments in paragraph 16 of the Second Amended Complaint. By way of further answer, upon reasonable investigation, Defendants lack sufficient knowledge to admit or deny the remaining averments in paragraph 16 of the Second Amended

Complaint.

17.    Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 17 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that Defendant Gabrielson escorted Plaintiff back to his cell the following day after a follow-up visit to Health Services. Defendants Smith and Gabrielson deny the remaining averments in paragraph 17 of the Second Amended Complaint.

18.    Defendants Smith and Gabrielson admit in part and deny the averments in paragraph 18 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that when Gabrielson placed Plaintiff back in the cell and attempted to remove his hand restraints, Plaintiff pulled away by placing both feet on the door and lunged backwards. The cell jammed and Gabrielson's arm was pulled through the food slot as a result of the pressure Plaintiff was applying to the inside of the door. Gabrielson maintained control of the hand restraints as the door was reopened. Plaintiff stated he would not take the restraints off and would through urine and feces on anyone who came near his cell. Gabrielson reapplied the leg restraints and Martin chain that had been removed prior to placing Womack in the cell and escorted Plaintiff out of that cell to another. By way of further answer the BOP does not use the term "shackle." Defendants Smith and

Gabrielson admit Plaintiff was not actively assaultive in the videotape footage. Defendants Smith and Gabrielson admit Plaintiff was continued in restraints. Defendants Smith and Gabrielson deny that moving Plaintiff to another cell was at Plaintiff's request.   Defendants particularly deny that assaulting a correctional officer constitutes a "reasonable request."

19.     Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 19 of the Second Amended Complaint.  Defendants Smith and Gabrielson admit that ambulatory restraints can consist of a set of handcuffs, leg irons, a Martin chain, and a black box.  Defendants Smith and Gabrielson deny the remaining averments in paragraph 19 of the Second Amended Complaint.

20-22.  Defendants Smith and Gabrielson deny the averments in paragraphs 20-22 of the Second Amended Complaint.

23.     Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 23 of the Second Amended Complaint.  Defendants Smith and Gabrielson admit that almost without exception, inmates at USP Lewisburg are double celled.   Defendants Smith and Gabrielson admit that Plaintiff refused to be double celled and Plaintiff was continued in restraints due to his egregious behavior as described in documents previously submitted to the court.  Defendants deny the remaining averments of paragraph 23 of the Second Amended Complaint.

24. Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 24 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that other inmates were in restraints during this time frame. By way of further answer, in addition to various behaviors requiring restraints, other inmates refused cellmates. Defendants deny the remaining averments of paragraph 24 of the Second Amended Complaint.

25. Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 25 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that Plaintiff was confined in a secure cell and in ambulatory restraint for 26 days. Defendants Smith and Gabrielson deny the remaining averments in paragraph 25 of the Second Amended Complaint.

26. Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 26 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that on December 20, 2004, Plaintiff broke his left hand restraint. Defendants Smith and Gabrielson admit that a use of force team was assembled to remove the broken restraints and put Womack back in ambulatory restraints. By way of further answer, two sets of wrist restraints were applied since the inmate had demonstrated his ability to break one. The double restraint did not hamper the inmate's movement any more than the single set. It simply

provided more security.  Defendants Smith and Gabrielson deny the remaining averments in paragraph 26 of the Second Amended Complaint.

27-28.  Defendants Smith and Gabrielson admit the averments in paragraphs 27-28 of the Second Amended Complaint.

29.   Defendants Smith and Gabrielson deny the averments in paragraph 29 of the Second Amended Complaint.

30.   Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 30 of the Second Amended Complaint.  Defendants Smith and Gabrielson admit that Plaintiff refused to accept a cellmate when asked at various times throughout the 26 day period at issue in this complaint.  Defendants Smith and Gabrielson deny the remaining averments in paragraph 30 of the Second Amended Complaint.

31-33.  Defendants Smith and Gabrielson deny the averments in paragraphs 31-33 of the Second Amended Complaint.

34.   Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 34 of the Second Amended Complaint.  Defendants Smith and Gabrielson admit that Plaintiff was placed in ambulatory restraints on February 3, 2005.  Defendants Smith and Gabrielson deny the remaining averments in paragraph 34 of the Second Amended Complaint.

35. Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 35 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that Plaintiff was removed from ambulatory restraints on February 4, 2005. Defendants Smith and Gabrielson admit that Mr. Womack agreed to accept a cellmate. Defendants Smith and Gabrielson deny the remaining averments in paragraph 35 of the Second Amended Complaint.

36. Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 36 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that Plaintiff received medical attention as provided in documents previously submitted to his counsel. Defendants Smith and Gabrielson deny the remaining averments in paragraph 36 of the Second Amended Complaint.

37. Defendants Smith and Gabrielson deny the averments in paragraph 37 of the Second Amended Complaint. By way of further answer, upon reasonable investigation, Defendants Smith and Gabrielson are without information sufficient to either admit or deny the averments in this paragraph.

## Bureau of Prisons Policies on the Use of Force

38. Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 38 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that Bureau of Prisons' Program Statement 5566.05

provided guidance on the Use of Force and Application of Restraints. Defendants Smith and Gabrielson deny the remaining averments in paragraph 38 of the Second Amended Complaint.

39.   Defendants Smith and Gabrielson admit the averments in paragraph 39 of the Second Amended Complaint.

40.   Defendants Smith and Gabrielson deny the averments in paragraph 40 of the Second Amended Complaint.

41.   Defendants Smith and Gabrielson admit the averments in paragraph 41 of the Second Amended Complaint.

42.   Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 42 of the Second Amended Complaint. Defendants admit Program Statement 5566.05 provided that ambulatory restraints are "approved soft and hard restraint equipment which allows the inmate to eat, drink, and take care of basic human needs without staff intervention." Defendants Smith and Gabrielson deny the remaining averments in paragraph 42 of the Second Amended Complaint.

43-45. Defendants Smith and Gabrielson deny the averments in paragraphs 43-45 of the Second Amended Complaint. By way of further answer, upon reasonable investigation, Defendants Smith and Gabrielson are without information sufficient

to either admit or deny the averments in these paragraphs.

46.    Defendants Smith and Gabrielson admit the averments in paragraph 46 of the Second Amended Complaint. By way of further answer, Program Statement 5566.05 provided: "All use of force incidents must be reported and investigated to protect staff from unfounded allegations and eliminate the unwarranted use of force."

47-48.  Defendants Smith and Gabrielson deny the averments in paragraphs 47-48 of the Second Amended Complaint.

**All Defendants Were Deliberately Indifferent to Mr. Womack's Harm**

49-50.  Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraphs 49-50 of the Second Amended Complaint. Defendants Smith and Gabrielson were versed on the Bureau of Prisons' policy on restraints as set forth in Program Statement 5566.05. Defendants Smith and Gabrielson deny the remaining averments in paragraphs 49-50 of the Second Amended Complaint.

51-52.  Defendants Smith and Gabrielson deny the averments in paragraphs 51-52 of the Second Amended Complaint.

53.  Defendants Smith and Gabrielson deny the averments in paragraph 53 of the Second Amended Complaint.

54. Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 54 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that they were acting within the scope of their employment for the time period relevant to the Second Amended Complaint. Defendants Smith and Gabrielson deny the remaining averments in paragraph 54 of the Second Amended Complaint.

### Defendants Smith, Oliver, and Gabrielson

55-63. Defendants Smith and Gabrielson deny the averments in paragraphs 55-63 of the Second Amended Complaint.

### Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas and Marioana

64-73. The allegations in paragraphs 64-73 of the Second Amended Complaint are directed to Defendants other than Defendants Smith and Gabrielson. Therefore, no response is required.

### USP Lewisburg Regularly Uses Shackles as a Means of Punishment

74. Defendants Smith and Gabrielson deny the averments in paragraph 74 of the Second Amended Complaint.

75. Defendants Smith and Gabrielson admit in part and deny in part the averments of paragraph 75 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that the inmate referenced in paragraph 75 refused to be housed with a cellmate. By way of further answer, Plaintiff omitted important background, which included the fact that this inmate refused staff orders on multiple occasions and refused to take a cellmate. Defendants Smith and Gabrielson deny the remaining averments of paragraph 75 of the Second Amended Complaint.

76. Defendants Smith and Gabrielson admit in part and deny in part the averments in paragraph 76 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that the inmate referenced in paragraph 76 refused to be housed with a cellmate. Defendants Smith and Gabrielson also admit that the inmate referenced in paragraph 76 was placed in ambulatory restraints for 73 hours. By way of further answer, Plaintiff omitted important background, which included the fact that this inmate had shown signs of imminent violence, destroyed government property, made threats to staff, refused orders, and refused to take a cellmate. Defendants Smith and Gabrielson deny the remaining averments in paragraph 76 of the Second Amended Complaint.

77. Defendants Smith and Gabrielson admit in part and deny in part the

averments in paragraph 77 of the Second Amended Complaint. Defendants Smith and Gabrielson admit that inmates at USP Lewisburg may continue to be restrained. Defendants Smith and Gabrielson deny the remaining averments in paragraph 77 of the Second Amended Complaint.

78-83. The allegations in paragraphs 78-83 of the Second Amended Complaint are directed to Defendants other than Defendants Smith and Gabrielson. Therefore, no response is required.

## COUNT I - Damages

84. Defendants' responses to paragraphs 1-83 are incorporated by reference as fully stated herein.

85-92. Defendants Smith and Gabrielson deny the averments in paragraphs 85-92 of the Second Amended Complaint.

WHEREFORE, this Court should grant judgment to Defendants Smith and Gabrielson, and against Plaintiff, together with costs, disbursements, and other relief the Court finds appropriate.

## COUNT II – Declaratory Relief

93. Defendants' responses to paragraphs 1-92 are incorporated by reference as fully stated herein.

94-95. Defendants Smith and Gabrielson deny the averments in paragraphs 94-95

of the Second Amended Complaint.

WHEREFORE, this Court should grant judgment to Defendants Smith and Gabrielson, and against Plaintiff, together with costs, disbursements, and other relief the Court finds appropriate.

## **COUNT III – Injunctive Relief**

96.  Defendants' responses to paragraphs 1-95 are incorporated by reference as fully stated herein.

97.  Defendants Smith and Gabrielson deny the averments in paragraph 97 of the Second Amended Complaint.

WHEREFORE, this Court should grant judgment to Defendants Smith and Gabrielson, and against Plaintiff, together with costs, disbursements, and other relief the Court finds appropriate.

        Respectfully submitted,

        DENNIS C. PFANNENSCHMIDT
        United States Attorney


        <u>s/ Michael J. Butler</u>
        Michael J. Butler
        Assistant United States Attorney
        PA 81799
        Dawn L. Mayko
        Paralegal Specialist
        U.S. Attorney's Office
        228 Walnut Street, 2nd Floor
        P.O. Box 11754
        Harrisburg, PA 17108
        Phone: 717-221-4482
        Fax: 717-221-2246
Dated: August 27, 2009        Michael.J.Butler@usdoj.gov

OF COUNSEL:

Lori K. Cunningham
Supervisory Attorney
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| Defendants | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on August 27, 2009, she served a copy of the attached

**DEFENDANTS SMITH AND GABRIELSON'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

by filing with the Court's ECF system.

Addressee:
Aaron B. Hewitt
Alexis J. Gilman
John H. Shenefield
Maxine M. Woelfling
Thomas G. Scriven
Andrew C. Whitney
Jamie L. Ghen
Morgan, Lewis & Bockius, LLP

Deborah Golden
Washington Lawyers Committee
 For Civil Rights & Urban Affairs

**Attorneys for Plaintiff**

s/ Dawn Mayko
Dawn Mayko, Paralegal Specialist