DCP:MJB:dlm

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | **NO.  1:CV-06-2348** |
| **Plaintiff** | : | |
| | : | **(Conner, J.)** |
| **v.** | : | |
| | : | |
| **JOSEPH V. SMITH, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

## DEFENDANTS D. SCOTT DODRILL, HARLEY G. LAPPIN, JOHN VANYUR, NEWTON KENDIG,[1] LINDA THOMAS, AND CHUCK MARIOANA'S BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

DENNIS C. PFANNENSCHMIDT
United States Attorney

s/ Michael J. Butler
MICHAEL J. BUTLER
Assistant U.S. Attorney
Attorney I.D. No. PA 81799
JOANNE M. HOFFMAN
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA  17108-1754
Phone: (717) 221-4482
Facsimile: (717) 221-2246

---

[1] As Mary Ellen Thoms, originally named in the Second Amended Complaint in he official capacity only, is deceased, Newton Kendig, M.D., hereby is substituted as a party.  See Hafer v. Melo, 502 U.S. 21, 25 (1991).

# **TABLE OF CONTENTS**

I. Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. Questions Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V. Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
           Legal Standards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
           Qualified Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
           Personal Involvement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
           Injunctive Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
           Statute of Limitations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VI. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## FEDERAL CASES

Abdul-Akbar v. Watson,
    4 F.3d 195 (3d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Anderson v. Creighton,
    483 U.S. 635, 641 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Albright v. Oliver,
    510 U.S. 266 (1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 7, 8, 9, 11, 13

Baraka v. McGreevey,
    481 F.3d at 195. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11, 13

Bivens,Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,
    403 U.S. 388 (1971).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 15

Brown v. Grabowski,
    922 F.2d 1097 (3d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

In re City of Phila. Litigation,
   49 F.3d 945 (3d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Elder v. Holloway,
   510 U.S. 510 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fields v. J.C. Blake,
   349 F. Supp. 2d 910 (E.D. Pa. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

Flanagan v. Shively,
   980 F.2d 722 (3d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hafer v. Melo,
   502 U.S. 21 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Harlow v. Fitzgerald,
   457 U.S. 800 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Hartman v. Moore,
   547 U.S. 250 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lake v. Arnold,
   232 F.2d 360 (3d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Leatherman v. Tarrant Cty. Narcotics and Coordination Unit,
   507 U.S. 163 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Little v. Lycoming County,
   912 F. Supp. 809 (M.D. Pa. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Malley v. Briggs,
   475 U.S. 335 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

McLaughlin v. Watson,
   271 F.3d 566 (3d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Monell v. New York City Department Of Social Services,
   436 U.S. 658 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Papasan v. Allain,
   478 U.S. 265 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Pearson v. Callahan,
        129 S. Ct. 808 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Personnel Administrator of Mass. V. Feeney,
        442 U.S. 256 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Reitz v. County of Bucks,
        125 F.3d 139 (3d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rode v. Dellarciprete,
        845 F.2d 1195 (3d Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rose v Bartle,
        871 F.2d 331 (3d Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Ryan v. Burlington County,
        860 F.2d 1199 (3d Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Saucier v. Katz,
        533 U.S. 194 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Siegart v. Gilley,
        500 U.S. 226 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Smith v. Holtz,
        879 F. Supp. 435 (M.D. Pa. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Sutton v. Rasheed,
        323 F.3d 236 (3d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Swint v. Chambers County Commission,
        514 U.S. 35 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Wilson v. Garcia,
        471 U.S. 261 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

Ex Parte Young,
        209 U.S. 123 (1908). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## UNPUBLISHED CASES

Howard v. BOP,
    3:CV-05-1372 (M.D. Pa.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Kelly v. Borough of Carlisle,
    No. 1:07-cv-1573, 2009 WL 1230309 (M.D. Pa. May 4, 2009). . . . . . . . . . . . . . . . 7

Ravitch v. City of Phila.,
    Civ. A. No. 06-3726, 2009 WL 878631 (E.D. Pa. Mar. 31, 2006). . . . . . . . . . . . . . 7

Telepo v. Martin,
    No. 3:08-cv-2132, 2009 WL 2476498. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Williams v. Smith,
    3:CV-05-0890. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Young v. Philadelphia County DA's Office,
    No. 09-1668, 2009 WL 2445084 (3d Cir. Aug. 11, 2009). . . . . . . . . . . . . . . . . . . . 16

## FEDERAL STATUTES

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Civ. P. 4(m). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Fed. R. Civ. P. 12(b) (6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Fed. R. Civ. P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

## STATE STATUE

42 Pa. C.S.A. § 5524. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

## I. Introduction

i

Defendants Harley G. Lappin, Director of the Bureau of Prisons (the "BOP"); D. Scott Dodrill, Regional Director of the BOP; John Vanyur, Assistant Director, Correctional Programs Division; Linda Thomas, Central Office Correctional Services Administrator;[2] Newton Kendig, Assistant Director, Health Services Division (in her official capacity only); and Chuck Marioana, Regional Correctional Services Administrator (collectively the "High Ranking BOP Officials") respectfully submit this brief in support of their motion to dismiss the Second Amended Complaint, or alternatively, motion for summary judgment. This Court should grant the motion because Plaintiff David Lee Womack has failed to allege any of these defendants purposefully violated Plaintiff's constitutional rights, and thus, they enjoy qualified immunity.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  This Court should also dismiss the claims for injunctive relief Womack does not state a claim for and does not have standing to establish injunctive relief.  Alternatively, this Court should grant summary judgment to John Vanyur, Linda Thomas, and Chuck Marioana because the statute of limitations bars Plaintiff's claims.[3]

## II. Procedural History

---

[2]Ms. Thomas is currently the Warden at MCC Chicago.

[3]The High Ranking BOP Officials also note that Womack has not exhausted his administrative remedies.  Because the Court has ordered that discovery proceed on the issue of exhaustion, the High Ranking BOP Officials do not argue exhaustion here, but preserve the right to argue exhaustion after the close of discovery, if necessary.

Womack is formerly an inmate incarcerated at the United States Penitentiary, in Lewisburg, Pennsylvania (hereinafter "USP Lewisburg"), and currently incarcerated in the state of New Jersey's correctional system.

On December 7, 2006, Womack, through counsel, filed a <u>Bivens</u>[4] action alleging that employees of the Bureau of Prisons (the "BOP") improperly restrained him for twenty-six days. (Doc No. 1). Womack named as defendants, Harley G. Lappin, D. Scott Dodrill, Joseph V. Smith, and Kenneth Gabrielson. (See <u>id.</u>). On February 12, 2009, the Third Circuit Court of Appeals reversed this Court's March 27, 2008 summary judgment order in favor of Defendants. (Doc. No. 54).

On May 29, 2009, Plaintiff filed an Amended Complaint, adding five new <u>Bivens</u> Defendants. Plaintiff added J. Oliver, a Captain at USP Lewisburg, and Unnamed BOP Officials. On June 22, 2009, Plaintiff filed the instant Second Amended Complaint, which added Vanyur, Thomas, Marioana, and Mary Ellen Thoms (in her official capacity only).

On August 31, 2009, the High Ranking BOP Officials filed a motion to dismiss, or alternatively, motion for summary judgment. This brief supports that motion.

─────────────────

[4] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

### III. Statement of Facts

Womack claims that he was improperly restrained for twenty-six days.

<u>See</u> Second Am. Compl. (Doc. No. 67) ¶¶ 55-63.  He contends that the High

Ranking Officials are liable because they received notification that Womack was in

restraints for this time period and failed to act.  <u>See id.</u> ¶¶ 64-73.  He also contends

that two inmates were also restrained for multiple days, and this demonstrates that

USP Lewisburg <u>regularly</u> uses "shackles" as a means of punishment.  <u>See id.</u> ¶¶

74-83.

### IV. Question Presented

I.     Whether Defendants Lappin, Dodrill, Vanyur, Thomas, Kendig, and
       Marioana enjoy qualified immunity because Womack failed to allege
       any of these defendants purposefully violated Womack's
       constitutional rights?

II.    Whether this Court should dismiss the claims for injunctive relief
       because Womack fails to state a claim and he lacks standing?

III.   Alternatively, whether this Court should grant summary judgment to
       Defendants Vanyur, Thomas, Kendig, and Marioana because the
       statute of limitations bars Womack's claims?

**Suggested Answer:** Affirmative.

### V. Argument

<u>Fed. R. Civ. P. 12(b) (6) Motion to Dismiss Standard</u>

Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed

true and should be liberally construed in his or her favor.  <u>See</u> <u>Leatherman v.</u>

4

Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993).  When there are well-plead allegations, a court should assume their veracity and then determine whether they plausibly give entitlement to relief.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  Mere conclusions, however, are not entitled to the assumption of truth.  See id.  There must be factual allegations to support a plaintiff's legal conclusion.  See id.; see also Papasan v. Allain, 478 U.S. 265, 286 (1986); Baraka v. McGreevey, 481 F.3d at 195.

### Fed. R. Civ. P. 56 Summary Judgment Standard

Summary judgment is appropriate when supporting materials, such as affidavits and other documentation, show there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  In Celotex, the Court held that "Rule 56(e) . . . requires that the non-moving party go beyond the pleadings by [his] own affidavits, or by 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (quoting Fed. R. Civ. P. 56).  Additionally, an opposing party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex, 477 U.S. at 325.

I.    **DEFENDANTS LAPPIN, DODRILL, VANYUR, THOMAS, KENDIG, AND MARIOANA ENJOY QUALIFIED IMMUNITY**

Defendants Lappin, Dodrill, Vanyur, Thomas, Kendig, and Marioana enjoy qualified immunity from suit, and therefore this Court should grant judgment on their behalf.

      **A.    Qualified Immunity Standard**

Qualified immunity shields government officials if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "'[Q]ualified immunity affords 'protection to all but the plainly incompetent or those who knowingly violate the law.'" McLaughlin v. Watson, 271 F.3d 566, 570 (3d Cir. 2001) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).  The primary purpose of affording public officials the privilege of qualified immunity is to ensure the vigorous exercise of their official authority, see id. (citations omitted), and "to protect them 'from undue interference with their duties and from potentially disabling threats of liability.'" Elder v. Holloway, 510 U.S. 510, 514 (1994) (quoting Harlow, 457 U.S. at 806).

When a federal defendant raises qualified immunity in a Bivens action, the plaintiff cannot maintain the action unless the plaintiff can show that the defendant violated a clearly established constitutional right. See Siegart v. Gilley, 500 U.S.

226, 232-33 (1991); Abdul-Akbar v. Watson, 4 F.3d 195, 202 (3d Cir. 1993). This inquiry focuses on whether a reasonable official would have found the defendant's conduct to be illegal. See id. at 205.

In Saucier v. Katz, 533 U.S. 194, 200-02 (2001), the Supreme Court enunciated a two-part test for qualified immunity. First, a court must determine whether the facts "taken in a light most favorable to the party asserting the injury . . . show the officer's conduct violated a constitutional right." Second, if a constitutional right would have been violated under the plaintiff's version of the facts, a court must determine "whether the right was clearly established." Id. Or stated in another way, would a reasonable officer know that the action he took was unlawful. See id. at 202 ("If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate.").

In Pearson v. Callahan, 129 S. Ct. 808, 822 (2009), the United States Supreme Court held that a district court may first determine whether the constitutional right was clearly established, and therefore, a district court may not even have to address whether a defendant violated a constitutional right.

In determining whether a right is clearly established, "the Third Circuit has demanded 'some but not precise factual correspondence between relevant precedents and the conduct at issue.'" Ravitch v. City of Phila., Civ. A. No. 06-

3726, 2009 WL 878631, at *12 (E.D. Pa. Mar. 31, 2006) (citing In re City of Phila. Litig., 49 F.3d 945, 970 (3d Cir. 1995) (citing Ryan v. Burlington County, 860 F.2d 1199, 1208-09 (3d Cir. 1988) (quotations omitted in original))).  A court must also look at the information possessed by the defendant at the time of the alleged constitutional violation and how a reasonable official would have reacted.  See id. (citing Anderson v. Creighton, 483U.S. 635, 641 (1987); Reitz v. County of Bucks, 125 F.3d 139, 147 (3d Cir. 1997)).  Thus, the court should look at the entire episode confronted by the officer and take into account any reasonable mistake made by an officer.  Kelly v. Borough of Carlisle, No. 1:07-cv-1573, 2009 WL 1230309, at *3 (M.D. Pa. May 4, 2009) (Kane, J.) (quoting Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995)).

Whether or not a right is clearly established cannot be determined without looking at the facts pleaded.  See Iqbal, 129 S. Ct. at 1946 (noting "whether a particular complaint sufficiently alleges a clearly established violation of law cannot be decided in isolation from the facts pleaded").  The sufficiency of the complaint "'is both inextricably intertwined' with and 'directly implicated by' the qualified immunity defense."  Id. (quoting Swint v. Chambers County Comm'n, 514 U.S. 35, 51 (1995); Hartman v. Moore, 547 U.S. 250, 257 n. 5 (2006)).

**B.    Plaintiff Has Failed To Plead Personal Involvement Of Defendants Lappin, Dodrill, Vanyur, Thomas, Kendig and Marioana**

_____Womack failed to plead sufficient allegations against Defendants Lappin, Dodrill, Vanyur, Thomas, Kendig, and Marioana to establish their personal involvement. Before a court finds a defendant liable for a civil rights violation, a plaintiff must assert that the defendant had some personal involvement or took some affirmative action in regards to the violation.  See Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (a 42 U.S.C. § 1983 case); Flanagan v. Shively, 980 F.2d 722 (3d Cir. 1992); Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting that allegations of personal involvement must be made with particularity). Government officials cannot be held liable on a theory of respondeat superior.  See Monell v. New York City Dept. Of Social Servs., 436 U.S. 658, 691 (1978).

The United States Supreme Court has recently clarified that when a plaintiff claims a constitutional violation, "the plaintiff must plead and prove that the defendant acted with discriminatory purpose." Iqbal, 129 S.Ct. at 1949 (holding the respondent's complaint did not state a claim of invidious discrimination).  The plaintiff must show that the defendant, be it a subordinate or superior, acted with purpose to discriminate.  See id.  To act with purpose means more than knowledge of consequences.  See id. (quoting Personnel Adm'r of Mass. V. Feeney, 442 U.S. 256, 279 (1979)).  A defendant must act "'because of'" of the adverse effects

which will befall a plaintiff.  See id.  The complaint must contain allegations that suggest a defendant's "discriminatory state of mind."  Id. at 1952.

The Supreme Court went on to state that a claim must have "facial plausibility," which is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that complaint should have been dismissed because the respondents "did not nudge their claims across the line from conceivable to plausible").  The Supreme Court also reiterated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).  If a district court determines that "there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id. at 1950.  If a plaintiff, however, pleads nothing more than conclusory statements, the door to discovery remains locked.  See id.  Also, a plaintiff who pleads nothing more than the "possibility of misconduct" without alleging a plausible claim, has not stated a claim for relief. See id.

Here, Womack alleges that "[a]ll Defendants "knew of the risks that the use of force, which includes the shackling of inmates [with full restraints], presents to an inmate's health and safety."  Second Amended Compl. (Doc. No. ) ¶¶ 49-50.

10

Womack also alleges that "[a]ll Defendants "knew of, disregarded, and were deliberately indifferent to serious risks of harm and actual harm that they caused Mr. Womack when they shackled him for 26 consecutive days." Id. ¶¶ 51.  He further states that they all violated his Eighth Amendment rights and had the authority to stop the "26-day shackling." Id. ¶¶ 52-54.

To support these conclusory allegations, Womack states that Defendant Smith notified Defendants Lappin, Dodrill, Vanyur, Thomas, Kendig, and Marioana on December 9, 2004, December 20, 2004, and January 4, 2004 in writing about the use of restraints for Mr. Womack.  See id. ¶¶ 64-69.  Womack also alleges that Smith notified Dodrill at least 75 times between December 9, 2004 and January 4, 2004 of the ongoing use of restraints for Womack.  See id. ¶ 69.  Womack complains that they did not stop the use of restraints and did not punish Defendants Oliver, Gabrielson, or Smith.  See id. ¶¶ 70-72.  Womack further contends that Dodrill condoned the use of restraints by denying Womack's grievances that were filed months after he was released from restraints.  See id. ¶ 73.  Lastly, Womack contends that Dodrill and Lappin oversaw BOP policy, and Lappin was on notice from the DOJ Office of Inspector General that proper restraint techniques were not being used by BOP officials.  See id. ¶¶ 78-83.

Iqbal is directly on point.  Womack's allegations of notice and acquiescence are the very same types of allegations that the Supreme Court rejected.  See Iqbal,

11

129 S. Ct. at 1949.  In <u>Iqbal</u>, the Court rejected arguments that the Attorney

General "'knew of, condoned, and willfully and maliciously agreed to subject

[him]' to harsh conditions of confinement 'as a matter of policy, solely on account

of [his] religion, race, and /or national origin and for no penological interest.'"  <u>Id.</u>

at 1951 (alterations in original) (citing Pl.'s Compl. ¶ 96).  Here, Womack claims

the High Ranking BOP officials "knew of, disregarded, and were deliberately

indifferent to serious risks of harm and actual harm" allegedly caused by the use of

restraints.  <u>See</u> Second Am. Compl. (Doc. No. 67) ¶¶ 49-54.  Womack's

allegations are devoid of "purposeful" constitutional violations and do not allege

any of the defendants had the necessary state of mind to injure Womack.

Moreover, the allegations are not plausible.  The claim that Director of the

BOP, the Regional Director of the Northeast Region, the Assistant Director,

Correction Programs Branch, the Assistant Director of the Health Services

Division, the Central Office Correctional Services Administrator, and the Regional

Correctional Services Administrator intended to punish Womack is not plausible.

The fact they were sent notification of the use of restraints does not nudge the

pleading from conceivable to a plausible constitutional violation.

Finally, the fact that an inmate is in restraints for 26 days does not in and of

itself constitute a constitutional violation – let alone a clearly established

constitutional violation.  This Court previously found in its March 26, 2008 Order

12

that Defendants Gabrielson, Smith, Lappin, and Dodrill did not violate Plaintiff's constitutional rights when Womack was placed in restraints for 26 days.  <u>See</u> 03/26/08 Order (Doc. No. 51) at 20 n. 10.   No reasonable prison official would believe that placing an inmate in restraints for 26 days would violate his constitutional rights.

Accordingly, this Court should dismiss the Complaint with prejudice.

## II.    <u>WOMACK'S REQUEST FOR INJUNCTIVE RELIEF FAILS</u>

In his Complaint, Womack requests the Court order Defendants to:

(a) cease the cruel and unjustifiable use of restraints on prisoners; (b) review and if necessary revise prison use of restraint policies; © on an ongoing basis, review employee use of restraints and, if necessary, provide continuing education and training regarding the appropriate use of restraints; (d) pay the costs, including attorney's fees, incurred in bringing this suit and monitoring the injunctive relief; and (e) submit to such other and further relief as may be deemed appropriate by the Court.

### A.    <u>Womack Failed To State A Claim For Injunctive Relief</u>

Womack's Second Amended Complaint contains only conclusory allegations that the entire BOP has improperly applied restraints to inmates.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 555).  Furthermore, his allegation that two inmates were subject to restraints for multiple days does not

state a claim that USP Lewisburg <u>regularly</u> uses shackles as a means of

punishment.  <u>See</u> Second Am. Compl. (Doc. No. 67) ¶¶ 75, 76.  These two

inmates, out of the thousands of prisoners who have resided at USP Lewisburg, do

not nudge the conceivable to the plausible.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.[5]

## B.     **Womack Lacks Standing**

As an inmate with the Department of Corrections in the State of New Jersey,

Womack has no standing to challenge policy at the BOP, let alone USP Lewisburg.

The Supreme Court has held that in order for a plaintiff to have standing to bring

suit, he

> must demonstrate a "personal stake in the outcome." . . . Abstract
> injury is not enough.  The plaintiff must show that he "has sustained
> or is immediate danger of sustaining some direct injury" as a result of
> the challenged official conduct and the injury or threat of injury must
> be both "real and immediate," not "conjectural" or "hypothetical."

<u>Telepo v. Martin</u>, No. 3:08-cv-2132, 2009 WL 2476498, at *8 (M.D. Pa. Aug. 12,

2009 (quoting <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-102 (1983) (internal

citations omitted in original) (internal quotation marks omitted)).  The Third

Circuit, explaining <u>Lyons</u>, stated that "a plaintiff must establish a 'real and

immediate threat that he would again be [the victim of the allegedly

---

[5]Womack identified two cases filed in the Middle District of Pennsylvania in
which judgment was granted in favor of the Defendants.  <u>See</u> Second Am. Compl.
¶¶ 75-76.  Both <u>Howard v. BOP</u>, 3:CV-05-1372 (M.D. Pa.) and <u>Williams v. Smith</u>,
3:CV-05-0890 resulted in judgments for the Defendants.  To cite to unfounded
dismissed allegations does not make the instant complaint more plausible.

unconstitutional practice.]'" Id. (alteration in original) (internal quotation marks omitted) (quoting Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) (quoting Lyons, 461 U.S. at 105)).

In Telepo, this Court rejected a state inmate's request that the defendants arrange for inmates to be able to confidentially meet with their counsel at a particular state institution in Monroe County, Pennsylvania. See id. at *9. The plaintiff was currently residing at another institution, but claimed if an appeal was successful, he would return to Monroe County prison. See id. The Court found the inmate plaintiff had no standing because his claim was based on a hypothetical and conjecture, which is not enough to demonstrate standing. See id.

Here, it is undisputed that Womack is currently housed with the Department of Corrections in the State of New Jersey, and was housed there when he filed his Second Amended Complaint. Womack does not allege he would be subject to future improper treatment by the BOP. A claim that he may return to the BOP or USP Lewisburg would be purely conjecture. Thus, as the Court held in Telepo, Womack lacks standing and this Court should dismiss his claims.[6]

_____

[6]Womack has named every defendant in their official capacity, but other than Defendant Lappin, see Second Am. Compl. (Doc. No. 67) ¶ 79, he does not claim that each defendant, or more precisely, each defendant's office, can implement the equitable relief he requests. It is well settled that an officer holder must have some relation to the regulation called into question. See Ex Parte Young, 209 U.S. 123, 157 (1908). Thus, to the extent this Court finds that Womack has stated a claim for equitable relief and has standing, it should dismiss

15

Accordingly, this Court should dismiss the official capacity claims against Defendants Lappin, Dodrill, Vanyur, Kendig, Thomas, and Marioana.

## III.    THE STATUTE OF LIMITATIONS BARS WOMACK'S CLAIMS AGAINST DEFENDANTS VANYUR, THOMAS, AND MARIOANA

Federal civil rights actions, do not have a specific statute of limitations imposed by Congress. See Wilson v. Garcia, 471 U.S. 261, 267 (1985) (noting there is no Federal statute of limitations in a Bivens action). When such gaps in Federal law occur, it is necessary to look to state law to fill the gaps. Therefore, Federal courts sitting in Pennsylvania have adopted the Commonwealth's two-year personal injury statute of limitations found at 42 Pa. C.S.A. § 5524 in civil rights actions. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Rose v Bartle, 871 F.2d 331, 347 (3d Cir. 1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa. 1996). Title 42 Pa. C.S.A. § 5524 reads:

The following actions and proceedings must be commenced within two years:

   (1)    An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
   (2)    An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
   (3)    An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

---

the official capacity claims against Defendants Dodrill, Vanyur, Thoms, Thomas, and Marioana because they could not implement the relief requested.

16

(4)    An action for waste or trespass of real property.

(5)    An action upon a statute for a civil penalty or forfeiture.

(6)    An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

(7)    Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

(8)    An action to recover damages for injury to a person or for the death of a person caused by exposure to asbestos shall be commenced within two years from the date on which the person is informed by a licensed physician that the person has been injured by such exposure or upon the date on which the person knew or in the exercise of reasonable diligence should have known that the person had an injury which was caused by such exposure, whichever date occurs first.

42 Pa. C.S.A. § 5524; see also Young v. Philadelphia County DA's Office, No. 09-1668, 2009 WL 2445084 (3d Cir. Aug. 11, 2009) (noting cruel and ususal punishment claim is governed by two year statute of limitations of section 5524).

In order to determine a date certain for accrual of the claims, courts turn to Federal law,[7] which provides that a plaintiff's action accrues when a plaintiff knew or should have known all the facts which support his claims.  See, e.g., Smith v. Holtz, 879 F. Supp. 435, 439 (M.D. Pa. 1995).

---

[7]  Although state law is used to determine the period of limitations, Federal law determines accrual of a cause of action.  See Albright v. Oliver, 510 U.S. 266, 280 n. 6 (1994) (Ginsburg, J. concurring); Wilson, 471 U.S. at 276-80; Smith v. Holtz, 879 F. Supp. 435, 439 (M.D. Pa. 1995).

It appears Womack based his allegations against Defendants Vanyur, Thomas, and Marioana on Program Statement 5566.05 ¶ 15, which is the predecessor to Program Statement 5566.06 ¶ 14, which was available on-line, <u>see</u> <u>http://www.bop.gov/DataSource/execute/dsPolicyLoc.</u>[8]  Although Womack may not have had access to a computer, his counsel certainly had access to the internet. Moreover, Defendants provided a hard copy of Program Statement to Womack (at the very latest) on April 25, 2007, as part of their exhibits to the motion for summary judgment.   <u>See</u> Exhibits to Motion for Summary Judgment (Doc. No 28).   Womack should have filed his claim against  Defendants Vanyur, Thomas, Kendig and Marioana, at very least, two years after he filed his original complaint (by December 7, 2008), and at the very latest, April 25, 2009, within two years after the motion for summary judgment was filed.

Womack also cannot allege that his Second Amended Complaint relates back pursuant to Fed. R. Civ. P. 15©.  When a plaintiff adds a new party in an Amended Complaint, the claim must have arisen "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  <u>Id.</u> The plaintiff must also show that the new party received notice of the original

---

[8]There is no difference in the notice requirements of either program statement.  <u>Compare</u> Program Statement 5566.06 ¶ 14 (Ex. A); <u>with</u> Program Statement 5566.05 ¶ 15 (Attach. 24 to Ex. 1 to Motion for Summary Judgment (Doc. No 28)).

complaint within the time required by Fed. R. Civ. P. 4(m) (120 days from the date of the filing of the Complaint) and the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Id. Courts have held "[t]he mistake requirement 'is intended to insure that the new defendant knew or should have known that failure to join was not simply a legal strategy, but that his joinder was a distinct possibility.'" Fields v. J.C. Blake, 349 F. Supp. 2d 910, 918 (E.D. Pa. 2004) (citations omitted).

Here, there appears to be an issue of fact as to whether the claim did arise out of the same set of facts out of the original complaint.

Womack, however, has no evidence that Defendants Vanyur, Thomas, Kendig, and Marioana had notice of this matter within the 120-day time period. Indeed, there is no reason why they would. In addition, there is no reason why Defendants Vanyur, Thomas, Kendig, and Marioana would have notice that Womack mistakenly failed to add them as parties to the original complaint. See id.

Accordingly, this Court should grant Defendants Vanyur, Thomas, Kendig, and Marioana's motion for summary judgment because Womack failed to comply with the applicable two-year statute of limitations.

## VI. Conclusion

19

For the reasons stated above, this Court should grant the High Ranking BOP Officials' motion.

                    Respectfully submitted,

                    DENNIS P. PFANNENSCHMIDT
                    United States Attorney

                    /s/ Michael J. Butler
                    Michael J. Butler
                    Assistant United States Attorney
                    PA 81799
                    Dawn L. Mayko
                    Paralegal Specialist
                    U.S. Attorney's Office
                    228 Walnut Street, 2nd Floor
                    P.O. Box 11754
                    Harrisburg, PA 17108
                    Tel:  717-221-4482
                    Fax: 717-221-2246
                    Michael.J.Butler@usdoj.gov

Dated: August 27, 2009

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | **NO.  1:CV-06-2348** |
| **Plaintiff** | : | |
| | : | **(Conner, J.)** |
| **v.** | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on August 27, 2009, she served a copy of the attached

**DEFENDANTS D. SCOTT DODRILL, HARLEY G. LAPPIN, JOHN VANYUR, MARY ELLEN THOMS, LINDA THOMAS, AND CHUCK MARIOANA'S BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

by filing with the Court's ECF system.

Addressee:
Aaron B. Hewitt                          Deborah Golden
Alexis J. Gilman                          Washington Lawyers Committee
John H. Shenefield                  For Civil Rights & Urban Affairs
Maxine M. Woelfling
Thomas G. Scriven
Andrew C. Whitney
Jamie L. Ghen
Morgan, Lewis & Bockius, LLP
                                    **Attorneys for Plaintiff**

                                    s/ Dawn Mayko
                                    Dawn Mayko, Paralegal Specialist