DCP:MJB:dlm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID LEE WOMACK, | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| JOSEPH V. SMITH, et al., | : | |
| Defendants | : | Filed Electronically |

**DEFENDANT JOHN OLIVER'S BRIEF IN SUPPORT OF
MOTION TO DISMISS INJUNCTIVE CLAIMS
AND MOTION FOR SUMMARY JUDGMENT**

Defendant John Oliver respectfully submits this brief in support of his motion to dismiss and motion for summary judgment. This Court should grant the motion to dismiss to the extent Defendant Oliver is sued in his official capacity, as Plaintiff David Lee Womack does not state a claim for and does not have standing to establish injunctive relief. This Court should grant the motion for summary judgment because the statute of limitations bars Womack's claims.[1]

---

[1] Defendant Oliver notes that Womack has not exhausted his administrative remedies. Because the Court has ordered that discovery proceed on the issue of exhaustion, Defendant Oliver does not argue exhaustion here, but preserves the

## I. Procedural History

Womack is formerly an inmate incarcerated at the United States Penitentiary, in Lewisburg, Pennsylvania (hereinafter "USP Lewisburg"), and currently incarcerated in the state of New Jersey's correctional system.

On December 7, 2006, Womack, through counsel, filed a Bivens[2] action alleging that employees of the Bureau of Prisons (the "BOP") improperly restrained him for twenty-six days. (Doc No. 1). Womack named as defendants, Harley G. Lappin, D. Scott Dodrill, Joseph V. Smith, and Kenneth Gabrielson. (See id.). On February 12, 2009, the Third Circuit Court of Appeals reversed this Court's March 27, 2008 summary judgment order in favor of Defendants. (Doc. No. 54).

On May 29, 2009, Plaintiff filed an Amended Complaint, adding five new Bivens Defendants. Plaintiff added John Oliver, a Captain at USP Lewisburg, and Unnamed BOP Officials. On June 22, 2009, Plaintiff filed the instant Second Amended Complaint, which added John Vanyur, Assistant Director, Correctional Programs Division; Linda Thomas, Central Office Correctional Services

---

right to argue exhaustion after the close of discovery, if necessary.

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Administrator; Mary Ellen Thoms, Assistant Director, Health Services Division (in her official capacity only); and Chuck Marioana, Regional Correctional Services Administrator.

On August 27, 2009, Defendant Oliver filed a motion to dismiss and for summary judgment. This brief supports that motion.

## II. Statement of Facts

Womack claims that he was improperly restrained for twenty-six days. See Second Am. Compl. (Doc. No. 67) ¶¶ 55-63. He contends that Defendant Oliver, as well as Defendants Smith and Gabrielson, kept Womack "in restraints well beyond the time the restraints became unnecessary to serve the legitimate penological purpose." See id. ¶¶ 59. In regards to just Defendant Oliver, Womack contends that on December 20, 2004, Oliver "applied a new set of restraints, including double wrists shackles, and placed him back alone in a secured cell in the SHU." Id. ¶ 26. As to the official capacity claim, Womack contends that two inmates were also restrained for multiple days, and this demonstrates that USP Lewisburg reguarly uses "shackles" as a means of punishment. See id. ¶¶ 74-83.

### III. Question Presented

I.   Whether this Court should dismiss the claims for injunctive relief because Womack fails to state a claim and he lacks standing?

II.  Whether this Court should grant summary judgment to Defendant Oliver because the statute of limitations bar Womack's claims?

**Suggested Answer:** Affirmative.

### IV. Argument

<u>Fed. R. Civ. P. 12(b) (6) Motion to Dismiss Standard</u>

Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. See <u>Leatherman v. Tarrant Cty. Narcotics and Coordination Unit</u>, 507 U.S. 163, 164 (1993); <u>Baraka v. McGreevey</u>, 481 F.3d at 195. When there are well-plead allegations, a court should assume their veracity and then determine whether they plausibly give entitlement to relief. See <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009). Mere conclusions, however, are not entitled to the assumption of truth. See <u>id.</u> There must be factual allegations to support a plaintiff's legal conclusion. See <u>id.</u>; see also <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986); <u>Baraka v. McGreevey</u>, 481 F.3d at 195.

<u>Fed. R. Civ. P. 56 Summary Judgment Standard</u>

Summary judgment is appropriate when supporting materials, such as affidavits and other documentation, show there are no material issues of fact to be

4

resolved and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In Celotex, the Court held that "Rule 56(e) . . . requires that the non-moving party go beyond the pleadings by [his] own affidavits, or by 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56). Additionally, an opposing party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex, 477 U.S. at 325.

I. **WOMACK'S REQUEST FOR INJUNCTIVE RELIEF FAILS**

In his Complaint, Womack requests the Court order Defendants to:

> (a) cease the cruel and unjustifiable use of restraints on prisoners; (b) review and if necessary revise prison use of restraint policies; (c) on an ongoing basis, review employee use of restraints and, if necessary, provide continuing education and training regarding the appropriate use of restraints; (d) pay the costs, including attorney's fees, incurred in bringing this suit and monitoring the injunctive relief; and (e) submit to such other and further relief as may be deemed appropriate by the Court.

   A. **Womack Failed To State A Claim For Injunctive Relief**

Womack's Second Amended Complaint contains only conclusory allegations that the entire BOP has improperly applied restraints to inmates. See Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). Furthermore, his

5

allegation that two inmates were subject to restraints for multiple days does not state a claim that USP Lewisburg <u>regularly</u> uses "shackles" as a means of punishment. <u>See</u> Second Am. Compl. (Doc. No. 67) ¶¶ 75, 76. These two inmates, out of the thousands of prisoners who have resided at USP Lewisburg, do not nudge the conceivable to the plausible. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.[3]

### B. <u>Womack Lacks Standing</u>

As an inmate with the Department of Corrections in the State of New Jersey, Womack has no standing to challenge policy at the BOP, let alone USP Lewisburg. The Supreme Court has held that in order for a plaintiff to have standing to bring suit, he

> must demonstrate a "personal stake in the outcome." . . . Abstract injury is not enough. The plaintiff must show that he "has sustained or is immediate danger of sustaining some direct injury" as a result of the challenged official conduct and the injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical."

<u>Telepo v. Martin</u>, No. 3:08-cv-2132, 2009 WL 2476498, at *8 (M.D. Pa. Aug. 12, 2009 (quoting <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-102 (1983)

---

[3] Womack identified two cases filed in the Middle District of Pennsylvania in which judgment was granted in favor of the Defendants. <u>See</u> Second Am. Compl. ¶¶ 75-76. Both <u>Howard v. BOP</u>, 3:CV-05-1372 (M.D. Pa.) and <u>Williams v. Smith</u>, 3:CV-05-0890 resulted in judgments for the Defendants. To cite to unfounded dismissed allegations does not make the instant complaint more plausible.

(internal citations omitted in original) (internal quotation marks omitted)). The Third Circuit, explaining <u>Lyons</u>, stated that "a plaintiff must establish a 'real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice.]'" <u>Id.</u> (alteration in original) (internal quotation marks omitted) (quoting <u>Brown v. Fauver</u>, 819 F.2d 395, 400 (3d Cir. 1987) (quoting <u>Lyons</u>, 461 U.S. at 105)).

In <u>Telepo</u>, this Court rejected a state inmate's request that the defendants arrange for inmates to be able to confidentially met with their counsel at a particular state institution in Monroe County, Pennsylvania. <u>See id.</u> at *9. The plaintiff was currently residing at another institution, but claimed if an appeal was successful, he would return to Monroe County prison. <u>See id.</u> The Court found the inmate plaintiff had no standing because his claim was based on a hypothetical and conjecture, which is not enough to demonstrate standing. <u>See id.</u>

Here, it is undisputed that Womack is currently housed with the Department of Corrections in the State of New Jersey, and was housed there when he filed his Second Amended Complaint. Womack does not allege he would be subject to future improper treatment by the BOP. A claim that he may return to the BOP or

7

USP Lewisburg would be purely conjecture.  Thus, as the Court held in Telepo, Womack lacks standing and this Court should dismiss his claims.[4]

Accordingly, this Court should dismiss the official capacity claims against Defendant Oliver.

## II. THE STATUTE OF LIMITATIONS BARS WOMACK'S CLAIMS AGAINST DEFENDANT OLIVER

Federal civil rights actions, do not have a specific statute of limitations imposed by Congress.  See Wilson v. Garcia, 471 U.S. 261, 267 (1985) (noting there is no Federal statute of limitations in a Bivens action).  When such gaps in Federal law occur, it is necessary to look to state law to fill the gaps.  Therefore, Federal courts sitting in Pennsylvania have adopted the Commonwealth's two-year personal injury statute of limitations found at 42 Pa. C.S.A. § 5524 in civil rights actions.  See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Rose v Bartle, 871 F.2d 331, 347 (3d Cir. 1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa. 1996).  Title 42 Pa. C.S.A. § 5524 reads:

---

[4] Womack has named every defendant in their official capacity, but other than Defendant Lappin, see Second Am. Compl. (Doc. No. 67) ¶ 79, he does not claim that each defendant, or more precisely, each defendant's office, can implement the equitable relief he requests. It is well settled that an officer holder must have some relation to the regulation called into question.  See Ex Parte Young, 209 U.S. 123, 157 (1908).  Thus, to the extent this Court finds that Womack has stated a claim for equitable relief and has standing, it should dismiss the official capacity claims against Defendant Oliver because he could not implement the relief requested.

The following actions and proceedings must be commenced within two years:

> (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
> (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
> (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.
> (4) An action for waste or trespass of real property.
> (5) An action upon a statute for a civil penalty or forfeiture.
> (6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.
> (8) An action to recover damages for injury to a person or for the death of a person caused by exposure to asbestos shall be commenced within two years from the date on which the person is informed by a licensed physician that the person has been injured by such exposure or upon the date on which the person knew or in the exercise of reasonable diligence should have known that the person had an injury which was caused by such exposure, whichever date occurs first.

42 Pa. C.S.A. § 5524; see also Young v. Philadelphia County DA's Office, No. 09-1668, 2009 WL 2445084 (3d Cir. Aug. 11, 2009) (noting cruel and ususal punishment claim is governed by two year statute of limitations of section 5524).

In order to determine a date certain for accrual of the claims, courts turn to Federal law,[5] which provides that a plaintiff's action accrues when a plaintiff knew or should have known all the facts which support his claims. See, e.g., Smith v. Holtz, 879 F. Supp. 435, 439 (M.D. Pa. 1995).

Womack knew or should have known that Defendant Oliver was involved in the use of Womack's restraints. Oliver is not alleged to have a had a mask on, or prevented Womack from seeing his name-tag. Womack also did not allege in his original complaint (Doc. No. 1) that there were any John Doe Defendants that he could not identify. Indeed, Womack knew Oliver was involved in the matter and listed him in his initial disclosures. See Pl.'s Initial Disclosures (Ex. A) at 5. Accordingly, Womack should have filed his Complaint against Defendant Oliver at least by February 2007 – the date his action accrued because he was out of restraints at this time. His failure to do so dooms his claims.

Womack also cannot allege that his Second Amended Complaint relates back pursuant to Fed. R. Civ. P. 15(c). When a plaintiff adds a new party in an Amended Complaint, the claim must have arisen "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Id.

---

[5] Although state law is used to determine the period of limitations, Federal law determines accrual of a cause of action. See Albright v. Oliver, 510 U.S. 266, 280 n. 6 (1994) (Ginsburg, J. concurring); Wilson, 471 U.S. at 276-80; Smith v. Holtz, 879 F. Supp. 435, 439 (M.D. Pa. 1995).

The plaintiff must also show that the new party received notice of the original complaint within the time required by Fed. R. Civ. P. 4(m) (120 days from the date of the filing of the Complaint) and the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Id.  Courts have held "[t]he mistake requirement 'is intended to insure that the new defendant knew or should have known that failure to join was not simply a legal strategy, but that his joinder was a distinct possibility.'" Fields v. J.C. Blake, 349 F. Supp. 2d 910, 918 (E.D. Pa. 2004) (citations omitted).

    Here, there appears to be an issue of fact as to whether the claim did arise out of the same set of facts out of the original complaint.

    Womack, however, has no evidence that Defendant Oliver had notice of this matter within the 120-day time period.  Indeed, there is no reason why he would.  In addition, there is no reason why Defendant Oliver would have notice that Womack mistakenly failed to add him as a party to the original complaint.  See id.  In his initial disclosures (Ex. A), Womack identifies numerous non-defendant USP Lewisburg employees who were involved with the restraining of Womack, and from that document it would appear Defendant Oliver was not added as a party for a tactical reason.  No other witness, including medical staff identified in the initial disclosures, had been named as a party – there was no reason for Defendant Oliver

11

to think he was mistakenly not included as a party. Thus, the naming of Defendant Oliver does not relate back to the original complaint.

Accordingly, this Court should grant Defendant Oliver's motion for summary judgment because Womack failed to comply with the applicable two-year statute of limitations.

## IV. Conclusion

For the reasons stated above, this Court should grant Defendant Oliver's motion.

                         Respectfully submitted,

                         DENNIS P. PFANNENSCHMIDT
                         United States Attorney

                         /s/ Michael J. Butler
                         Michael J. Butler
                         Assistant United States Attorney
                         PA 81799
                         Dawn L. Mayko
                         Paralegal Specialist
                         U.S. Attorney's Office
                         228 Walnut Street, 2nd Floor
                         P.O. Box 11754
                         Harrisburg, PA 17108
                         Tel: 717-221-4482
                         Fax: 717-221-2246
                         Michael.J.Butler@usdoj.gov

Dated: August 27, 2009

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| **Plaintiff** | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | Filed Electronically |

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on August 27, 2009, she served a copy of the attached

**DEFENDANT JOHN OLIVER'S BRIEF IN SUPPORT OF
MOTION TO DISMISS INJUNCTIVE CLAIMS
AND MOTION FOR SUMMARY JUDGMENT**

by filing with the Court's ECF system.

Addressee:
Aaron B. Hewitt
Alexis J. Gilman
John H. Shenefield
Maxine M. Woelfling
Thomas G. Scriven
Andrew C. Whitney
Jamie L. Ghen
Morgan, Lewis & Bockius, LLP

Deborah Golden
Washington Lawyers Committee
 For Civil Rights & Urban Affairs

**Attorneys for Plaintiff**

s/ Dawn Mayko
Dawn Mayko, Paralegal Specialist