DCP:MJB:dlm

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **JOSEPH V. SMITH, et al.,** | : | |
| Defendants | : | Filed Electronically |

### DEFENDANTS' BRIEF IN SUPPORT OF
### MOTION FOR A PROTECTIVE ORDER

Defendants Joseph V. Smith, former warden of the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), Kenneth Gabrielson, Lieutenant at USP Lewisburg, Harley G. Lappin, Director of the Bureau of Prisons (the "BOP"); D. Scott Dodrill, Regional Director of the BOP; John Vanyur, Assistant Director, Correctional Programs Division; Linda Thomas, Central Office Correctional Services Administrator; Newton Kendig, M.D., Assistant Director, Health Services Division (in his official capacity only); Chuck Marioana, Regional Correctional Services Administrator, and John Oliver, Captain, submit this brief in support of their motion for a protective order.

For judicial economy and the resources of the parties, this Court should stay all discovery until the resolution of the dispositive motion filed by Defendants Lappin, Dodrill, Vanyur, Thomas, Kendig, and Marioana and the dispositive motion filed by Defendant Oliver.  This Court should determine first whether the High Ranking Officials enjoy qualified immunity and whether the statute of limitations bars claims against Defendants Vanyur, Thomas, Kendig, and Marioana, and Oliver before it allows discovery to go forward.  As the High Ranking Officials enjoy qualified immunity, they enjoy immunity from the lawsuit and its discovery burdens.  Thus, they do not have to participate in discovery.  If discovery goes forward with the other defendants and the Court disagrees that the High Ranking Officials have qualified immunity, the High Ranking Officials will be prejudiced because applicable defenses they could raise would not have been raised at depositions and other discovery.  Thus, they would need to seek leave to retake depositions, challenge subpoenas, etc.

The Supreme Court's decision in Iqbal v. Ashcroft, 129 S. Ct. 1937, 1953 (2009) is right on point.  There, the Court stated that the district court erred in a "careful-case-management approach."  See id.  "If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantive diversion that is

attendant to require participating in litigation and making informed decisions as to how it should proceed." Id. The Court specifically noted that "when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." Id. Like, Iqbal, Womack "is not entitled to discovery, cabined or otherwise." Id.

Alternatively, this Court should, at the very least, stay all discovery as to the High Ranking Officials and John Oliver because their dispositive motions have merit, and requiring them to participate in discovery would not be fair and contradictory to the qualified immunity defense.

## I. Background

Womack is formerly an inmate incarcerated at the United States Penitentiary, in Lewisburg, Pennsylvania (hereinafter "USP Lewisburg"), and currently incarcerated in the state of New Jersey's correctional system.

On December 7, 2006, Womack, through counsel, filed a <u>Bivens</u>[1] action alleging that employees of the Bureau of Prisons (the "BOP") improperly restrained him for twenty-six days. (Doc No. 1). Womack named as defendants, Harley G. Lappin, D. Scott Dodrill, Joseph V. Smith, and Kenneth Gabrielson. (<u>See id</u>.). On February 12, 2009, the Third Circuit Court of Appeals reversed this Court's March 27, 2008 summary judgment order in favor of Defendants. (Doc. No. 54).

On May 29, 2009, Plaintiff filed an Amended Complaint, adding five new <u>Bivens</u> Defendants. Plaintiff added J. Oliver, a Captain at USP Lewisburg, and Unnamed BOP Officials. On June 22, 2009, Plaintiff filed the instant Second Amended Complaint, which added Vanyur, Thomas, Marioana, and Mary Ellen Thoms (in her official capacity only).

On August 27, 2009, Defendants Lappin, Dodrill, Vanyur, Thomas, Marioana, Kendig, and Oliver filed dispositive motions with supporting statements of fact and briefs. On August 27, 2009, Defendants Smith and Gabrielson filed an Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint. On August 27, 2009, all defendants filed the instant motion for a protective order. This brief supports that motion.

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

## II. Question Presented

Whether this Court should grant Defendants' motion for a protective order?

**Suggested Answer:** Affirmative.

## III. Argument

This Court should order a protective order because Defendants Lappin, Dodrill, Vanyur, Thomas, Marioana, and Kendig enjoy immunity from the burdens of discovery, and because the statute of limitations bars all claims against them and Defendant Oliver. Rule 26(c) of the Federal Rules of Civil Procedure empowers the Court to issue a wide variety of orders for the protection of parties in the discovery process and applies to all forms of discovery. See Fed. R. Civ. P. 26©; Wright & Miller, 8 Fed. Prac. & Proc. Civil, § 2035 at 260-61. Rule 26(c) was promulgated as a safeguard for the protection of parties in view of the otherwise almost unlimited right of discovery given by Rule 26(b). Wright & Miller, § 2036 at 267.

Upon good cause shown, the person from whom discovery is sought may, by way of motion, seek protection from the Court. See Wright & Miller, § 2035 at 261. The party seeking the protective order has the burden of establishing an adequate reason for the Court to protect it. Wright & Miller, § 2035 at 264-65; see also Essex Wire Corp. v. Eastern Elec. Sales Co., 48 F.R.D. 308, 310 (E.D. Pa. 1969); Davis v. Romney, 55 F.R.D. 337, 340 (E.D. Pa. 1972).

5

Defendants have filed motions based on qualified immunity and the statute of limitations. When a dispositive motion is pending, as in the instant case, discovery can be stayed until the motion is resolved. See Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1932); United Presbyterian Church v. Reagan, 738 F.2d 1375, 1382-83 (D.C. Cir. 1984); Ingram Corp. v. J. Ray McDermott & Co., 698 F.2d 1295, 1302, n. 13 (5th Cir. 1983); Wyatt v. Kaplan, 686 F.2d 276, 284 (5th Cir. 1982); Tamari v. Bache Halsey Stuart, Inc., 619 F.2d 1196, 1203 (7th Cir. 1980); 4 Moore's Federal Practice § 26.69. The purpose is to avoid discovery, and its attendant burdens, until it has been established that the plaintiff has a viable cause of action.

In Hilton v. W.T. Grant Co., 212 F. Supp. 126, 130 (W.D. Pa. 1962), the district court stayed the answering of interrogatories filed by the plaintiff pending disposition of the defendants' motion to dismiss. The court noted that while the necessity of defending unmeritorious litigation is an inescapable burden of life, like taxation, with no method yet devised for escaping this burden, "the burdens incident to the status of a defendant ought not to be augmented until it is certain that the party involved really is properly a defendant." Id.

Most importantly, the United States Supreme Court noted that there is proverbial lock on the door to discovery for those who raise qualified immunity. See Iqbal v. Ashcroft, 129 S. Ct. 1937, 1950 (2009) (holding "Rule 8 marks a

6

notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Womack's allegations in his Second Amended Complaint are deficient, and therefore, this Court should order that the doors remain locked. One of the reasons behind the qualified immunity defense is to prevent government officials from devoting time away from their duties to engage in speculative discovery proceedings. See Id.; Siegart v. Gilley, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").

Although the Third Circuit in Womack v. Smith, 310 F. App'x 547, 551 (3d Cir. Feb. 12, 2009) ordered this case to go forward regarding the allegations in the original complaint, the court was discussing the issues of why Womack was ordered to be in restraints. The Third Circuit was not addressing issues of notification and Womack did not allege the "High Ranking Officials" ordered or placed Womack in restraints. Moreover, the Third Circuit's opinion was issued before Iqbal, and no defendant previously raised the issue of qualified immunity as to the deficiency of the "notice" allegations in the original complaint.

Furthermore, the statute of limitations bars claims against Defendants Vanyur, Thomas, Marioana, Kendig, and Oliver. This Court should not allow

discovery for this stale action against these defendants. Fairness dictates that this Court issue a protective order to save the enormous expense of defending the discovery of these defendants and to ensure that these defendants focus their time on their duties and not unwarranted litigation against them.

Hence, Defendants seek a protective order staying all discovery until the dispositive motions are ruled upon. If discovery is stayed just in part, Defendants Vanyur, Thomas, Marioana, Kendig, and Oliver would be prejudiced by not being participants in that discovery – that is, if their motions are denied, they would need to seek to re-depose certain individuals. It should be noted that Plaintiff has already requested dates for 7 non-defendant witnesses. Because the High Ranking Officials have defenses that are distinct from Defendant Smith and Gabrielson, they would have to re-depose these individuals to assure they can establish their defense (i.e. whether being notified of restraint use demonstrates they are liable) for the record. Alternatively, this Court should stay all discovery as to Defendants Vanyur, Thomas, Marioana, Kendig, and Oliver because they enjoy immunity from suit and/or the statute of limitations bars claims against them.

## IV. Conclusion

For the reason noted above, in the interest of justice, fairness, and judicial economy, this Court should grant a protective order on behalf of Defendants.

Respectfully submitted,

DENNIS P. PFANNENSCHMIDT
United States Attorney

/s/ Michael J. Butler
Michael J. Butler
Assistant United States Attorney
PA 81799
Dawn L. Mayko
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108
Tel:  717-221-4482
Fax: 717-221-2246
Michael.J.Butler@usdoj.gov

Dated: August 27, 2009

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| **Plaintiff** | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on August 27, 2009, she served a copy of the attached

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION FOR A PROTECTIVE ORDER**

by filing with the Court's ECF system.

Addressee:
Aaron B. Hewitt
Alexis J. Gilman
John H. Shenefield
Maxine M. Woelfling
Thomas G. Scriven
Andrew C. Whitney
Jamie L. Ghen
Morgan, Lewis & Bockius, LLP

Deborah Golden
Washington Lawyers Committee
 For Civil Rights & Urban Affairs

**Attorneys for Plaintiff**

s/ Dawn Mayko
Dawn Mayko
Paralegal Specialist