IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID LEE WOMACK**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOSEPH V. SMITH, et al.,**<br><br>**Defendants.** | **JURY TRIAL DEMANDED**<br><br>No. 1:CV-06-2348 CCC<br><br>Judge Christopher C. Conner |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER**

Plaintiff David Lee Womack hereby opposes Defendants' Motion for a Protective Order ("Defendants' Motion," "this Motion," or "the Motion"), which seeks a stay of all discovery in this matter until this Court resolves two defenses – qualified immunity and statute of limitations – asserted in two pending motions.[1] This Motion is yet another effort by Defendants to unduly delay discovery and should be denied because: (1) qualified immunity is not at issue in this case at this time; (2) additional discovery is required to respond to Defendants' statute of limitations argument; and (3) even if qualified immunity were now at issue (which it is not), Mr. Womack has decisively shown he is entitled to full discovery at least as to the original Defendants.

---

[1]  Oppositions to these motions are forthcoming.

## **BACKGROUND**

The Motion represents the third time that Defendants in this case have sought a stay. The Defendants first sought a stay of depositions pending the disposition of their original motion to dismiss or, in the alternative, for summary judgment. *See* Joint Case Management Plan and Proposed Order ¶ 7.0 (Doc. 33). This Court granted that stay because the Defendants raised, among other things, a qualified immunity defense in their dispositive motion. *See* Order, May 16, 2007 (Doc. 37). After the Third Circuit held that this case must move forward, the Court vacated the stay and denied the qualified immunity defense without prejudice to Defendants' right to reassert it at the close of fact discovery. *See Womack v. Smith*, 310 Fed. Appx. 547 (3d Cir. 2009); Order, May 11, 2009, at * 2 (Doc. 58).

After Mr. Womack amended his Complaint, Defendants moved this Court for a stay of all proceedings, except as to their exhaustion defense. *See* Motion for Extension of Time to Respond to Amended Complaint and for Limited Stay by J. Oliver (Doc. 63). This Court denied that motion, briefly finding, among other things, that genuine issues of material fact remain as to several issues in this case. *See* Order, June 17, 2009, at * 2 (Doc. 65).

Defendants now seek to stay all discovery until the resolution of the pending motions to dismiss or, in the alternative, for summary judgment filed by: (a) Defendants Lappin, Dodrill, Vanyur, Thomas, Kendig, and Marioana ("the Lappin

Motion") (Doc. 78); and (b) Defendant Oliver ("the Oliver Motion") (Doc. 81). *See* Mot. for Protective Order at 2. The Defendants assert that, before this Court allows any discovery to go forward, it should determine whether certain Defendants enjoy qualified immunity and whether the statute of limitations bars the claims asserted against the new Defendants. *See* Mot. for Protective Order at 2. Alternatively, Defendants request a stay of all discovery as to Defendants Vanyur, Thomas, Marioana, Kendig, and Oliver. *See* Mot. for Protective Order at 8.

In contrast to Defendants' repeated attempts to impede this case, Mr. Womack has diligently attempted to complete discovery by the deadline set forth by this Court in its June 17 Order. He has issued requests for production of documents and things, interrogatories, requests for admission, and requests for deposition dates. By letter dated August 11, 2009, he identified the deficiencies in Defendants' production of documents and things. Although Defendants promised Mr. Womack that they would respond to the substance of this letter by August 31, 2009, they have failed to do so as of the date of this Opposition. Defendants have also largely ignored Mr. Womack's repeated requests for deposition dates and, in connection with the filing of their motion for protective order, canceled the only deposition to which they had agreed.

# ARGUMENT

This Court has the power to enter a protective order staying discovery only for good cause shown. *See* Fed. R. Civ. P. 26(c)(1). The party seeking the protective order – Defendants – bears the burden of showing that it requires protection. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (denying protective order for moving party's failure to show good cause).

## I.    Qualified immunity is not at issue in this case at this time.

Defendants seek a stay based in part on their reassertion of qualified immunity, an argument which this Court has already determined it will not hear until the close of discovery. *See* Lappin Motion at 5-13; Order, May 11, 2009 at *2 ("The defense of qualified immunity … is DENIED without prejudice to defendants' right to refile a Rule 56 motion reasserting this defense at the close of fact discovery.") (emphasis in the original).[2] Despite the Court's Order, the Lappin Motion inappropriately reasserts this defense at this time. So Defendants' request to seek a stay based on their reassertion of this defense is similarly inappropriate.

## II.   Additional discovery is required to respond to Defendants' statute of limitations arguments.

The only other reason Defendants seek a stay is that the new Defendants have sought summary judgment based on the statute of limitations. *See* Lappin Motion at 16-19; Oliver Motion at 8-12. Defendants' assertion of the statute of

---

[2]    Defendants' Motion is devoid of any reference to the Court's May 11 Order.

limitations raises questions of fact that require Mr. Womack to take further discovery so he may properly defend these pending motions. For example, Mr. Womack needs to take oral and written discovery on the following factual issues: (1) whether the new Defendants "received such notice of the action that it will not be prejudiced in defending on the merits;" and (2) whether the new Defendants "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1(C)(i)-(ii).

Courts should not stay discovery needed to gather facts in defense of a motion because such a stay would prejudice the non-moving party. *See Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); *Chavous v. District of Columbia Financial Resp. and Mgmt. Asst. Auth.,* 201 F.R.D. 1, 2-3 (D.D.C. 2001). This case, in particular, is no exception to this axiom, as the Third Circuit has directed that "the issues raised by Womack are very fact sensitive, and in the absence of his ability to depose defendants and complete discovery, his ability to develop facts in opposition to the motion was significantly impaired." *Womack v. Smith*, 310 Fed. Appx. at 551. Here, the alternative stays that the Defendants request would prejudice Mr. Womack because he must take discovery of the new Defendants to defend the Lappin and Oliver Motions.

### III. Mr. Womack is entitled to discovery from the original Defendants regardless of the Court's ruling on the pending motions.

At a minimum, discovery should not be stayed if a pending motion is not dispositive of the entire case or at least dispositive of the issue on which discovery is sought. *See Pacific Lumber Co. v. National Union Fire Ins. Co.*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003). Here the pending motions are not dispositive as to many aspects of the case. First, Defendants Smith and Gabrielson are not parties to the pending motions, so claims against them will proceed regardless of the outcome. Second, this Court has ruled that, despite the repeated attempts of the original Defendants to raise the qualified immunity defense, claims against them will proceed through the close of discovery. *See* Defendants' Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. 26); Order, May 11, 2009 (denying Defendants' attempt to reassert the qualified immunity and *respondeat superior* defenses).[3] Indeed, the only possible dispositive issue for which discovery is sought is the statute of limitations defense, which, as discussed above, only relates to the new Defendants and requires Mr. Womack to take further discovery.

Even if the Court stays discovery as to the new Defendants based on their assertion of qualified immunity, proceeding with full discovery as to the original

---

[3] Despite the Court's Order of May 11, 2009, Defendants Lappin and Dodrill have again asserted the defense of qualified immunity in the Lappin Motion.

6

Defendants will not prejudice the new Defendants. First, the new Defendants will not incur additional burdens by the litigation, because they will not be exposed to discovery (other than that relating to the statute of limitations defense, to which Mr. Womack is entitled, regardless of whether the new Defendants are allowed to proceed on qualified immunity).

Second, there are no additional burdens of having the new Defendants represented at depositions that will proceed regardless of the outcome of their pending motions, because the new and original Defendants are represented by the same counsel. Counsel for Defendants would presumably be able to prepare for the depositions in the same amount of time, and Defendants' interests at the depositions would be protected. Defendants provided no evidence or rationale for how they would be burdened by proceeding with the depositions that Mr. Womack has been requesting for months.

Third, the new Defendants will not be required to re-depose certain individuals if the Court stays discovery as to them and they lose the pending motions. Defendants fail to identify which individuals they will need to re-depose, so they have failed to specify good cause for a stay in this regard. Moreover, Defendants mislead the Court in stating that "the High Ranking Officials have defenses that are distinct from Defendant Smith and Gabrielson." Mot. for Protective Order at 8. The defenses of the new and original Defendants for which

the new and original Defendants will need depositions are the same: original Defendants Lappin and Dodrill share the same defenses as new Defendants Vanyur, Thomas, Marioana, and Kendig; and original Defendants Smith and Gabrielson share the same defenses as new Defendant Oliver.  *Cf.* Mot. for Protective Order at 8.  The new Defendants will not need to re-depose certain witnesses if the stay is denied.

## CONCLUSION

For these reasons, the Court should deny the Defendants' Motion and allow the parties to proceed with discovery.

Dated:  September 14, 2009                    By:  /s/ Aaron B. Hewitt

Aaron B. Hewitt
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC  20004
202.739.3000
202.739.3001 (fax)

Deborah M. Golden
**WASHINGTON LAWYERS COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
202.319.1000
202.319.1010 (fax)

Jamie L. Ghen
Andrew C. Whitney
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market St.
Philadelphia, PA 19103
215.963.5000
877.432.9652 (fax)

Maxine M. Woelfling
**MORGAN, LEWIS & BOCKIUS LLP**
17 North Second Street, Suite 1420
Harrisburg, PA 17101-1604
717.237.5000
717.237.5001 (fax)

*Attorneys for Plaintiff David Lee Womack*

## **CERTIFICATE OF SERVICE**

I, Aaron B. Hewitt, hereby certify that on this 14th day of September, 2009, a copy of **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** was served via electronic court filing on the following party:

>Michael Butler
>United States Attorney's Office
>228 Walnut Street, Suite 220
>Harrisburg, PA 17108
>Michael.J.Butler@usdoj.gov


>/s/ Aaron B. Hewitt