DCP:MJB:dlm

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **JOSEPH V. SMITH, et al.,** | : | |
| Defendants | : | Filed Electronically |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF**
**MOTION FOR A PROTECTIVE ORDER**

Defendants Joseph V. Smith, former warden of the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), Kenneth Gabrielson, Lieutenant at USP Lewisburg, Harley G. Lappin, Director of the Bureau of Prisons (the "BOP"); D. Scott Dodrill, Regional Director of the BOP; John Vanyur, Assistant Director, Correctional Programs Division; Linda Thomas, Central Office Correctional Services Administrator; Newton Kendig, M.D., Assistant Director, Health Services Division (in his official capacity only); Chuck Marioana, Regional Correctional Services Administrator, and John Oliver, Captain, submit this reply brief in support of their motion for a protective order.

In his opposition brief, Plaintiff David Lee Womack erroneously complains that the Defendants are impeding his efforts of discovery. What Womack fails to recognize is that he more than doubled this lawsuit by filing a stale Second Amended Complaint (two and half years after his original complaint) that added numerous high ranking officials who enjoy qualified immunity. Moreover, in his opposition brief, Womack does not even address the Supreme Court's recent decision in Iqbal v. Ashcroft, 129 S. Ct. 1937, 1953 (2009). His failure to address Iqbal is telling. This Court should grant the motion and not engage in a careful case management approach to ensure the defense of qualified immunity is protected and a stale complaint is dismissed.

### I. Reply to Womack's Background

In his background section, Womack makes note of the February 12, 2009 Third Circuit Court of Appeals decision, which reversed this Court's March 27, 2008 summary judgment order in favor of Defendants. (Doc. No. 54). In that opinion, the Third Circuit was addressing this Court's finding in a footnote of whether a constitutional violation occurred – not whether the defendants enjoyed qualified immunity. See Doc. No. 54 at 7-8. In Pearson v. Callahan, 129 S. Ct. 808, 822 (2009), the United States Supreme Court held that a district court may first determine whether the constitutional right was clearly established, and

therefore, a district court may not even have to address whether a defendant violated a constitutional right.

Moreover, the issues addressed by the Third Circuit and this Court did not involve whether the High Ranking Officials committed a constitutional violation by simply not acting upon notice of the restraints. The decision in Iqbal (May 18, 2009) was reached after this Court and the Third Circuit's decision, but before Womack filed his Second Amended Complaint (May 29, 2009). The High Ranking Officials and Defendant John Oliver were also not served and/or not represented by counsel at the time the previous requests for immunity and discovery protection were filed.

Finally, Womack stated that Defendants have attempted to impede this case, and "Mr. Womack has diligently attempted to complete discovery." See Opp. Br. (Doc. No. 87) at 3. This is not accurate. After the remand from the Third Circuit, this case has been in discovery since at least May 7, 2009. See 05/11/09 Order (Doc. No. 58). Defendants Lappin, Dodrill, Gabrielson, and Smith timely responded to Plaintiff's discovery on June 19, 2009. In addition, on June 29, 2009, Defendants supplemented their initial disclosures. It was not until August 11, 2009, that Womack alleged he had issues with Defendants' responses to discovery. Moreover, it was also around this same time that Womack began to

3

request depositions, depositions of almost 15 people, including defendants who were not represented at the time. Nonetheless, to date, Defendants have produced, with or without discovery requests, over 4,000 pages in documents to Womack. Defendants have not impeded this case, and Defendants Gabrielson and Smith look forward to resuming discovery after the Court dismisses the High Ranking Officials and Defendant Oliver.

## II. Reply Argument

### A.  Qualified Immunity is at issue in this case at this time.

There are two separate and equally meritorious qualified immunity arguments in this matter. The first argument, which was raised in Defendants Lappin, Dodrill, Smith, and Gabrielson's response to the original complaint, is that Defendants did not violate a clearly established right by restraining Womack. See, e.g., 04/27/07 Br. In Supp. Of Mot For S.J. (Doc. No. 26) at 19-21. The second argument, which was raised by the High Ranking Officials and which the United States Supreme Court addressed in Iqbal, 129 S. Ct. at 1946, regards whether the High Ranking Officials purposefully violated Womack's constitutional rights by simply being notified of the restraints. See 08/27/09 Br. In Supp. Of Mot For S.J. (Doc. No. 78) at 6-13. Womack's claim that Defendants are inappropriately asserting a previous defense thus has no merit. The High Ranking Officials have

4

never raised qualified immunity before, they have the right to raise it now, and this Court should grant the motion for a protective order and ultimately award judgment to the High Ranking Officials.

> **B.  No discovery will show that this matter relates back to the original complaint pursuant to Fed. R. Civ. P. 15(c).**

Although required to have a basis for amending his Complaint under Fed. R. Civ. P. 11(b)(2), Womack offers no argument why any of the Defendants would have notice of this lawsuit or have thought it was a mistake for them not to be named in this lawsuit.  See Dowling v. City of Philadelphia, 855 F.2d 136, 139-140 (3d Cir. 1988) (noting a Fed. R. Civ. P. 56(f) affidavit must include "what particular information is sought; how, if uncovered it would preclude summary judgment; and why it has not previously been obtained") (citations omitted). Essentially, Womack wants to engage in a fishing expedition.

Womack offers no answer why the high ranking officials would believe that they should have been named in a lawsuit, when their only involvement was being sent written notification of restraints.  Womack offers no precedent that holds any high ranking official liable in a lawsuit for just being notified of a constitutional violation – indeed there is authority to the contrary in Iqbal.  Womack also offers no answer as to why Defendant Oliver would think he should have been named in the lawsuit when Womack had evidence of his involvement in the matter years

5

before the Second Amended Complaint, but failed to name him as a Defendant. Indeed, Womack had evidence of the involvement of each defendant, no matter how minuscule that involvement was, but he failed to name the individual defendants as parties. See 08/27/09 Br. In Supp. Of Mot For S.J. (Doc. No. 78) at 17-19.

Why Womack waited so long to name these new Defendants has not been answered.

### C. Womack has not addressed Iqbal's proscription against engaging in a careful case management approach.

Curiously, Womack does not address the United States Supreme Court's decision in Iqbal, but relies on a 2003 Northern District of California case to support his claim that he is entitled to discovery to at least the original defendants. Womack sets forth the very type of careful case management plan in his brief that the Iqbal Court rejected. In Iqbal, the Court held that "when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." Id.

6

Womack essentially argues that because all defendants are represented by the same counsel, all defendants interests would be represented at depositions, etc. Womack's claims against the Gabrielson, Oliver, and Smith, however, are separate and distinct from the claims against the High Ranking Officials, and each individual defendant has their own separate defenses.  Qualified immunity is the immunity from the lawsuit itself.  Allowing discovery in a limited capacity, would require the High Ranking Officials to either take a proactive role or the prejudicial no role at all, allowing the matter to be slanted against them.

This case involves the issues of whether the restraints in and of themselves were a violation of the constitution and whether simply notifying someone of the restraints would be a purposeful constitutional violation.  Thus, discovery regarding any notification to the High Ranking Officials would be irrelevant to the issue of whether placing someone in restraints would violate the constitution.

Womack could limit his discovery as to just the restraints, but if the Court denies the High Ranking Officials' motion, the parties would have to reduplicate their efforts to investigate the notice claims - i.e. renotice depositions, etc. Womack could also seek discovery about notice, despite the qualified immunity motion pending, but that would require that the High Ranking Officials take time away from their schedules contrary to <u>Elder v. Holloway</u>, 510 U.S. 510, 514 (1994), to either attend the depositions or help their counsel prepare for the

depositions so that their counsel can ask questions or assert defenses on their behalf, i.e., whether they even received the alleged notification.  In any careful case management approach, the purpose behind qualified immunity is destroyed. See Iqbal, 129 S. Ct. at 1953.

### IV. Conclusion

For the reason noted above and in Defendants' initial brief, and in the interest of justice, fairness, and judicial economy, this Court should grant a protective order on behalf of Defendants.

                Respectfully submitted,

                DENNIS P. PFANNENSCHMIDT
                United States Attorney

                /s/ Michael J. Butler
                Michael J. Butler
                Assistant United States Attorney
                PA 81799
                Dawn L. Mayko
                Paralegal Specialist
                U.S. Attorney's Office
                228 Walnut Street, 2nd Floor
                P.O. Box 11754
                Harrisburg, PA 17108
                Tel:  717-221-4482
                Fax: 717-221-2246
                Michael.J.Butler@usdoj.gov

Dated: September 16, 2009

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| **Plaintiff** | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | Filed Electronically |

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 16, 2009, she served a copy of the attached

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION FOR A PROTECTIVE ORDER**

by filing with the Court's ECF system.

<u>Addressee</u>:
Aaron B. Hewitt                    Deborah Golden
Alexis J. Gilman                   Washington Lawyers Committee
John H. Shenefield                  For Civil Rights & Urban Affairs
Maxine M. Woelfling
Thomas G. Scriven
Andrew C. Whitney
Jamie L. Ghen
Morgan, Lewis & Bockius, LLP

**Attorneys for Plaintiff**

                                        s/ Dawn Mayko
                                        Dawn Mayko
                                        Paralegal Specialist