# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID LEE WOMACK**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOSEPH V. SMITH, et al.,**<br><br>**Defendants.** | **JURY TRIAL DEMANDED**<br><br>No. 1:CV-06-2348 CCC<br><br>Judge Christopher C. Conner<br><br>Filed Electronically |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS D. SCOTT DODRILL, HARLEY G. LAPPIN, JOHN VANYUR, NEWTON KENDIG, LINDA THOMAS, AND CHUCK MARIOANA'S BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT, OR <u>ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff David Lee Womack hereby opposes Defendants D. Scott Dodrill, Harley G. Lappin, John Vanyur, Newton Kendig, Linda Thomas, and Chuck Marioana's Motion to Dismiss, or Alternatively, for Summary Judgment ("the Motion").

Peter E. Halle
Aaron B. Hewitt
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC  20004
202.739.3000

Deborah M. Golden
**WASHINGTON LAWYERS COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
202.319.1000

Jamie L. Ghen
Andrew C. Whitney
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market St.
Philadelphia, PA 19103
215.963.5000

Maxine M. Woelfling
**MORGAN, LEWIS & BOCKIUS LLP**
17 North Second Street, Suite 1420
Harrisburg, PA 17101-1604
717.237.5000

# TABLE OF CONTENTS

I.   Introduction ....................................................................................1

II.  Procedural History ..........................................................................3

III. Statement of Facts ...........................................................................5

IV.  Argument........................................................................................7

   A.  Legal Standard ...........................................................................7

     1.  Motion to Dismiss ................................................................7

     2.  Summary Judgment...............................................................7

   B.  The High Ranking Defendants Do Not Enjoy Qualified Immunity...............8

     1.  The Third Circuit and This Court Have Consistently and Properly
     Refused to Apply Qualified Immunity................................................8

     2.  The Second Amended Complaint Shows that Defendants Are Not
     Entitled to Qualified Immunity. ........................................................9

       a.  The Right Was Clearly Established.....................................10

       b.  The Conduct Violated this Right. .......................................11

   C.  Mr. Womack's Claim for Injunctive Relief Does Not Fail. ..........................14

     1.  Mr. Womack Stated a Claim for Injunctive Relief. ..................................15

     2.  Mr. Womack Has Standing to Bring a Claim for Injunctive Relief. .........17

       a.  A Facial Challenge Fails........................................................18

       b.  A Factual Challenge Fails......................................................20

   D.  The Second Amended Complaint Relates Back to the Complaint................23

     1.  Under Rule 15(c)(2), Mr. Womack Does Not Need to Prove Notice........24

     2.  The New Defendants Have Failed to Meet Their Burden on
     Summary Judgment......................................................................26

V.   Conclusion.....................................................................................29

# TABLE OF AUTHORITIES

## FEDERAL CASES

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009)……………………………………………………7, 10, 14

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)………………………………………………………7, 14, 17

Banks v. Nicklin,
    2007 U.S. Dist. LEXIS 71399……………………………………………………….9

Brown v. Fauver,
    819 F.2d 295 (3d. Cir. 1987)…………………………………………………….17

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983)……………………………………………………………17

Farmer v. Brennan,
    511 U.S. 825 (1994)…………………………………………………………..10

Fludd v. U.S. Secret Serv.,
    102 F.R.D. 803 (D.D.C. 1984)………………………………………………..26

Foster v. Morris,
    208 Fed. Appx. 174 (3d. Cir. 2006)…………………………………………..27

Gould Electronics Inc. v. United States,
    220 F.3d 169 (3d. Cir. 2000)………………………………………..18-21, 23

Ish Yerushalayim v. U.S. Dep't of Corr.,
    374 F.3d 89 (2d Cir. 2004)……………………………………………………26

Johnson v. Sawyer,
    640 F. Supp. 1126 (S.D. Tex. 1986)……………………………………………26

Kanter v. Barella,
    489 F. 3d 170 (3d Cir. 2007)………………………………………….....7

Mincy v. Deparlos,
    2009 U.S. Dist. LEXIS 73604 (M.D. Pa. 2009)……………………..7, 11, 17

Montgomery v. S.I.A. Johnson,
    2008 U.S. Dist. LEXIS 74256 (W.D. Va. Sept. 27, 2008)…………....…25

O'Shea v. Littleton,
    414 U.S. 488 (1974)…………………………………………………..17

Pearson v. Callahan,
    129 S. Ct. 808 (2009)……………………………………………..…8

Petroleos Mexicanos Refinacion v. M/T King A (EX-TBILISI),
    377 F.3d 329 (3d. Cir. 2004)………………………………………….17

Pope v. Bond,
    641 F. Supp. 489 (D.D.C. 1986)…………………………………..25-26

Rode v. Dellarciprete,
    845 F. 2d 1195 (3d. Cir. 1988)…………………………………….11

Sadler v. Young,
    325 F. Supp. 2d 689 (W.D. Va. 2004)…………………………….12

Saucier v. Katz,
    533 U.S. 194 (2001)…………………………………………………9

Telepo v. Martin,
    2009 U.S. Dist. LEXIS 70578 (M.D. Pa. Aug. 12, 2009)…………....19-20

Wilson v. Layne,
    526 U.S. 603 (1999)………………………………………………....9

Wishkin v. Potter,
    476 F.3d 180 (3d Cir. 2007)………………………………………8

Womack v. Smith,
    310 Fed. Appx. 547 (3d Cir. 2009)………………………………...3, 8, 10

## FEDERAL RULES OF CIVIL PROCEDURE

8(a)……………………………………………………………………………7

12(b)(1)…………………………………………………………………...17-18

12(b)(6)……………………………………………………………………7, 18

15(c)(1)…………………………………………………………………...23-25

15(c)(2)……………………………………………………………2, 24-25, 28

56(c)…………………………………………………………………………8, 27

56(f)……………………………………………………………...................28

## MISCELLANEOUS

Bureau of Prisons Program Statement 5217.01………………………………….6

Middle District of Pennsylvania Local Rule 56.1………………………...27

## I.    INTRODUCTION

The Motion must be denied because: (1) Defendants Dodrill, Lappin, Vanyur, Kendig, Thomas, and Marioana ("the High Ranking Defendants") do not enjoy qualified immunity; (2) Mr. Womack's claim for injunctive relief does not fail; and (3) the Second Amended Complaint ("SAC") (Docket No. 67) relates back to the original Complaint (Docket No. 1).

First, the High Ranking Defendants do not enjoy qualified immunity. The Third Circuit and this Court have consistently and properly denied its application to case such as this, and – regardless – the SAC demonstrates that the High Ranking Defendants are not entitled to qualified immunity.  Under well established Supreme Court precedent interpreting the Eighth Amendment, prison officials are prohibited from acting or not acting with deliberate indifference to a substantial risk of harm to an inmate.  The SAC specifically describes how the High Ranking Defendants were personally involved in the deprivation of Mr. Womack's clearly established Eighth Amendment right.  Consequently, the SAC's factual allegations to this effect – which must be accepted as true – establish a plausible right of relief.

Second, Mr. Womack's claim for injunctive relief does not fail.  Mr. Womack has amply alleged facts that raise a plausible right to injunctive relief, as he has alleged that all Defendants unconstitutionally punished him and other inmates and that this treatment amounts to Bureau of Prisons ("BOP") policy.  In

addition, Mr. Womack has alleged – among other things – that he continues to remain in BOP custody, and he has provided evidence that shows he faces an immediate threat of again being the victim of similar unconstitutional treatment. As a result, Defendants Vanyur, Thomas, Kendig, and Marioana's ("the New Defendants") facial and factual attacks on this Court's subject matter jurisdiction fail.

Third, the statute of limitations does not bar claims against the New Defendants, because the SAC relates back to the original Complaint. Fed. R. Civ. P. 15(c)(2) does not require Mr. Womack to prove the New Defendants had notice of the original Complaint, because the New Defendants and Defendants Lappin, Dodrill, Smith and Gabrielson ("the Original Defendants") are government officials, and the challenged conduct in both Complaints is the same. In addition, the New Defendants have failed to meet their burden on summary judgment in establishing that there are no genuine issues of fact.

## II.    PROCEDURAL HISTORY

On December 7, 2006, Mr. Womack filed this action alleging that the Original Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.  Docket No. 1.

On April 27, 2007, the Original Defendants filed a Motion to Dismiss, or Alternatively, for Summary Judgment, asserting, among other things, the defenses of qualified immunity and *respondeat superior*.  Docket Nos. 23, 26.

On March 26, 2008, this Court granted summary judgment in favor of the Original Defendants.  Docket No. 50.

On February 12, 2009, the Third Circuit reversed this Court's March 26 order. *Womack v. Smith*, 310 Fed. Appx. 547 (3d Cir. 2009).

On May 11, 2009, this Court denied the defenses of qualified immunity and *respondeat superior* without prejudice to defendants' right to refile a Rule 56 motion reasserting these defenses at the close of fact discovery.  Docket No. 58.

On May 29, 2009, Mr. Womack filed an Amended Complaint, adding Defendant J. Oliver and four unnamed defendants.  Docket No. 62.  On June 22, 2009, Mr. Womack filed the instant Second Amended Complaint ("SAC"), naming Defendants Vanyur, Thomas, Marioana, and Mary Ellen Thoms (the "New Defendants").  Docket No. 67.  All Defendants except Defendant Thoms are sued

in both official and individual capacities, while Defendant Thoms is sued only in her official capacity.

On August 27, 2009, Defendants Dodrill, Lappin, Vanyur, Kendig, Thomas, and Marioana (the "High Ranking Defendants") filed a Motion to Dismiss the Second Amended Complaint, or Alternatively, for Summary Judgment. Docket No. 77. In the accompanying brief ("Dodrill Brief"), the High Ranking Defendants stated that as Defendant "Thoms … is deceased, Newton Kendig, M.D., hereby is substituted as a party." Docket No. 78.

## III.   STATEMENT OF FACTS

Because the Court has been previously and thoroughly briefed on the underlying facts giving rise to this case, it is not necessary to recount them in detail again.  Accordingly, this statement identifies facts relevant to the new argument that, as a factual matter, Mr. Womack does not have standing to sue for injunctive relief from the BOP because he is housed with the Department of Corrections in the State of New Jersey, and "a claim that he may return to the BOP or USP Lewisburg would be purely conjecture."  Dodrill Br. p. 14.

Many facts relate to Mr. Womack's standing to sue for injunctive relief.  The Original Defendants have already admitted in this case that Mr. Womack has been in the custody of the BOP since 1999.  Plaintiff's Response to Defendants D. Scott Dodrill, Harley G. Lappin, John Vanyur, Newton Kendig, Linda Thomas, and Chuck Marioana's Statement of Material Facts ("SOF"), ¶ 1.  In addition, Mr. Womack is listed as an inmate on the BOP's website, *id*., ¶ 2; he has a representative with the BOP to whom he must address his requests, *id*., ¶ 3; and the BOP is still responsible for his healthcare.  *Id.*, ¶ 4.

Moreover, although Mr. Womack currently resides in a New Jersey Department of Corrections facility, he was placed there by the BOP, and he is still under the authority of the BOP.  *Id.*, ¶¶ 1, 5-7.  The BOP has "exclusive discretion to assign, or to transfer, any prisoner to any facility."  *Id.*, ¶ 1.  Indeed, Mr.

Womack's return to a BOP facility is not "purely conjecture," as stated by the High Ranking Defendants – Mr. Womack recently received notice that he is being transferred to the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield"), a BOP facility. *Id.*, ¶¶ 8, 9. Including this upcoming transfer, the BOP has assigned Mr. Womack to at least five facilities since he has been under its authority. *Id.*, ¶ 10.

In addition, the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg"), is in the process of being converted to a "Special Management Unit" ("SMU"). *Id.*, ¶ 11, 12. This will be the only such facility in the country. *Id.* The SMU at Lewisburg is being created specifically for "inmates who prove too troublesome to manage." *Id.*, ¶ 11; *see also id.*, ¶ 12. According to BOP Program Statement 5217.01, an inmate "whose interaction requires greater management to ensure the safety, security, or orderly operation of [BOP] facilities" may be designated to the SMU. *Id.*, ¶ 13. Inmates who have "a history of serious and/or disruptive disciplinary infractions" meet the criteria for designation to the SMU. *Id.* As do inmates who require "greater management." *Id.* In this action, the Defendants have characterized Mr. Womack as someone who "abuse[s] BOP rules and regulations," someone who has a "history of disciplinary violations, purported suicide attempts, and disruptive behavior," and someone who has demonstrated "extremely poor adjustment and misconduct." *Id.*, ¶¶ 14-16.

## IV.    ARGUMENT

### A.    LEGAL STANDARD

#### 1.    MOTION TO DISMISS

"When ruling on a motion to dismiss under *Rule 12(b)(6)*, the court must 'accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.'"  *Mincy v. Deparlos*, 2009 U.S. Dist. LEXIS 73604 at *6 (M.D. Pa. 2009) (J. Conner) (*quoting Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)).  "The plaintiff must present facts that, if true, demonstrate a plausible right to relief."  *Mincy*, 2009 U.S. Dist. LEXIS 73604 at *6-7 (citing Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "Courts should not dismiss a complaint for failure to state a claim if it contains 'enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'"  *Mincy*, 2009 U.S. Dist. LEXIS 73604 at *7 (*quoting Twombly, 550 U.S. at 556*).

#### 2.    SUMMARY JUDGMENT

A court may grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor. *See Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

### B. THE HIGH RANKING DEFENDANTS DO NOT ENJOY QUALIFIED IMMUNITY.

#### 1. THE THIRD CIRCUIT AND THIS COURT HAVE CONSISTENTLY AND PROPERLY REFUSED TO APPLY QUALIFIED IMMUNITY.

After carefully considering the arguments on appeal, the Third Circuit declined to apply qualified immunity and ordered this case to proceed. *See Womack v. Smith*, 310 Fed. Appx. 547 (3d Cir. 2009). In its decision, the Third Circuit expressly recognized that qualified immunity was at issue in this case. *Id.* at 549. It then went on to order the case to proceed because, "if believed, Womack's evidence, taken as a whole, creates a disputed issue of fact as to whether prison officials were deliberately indifferent to an excessive risk to Womack's health." *Id.* at 551. Considering that qualified immunity is immunity from suit, *see Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009), and the Third Circuit ordered this suit to proceed, applying qualified immunity at this stage would flout the Third Circuit's ruling in this case.

In addition, this Court refused to allow Defendants to reassert qualified immunity until after the close of discovery.  At a status conference held on May 7, 2009, Defendants requested the Court to rule on qualified immunity, but the Court, in a May 11, 2009 order ruled that "the defense of qualified immunity, raised by all defendants in the motion for summary judgment, is DENIED without prejudice to defendants' right to refile a Rule 56 motion reasserting this defense at the close of discovery."  Doc. 58 (emphasis in the original).  Discovery has not closed, but the Defendants have again raised this same issue.  For the same reasons that the Court considered in its May 11 Order, the Court must deny the High Ranking Defendants' motion to dismiss.

      **2.**    **THE SECOND AMENDED COMPLAINT SHOWS THAT DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.**

Even if the Court considers Defendants' qualified immunity argument now, it must fail because Mr. Womack has sufficiently alleged facts showing Defendants violated a clearly established right of which a reasonable person would have known.  *See Banks v. Nicklin*, 2007 U.S. Dist. LEXIS 71399 at *21 (citing *Wilson v. Layne,* 526 U.S. 603, 609 (1999); *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001)).  To enjoy qualified immunity, the Defendants must show: (1) that the right was not clearly established at the time the challenged conduct occurred; or (2) that

the officer's conduct did not violate a constitutional right.  *See Pearson*, 129 S. Ct. at 818.

###    a.    THE RIGHT WAS CLEARLY ESTABLISHED.

In *Farmer v. Brennan*, the Supreme Court held that prison officials violate the Eighth Amendment's prohibition of cruel and unusual punishment when they act or fail to act with deliberate indifference to a substantial risk of serious harm to a prisoner.  *See* 511 U.S. 825, 836 (1994).  Indeed, the Third Circuit has already identified that this is the clearly established right that applies to this case.  *See Womack*, 310 Fed. Appx. at 551.  In addition, because this right was articulated by the Supreme Court more than ten years before the facts giving rise to this case, there is little doubt that it was clearly established at the time of the violation.  This is the only right that Mr. Womack is seeking to vindicate in this case, and it applies equally to both sets of Defendants – Original and New.

This Court should deny the High Ranking Defendants' request to require Mr. Womack to plead "discriminatory purpose," a standard which is used in First and Fifth – not Eighth – Amendment cases.  *See* Dodrill Brief, pp. 9-10 (citing *Iqbal*, 129 S. Ct. at 1949).  *Iqbal* plainly states that "the factors necessary to establish a *Bivens* violation *will vary with the constitutional provision at issue*.  Where the claim is invidious discrimination in contravention of the First and Fifth Amendments, our decisions make clear that the plaintiff must plead and prove that

the defendant acted with discriminatory purpose." 129 S. Ct. at 1948 (emphasis added).  *Iqbal* arose in the context of a claim of invidious discrimination in violation of the First and Fifth Amendments, so "discriminatory purpose" was the appropriate standard to apply in that case.  Mr. Womack claims cruel and unusual punishment in violation of the Eighth Amendment, so "deliberate indifference" applies here.

### b.    THE CONDUCT VIOLATED THIS RIGHT.

Contrary to the High Ranking Defendants' principal argument, the SAC sufficiently alleges that all Defendants – Original and New – personally violated Mr. Womack's constitutional right.  In civil rights cases, plaintiffs may show a supervisor's personal involvement through "knowledge of and acquiesce[nce] in a subordinate's violations."  *Mincy*, 2009 U.S. Dist. LEXIS 73604 at *10; *see Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d. Cir. 1988).  Mr. Womack amply alleges that the High Ranking Defendants had knowledge of and acquiesced in their subordinates' violations of his Eighth Amendment right.  So the claims are not based on a theory of *respondeat superior.*

In particular, Mr. Womack alleges that: (1) during his shackling, the High Ranking Defendants were informed on multiple occasions that, despite his compliance, he was being shackled while held in a secured cell for an extended period of time; and (2) they determined to keep him in restraints and allowed the

shackling to continue. *See Sadler v. Young*, 325 F. Supp. 2d 689, 708 (W.D. Va. 2004) (holding prison official personally liable when he was informed through written reports of his subordinates' use of excessive force on inmates and did nothing to stop the abuses). For example, Mr. Womack alleges:

64. Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas, and Marioana actively participated in the decision-making and monitoring process on the use of restraints on Mr. Womack.

65. Prison staff reported the use of force to Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas, and Marioana on multiple occasions during Mr. Womack's 26-day shackling.

66. On December 9, 2004, Defendant Smith informed Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas, and Marioana in writing that: (a) Defendant Smith authorized the use of force on Mr. Womack by placing Mr. Womack in restraints while housed in a secure cell in the SHU; and (b) Mr. Womack was compliant when he was placed in restraints and in a secure cell.

67. On December 20, 2004, Defendant Smith informed Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas, and Marioana in writing that: (a) Defendant Smith authorized the continued use of force on Mr. Womack because Mr. Womack broke his restraints; (b) Defendant Smith had already held Mr. Womack in restraints for over ten consecutive days; (c) Defendant Oliver reapplied restraints to Mr. Womack and placed Mr. Womack back in a secured cell in the SHU; (d) the use of restraints was "calculated," "planned" and "ongoing;" and (e) Mr. Womack was compliant during the incident.

68. On January 4, 2005, Defendant Smith informed Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas, and Marioana in writing that prison staff removed Mr. Womack from restraints on January 3, 2005, which was 26 days after Defendant Gabrielson placed Mr. Womack in restraints.

69.  From December 9, 2004 to January 4, 2005, Defendant Smith informed Defendant Dodrill at least once every eight hours – for a total of at least seventy-five separate notifications – of the ongoing use of restraints on Mr. Womack.

70.  Despite having been informed that Mr. Womack was compliant when he was put in restraints and was compliant for long periods while in full restraints, Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas, and Marioana decided to keep Mr. Womack in restraints in gross disregard of the serious risk of harm and actual harm that the unnecessary shackling presented to Mr. Womack.

71.  In addition, Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas, and Marioana did not reprimand, censure, sanction, or punish in any way Defendants Oliver, Gabrielson or Smith for shackling Mr. Womack, indicating that Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas, and Marioana condoned Mr. Womack's punishment.

72.  Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas, and Marioana also did not reprimand, censure, sanction, or punish in any way Defendants Oliver, Gabrielson or Smith for shackling other inmates, despite fully knowing that it was done to punish them as well.

73.  Defendant Dodrill denied Mr. Womack's grievances and appeals, further affirming that he condoned Mr. Womack's punishment.

SAC.  In other words, Mr. Womack claims that, on multiple occasions, the High Ranking Defendants were informed that their subordinates were shackling Mr. Womack in full restraints for an extended period of time while holding him in a secured cell and while he was compliant, and that the High Ranking Defendants had the opportunity to stop it, but, instead, decided to let it continue.  Thus, his factual allegations demonstrate that each High Ranking Defendant had the

requisite personal involvement for an Eighth Amendment claim.

Moreover, these claims go far beyond "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Indeed, Defendants appear to admit as much when they summarize the factual allegations that support his "conclusory allegations" that Defendants were deliberately indifferent.[1] *See* Dodrill Brief, p. 11. And Defendants' argument that the factual allegations themselves are not plausible should be rejected, *see* Dodrill Brief, p. 12, because factual allegations must be accepted as true. *See Iqbal*, 129 S. Ct. at 1949. So the allegations sufficiently demonstrate a plausible right of relief.

Accordingly, Mr. Womack has sufficiently alleged that each of the High Ranking Defendants was deliberately indifferent to an excessive risk of harm to his health, and, therefore, none of them should enjoy qualified immunity.

### C. MR. WOMACK'S CLAIM FOR INJUNCTIVE RELIEF DOES NOT FAIL.

The High Ranking Defendants argue that the Court should dismiss the official capacity claims against them because Mr. Womack has failed to state a claim for injunctive relief and he lacks standing to file such a claim. As discussed below, both of these arguments should be dismissed by the Court.

---

[1]    Clearly an allegation that Defendants were deliberately indifferent, without more, does not deserve a presumption of truth. Here, such allegations provide the legal context for the many factual allegations that follow and support them. *Compare* SAC ¶ 51 (establishing legal context) *with* SAC ¶¶ 55-73 (alleging supporting facts).

### 1.     MR. WOMACK STATED A CLAIM FOR INJUNCTIVE RELIEF.

In arguing that Mr. Womack has failed to state a claim for injunctive relief, the High Ranking Defendants disregard the allegations in the SAC and conclude, incorrectly, that it "contains only conclusory allegations that the entire BOP has improperly applied restraints to inmates." Dodrill Brief, p. 13. Nowhere in the SAC is there any allegation that the "entire BOP has improperly applied restraints to inmates." *Id.* On the contrary, the SAC contains extensive allegations that support Mr. Womack's claim for injunctive relief. For example, it alleges that:

- Mr. Womack is currently housed by the BOP (SAC, ¶ 2);

- Mr. Womack was incarcerated under the authority of the BOP (SAC, ¶ 14);

- While in BOP custody, Mr. Womack was shackled and bound in full restraints for 26 days by the Defendants (SAC, ¶¶ 1, 18, 25, 26, 27, 30 - 33, 36, 51-54, 60, 65, 67, 68, 69, 70-72, 75, 85-90, 94);

- Mr. Womack was shackled because he refused to accept a cellmate (SAC, ¶¶ 23, 25, 30; 34, 35);

- Mr. Womack was injured as a result of his shackling (SAC, ¶¶ 36-37);

- Pursuant to BOP policy, under no circumstances may restraints be used to punish inmates (SAC, ¶ 41);

- Mr. Womack's restraint and shackling did not comply with written BOP policy (SAC, ¶¶38-48, 55-62; 64-70; );

- There were problems with the use of restraints throughout the BOP – a report by the DOJ Inspector General warned Defendant Lappin that BOP staff were confused as to proper restraint techniques and it

recommended that the BOP provide specific guidance on what restraints and techniques are and are not appropriate (SAC, ¶ 81);

-Inmates housed at USP Lewisburg have been and are regularly placed in full restraints as a means of punishment (SAC, ¶ 74);

-USP Lewisburg officials admit that they placed other inmates in restraints because they refused to accept a cellmate (SAC, ¶¶ 75-76);[2]

-All Defendants had the authority to stop Mr. Womack's 26-day shackling (SAC, ¶ 53);

-The High Ranking Defendants did not reprimand, censure, sanction, or punish in any way the Defendants who shackled Mr. Womack and other inmates, indicating that they condoned the punishment (SAC, ¶¶ 71-72);

-Defendants Lappin and Dodrill participate in overseeing, creating, clearing and amending all BOP policy (SAC, ¶¶ 78-83); and

-The widespread use of full restraints continues at USP Lewisburg and amounts to a policy of regularly allowing and endorsing its use (SAC, ¶ 77).

Thus, the SAC is replete with allegations that all Defendants unconstitutionally punished Mr. Womack and other prisoners at USP Lewisburg, and that this punishment amounts to BOP policy. The allegations in the SAC, therefore, demonstrate that Mr. Womack has a plausible right to relief, and, at a minimum, they "raise a reasonable expectation that discovery will reveal evidence

---

[2]    Defendants wrongly accuse Mr. Womack of citing "unfounded dismissed allegations" in support of his claims. Dodrill Brief, p. 14, n.5. The SAC does no such thing; it cites Statements of Facts that were submitted by USP Lewisburg prison officers in connection with their motions for summary judgment. *See* SAC, ¶¶ 75-76.

of the necessary element.'" *Mincy*, 2009 U.S. Dist. LEXIS 73604 at *7 (quoting *Twombly*, 550 U.S. at 556).[3]   As a result, the Court should deny the motion to dismiss for failure to state a claim.

### 2.   MR. WOMACK HAS STANDING TO BRING A CLAIM FOR INJUNCTIVE RELIEF.

"In order to obtain standing for prospective relief, the plaintiff must establish a real and immediate threat that he would again be the victim of the allegedly unconstitutional practice." *Brown v. Fauver*, 819 F.2d 395, 400 (3d. Cir. 1987) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (alterations and quotation marks omitted).   The Court's inquiry into the "immediate threat" includes consideration of the likelihood of an ongoing danger, as evidenced by past events.   *See*, *e.g.*, *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974) ("[P]ast wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury.").

Standing is a question of subject matter jurisdiction, *Petroleos Mexicanos Refinacion v. M/T King A (EX-TBILISI)*, 377 F.3d 329, 334 (3d. Cir. 2004), and therefore, a motion to dismiss for lack of standing must be brought pursuant to Rule 12(b)(1).   *See* Fed. R. Civ. P. 12(b)(1).   Here, the High Ranking Defendants

---

[3]   As a prisoner, Mr. Womack was only privy to a limited amount of information about the extent of the use of shackles as punishment in USP Lewisburg and elsewhere in the BOP.   The relevant information is in the possession of the High Ranking Defendants, who have refused to respond to discovery requests.

have alleged that Mr. Womack lacks standing, but they brought their motion pursuant to Rule 12(b)(6), the wrong rule of civil procedure. Dodrill Brief, p. 4. The Third Circuit has cautioned against treating a Rule 12(b)(1) motion as a Rule 12(b)(6) motion and reaching the merits of the claims. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 178 (3d. Cir. 2000). This concern arises because the standard for surviving a Rule 12(b)(1) motion is *lower* than that for a Rule 12(b)(6) motion. *Id.* Under Rule 12(b)(1), a claim may be dismissed only if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Id.* (citation omitted). Neither situation exists here.

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Id.* at 176. Because the High Ranking Defendants brought their motion under the wrong rule, and because they fail to discuss any specific allegation of the SAC, it is difficult to conclude whether this is a facial or a factual challenge. Regardless of the type of challenge, the motion must be denied.

### a.    A FACIAL CHALLENGE FAILS.

In reviewing a facial attack, the court must only consider the allegations of the complaint in the light most favorable to the plaintiff. *Id.* In their motion, the High Ranking Defendants do not discuss any specific allegations. Instead, they

only state that "Womack does not allege he would be subject to future improper treatment by the BOP." Dodrill Brief, p. 15. This misses the mark – the proper focus is on what Mr. Womack did allege, and the allegations in the SAC are more than sufficient to establish standing.

The SAC alleges that Mr. Womack is currently housed by the BOP.[4] SAC, ¶ 2. It also alleges that Mr. Womack is incarcerated under the authority of the BOP. SAC, ¶ 14. In addition, as discussed above, the SAC contains extensive allegations regarding the use of shackles on him as punishment, done by and with the approval of the Defendants and the BOP. It also alleges that inmates have been improperly restrained throughout the BOP. SAC, ¶ 81. In short, Mr. Womack has alleged that he was injured while under the authority of Defendants, he remains under the authority of the Defendants, and he faces a risk of injury regardless of where they send him.

In support of their motion, the High Ranking Defendants cite *Telepo v. Martin*, 2009 U.S. Dist. LEXIS 70578 (M.D. Pa. Aug. 12, 2009), but that case is distinguishable from this action. In *Telepo*, the plaintiff challenged the denial of

---

[4] Although Mr. Womack currently resides in a New Jersey Department of Corrections facility, he was placed there by the BOP and while there, he is still subject to the authority of the BOP. To the extent that the High Ranking Defendants are challenging whether Mr. Womack is subject to the authority of the BOP, that is a factual issue and is irrelevant to a facial challenge where a court may only consider the allegations of the complaint. *Gould*, 220 F.3d at 176.

his request to speak with his attorney in private while they were in the holding area at the courthouse.  *Id.* at *1-2.  Taking the plaintiff's allegations as true, the court determined that he lacked standing because the most favorable inference that could be drawn was that he would be subject to the challenged conduct only if he succeeded in his criminal appeal and if he was remanded back to the same county courthouse for sentencing.  *Id.* at *25.  In contrast, there are no conditions that need to be satisfied before Mr. Womack will again be subject to the challenged conduct. *Mr. Womack is subject to the authority of the BOP and the improper restraint of inmates has occurred throughout the BOP.*  For these reasons, a facial challenge to Mr. Womack's standing must fail.

### b.    A FACTUAL CHALLENGE FAILS.

In reviewing a factual attack, the court may consider evidence outside the pleadings.  *Gould*, 220 F.3d at 176.  Because the High Ranking Defendants have provided no evidence to challenge the allegations in the SAC, the Court should accept those allegations as true.  *Id.* at 177.  As discussed above, the allegations, if true, are more than sufficient to establish standing.

Even if the Court determines that the High Ranking Defendants have challenged the allegations in the SAC by presenting evidence (which they have not), the Court must permit Mr. Womack to respond with evidence supporting jurisdiction.  *Id.*  The Court then has to weigh the evidence presented by the

parties, and if there is a dispute of a material fact, the Court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination. *Id.*

Although the High Ranking Defendants have not specifically challenged the truthfulness of any allegation in the SAC, they suggest, wrongly and without support, that Mr. Womack has no connection to the BOP:

> Womack is currently housed with the Department of Corrections in the State of New Jersey. Womack does not allege that he would be subject to future improper treatment by the BOP. A claim that he may return to the BOP or USP Lewisburg would be purely conjecture.

Dodrill Brief, p. 15. However, as discussed above and as alleged in the SAC, Mr. Womack is subject to the authority of the BOP and the improper restraint of inmates has occurred throughout the BOP. *See, e.g.,* SAC, ¶¶ 2, 14, 81. In fact, Defendants have admitted in this case that Mr. Womack has been in the custody of the BOP since 1999. *See* SOF, ¶ 1. In addition, Mr. Womack is listed as an inmate on the BOP's website (*id.*, ¶2); he has a representative with the BOP to whom he must address his requests (*id.*, ¶ 3); and the BOP is still responsible for his healthcare. *Id.*, ¶ 4.

Although Mr. Womack currently resides in a New Jersey Department of Corrections facility, he was placed there by the BOP and he is still under the authority of the BOP. *Id.*, ¶¶ 1, 5-7. The BOP has "exclusive discretion to assign, or to transfer, any prisoner to any facility." *Id.*, ¶ 1. Indeed, Mr. Womack's return

to a BOP facility is not "purely conjecture" as stated by the High Ranking

Defendants – Mr. Womack recently received notice that he is being transferred to

MCFP Springfield, a BOP facility.  *Id.*, ¶¶ 8, 9.  Including this upcoming transfer,

the BOP has assigned Mr. Womack to at least five facilities since he has been

under its authority.[5]  *Id.*, ¶ 10.  All of this evidence weighs heavily in favor of Mr.

Womack having standing on his injunctive relief claim, particularly since the High

Ranking Defendants have presented no evidence to counter it.

Thus, regardless of whether this is a facial or factual challenge, Mr. Womack

has standing to bring his claim for injunctive relief.  If this is a facial challenge, the

---

[5]  In addition, USP Lewisburg is in the process of being converted to a "Special Management Unit" or SMU.  SOF, ¶ 11, 12.  This is the only such facility in the country.  *Id.*  The SMU at Lewisburg was created specifically for "inmates who prove too troublesome to manage."  *Id.*, ¶ 11; *see also id.*, ¶ 12. According to BOP Program Statement 5217.01, an inmate "whose interaction requires greater management to ensure the safety, security, or orderly operation of [BOP] facilities" may be designated to the SMU.  *Id.*, ¶ 13.  Inmates who have "a history of serious and/or disruptive disciplinary infractions" meet the criteria for designation to the SMU.  *Id.*  As do inmates who require "greater management."  *Id.*  In this action, the Defendants have characterized Mr. Womack as someone who "abuse[s] BOP rules and regulations," someone who has a "history of disciplinary violations, purported suicide attempts, and disruptive behavior," and someone who has demonstrated "extremely poor adjustment and misconduct."  *Id.*, ¶¶ 14-16.  As characterized by the Defendants in this action, Mr. Womack fits the criteria for designation to the SMU at USP Lewisburg.  Given the BOP's propensity for transferring Mr. Womack and the purpose of the SMU, it is likely, if not inevitable, that Mr. Womack will return to USP Lewisburg – the only SMU in the BOP.  However, Mr. Womack does not need to establish that he is going back to USP Lewisburg in order to establish his right to injunctive relief; his risk of injury exists regardless of where he is housed by the BOP.

allegations in the SAC sufficiently establish Mr. Womack's standing.  If this is a

factual challenge, the Court must either accept the allegations in the SAC as true,

or consider the additional evidence submitted by Mr. Womack.  Either way, Mr.

Womack has met the relatively low standard for Rule 12(b)(1) because his claim is

not "wholly insubstantial and frivolous."  *Gould*, 220 F.3d at 178.[6]

### D.    THE SECOND AMENDED COMPLAINT RELATES BACK TO THE COMPLAINT.

As a motion for summary judgment, the New Defendants argue that the

Court should dismiss the claims against them because the statute of limitations has

run.  Their argument fails because the SAC relates back to the initial complaint.

The Federal Rules of Civil Procedure recognize that amendments to a civil

complaint should be permitted if they "relate back" to the original, timely filed

pleadings in specific circumstances.  An amendment naming a party to a lawsuit,

like the amendment at issue here, relates back to the date of the original, timely

filed complaint under Rule 15(c)(1) when three conditions are met: (1) the

amendment arises out of the same "conduct, transaction, or occurrence" as the

---

[6]    In a footnote, the High Ranking Defendants wrongly state Mr. Womack has only alleged that Mr. Lappin can implement the requested injunctive relief. Dodrill Brief, p. 15 n.6.   All Defendants can implement the requested injunctive relief.  For example, Mr. Womack has requested that the Court order all Defendants to "cease the cruel and unjustifiable use or restraints on prisoners" (SAC, p. 23) and he alleged that all of the Defendants "had the authority to stop Mr. Womack's 26-day shackling."  SAC, ¶ 53; *see also*, SAC, ¶¶ 49-52.

original complaint; (2) the new party received adequate notice of the lawsuit "within the period provided by Rule 4(m) for serving the summons and complaint," so as to not be "prejudiced in maintaining a defense on the merits"; and (3) the new party knew or should have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(1)(C).

The first condition is not in dispute. Even a cursory review of the Complaint and the SAC shows that they relate to the same "conduct, transaction, or occurrence," which is the shackling of Mr. Womack for 26 days by employees of the BOP. *Compare* Complaint and Demand For Jury Trial, Docket No. 1, ¶ 1 *with* SAC, ¶ 1. The New Defendants have seized on the second and third conditions and they argue that Mr. Womack has "no evidence that" they "had notice of this matter within the 120-day time period." Dodrill Brief, pp. 19. However, this argument fails for two independent reasons.

### 1. UNDER RULE 15(C)(2), MR. WOMACK DOES NOT NEED TO PROVE NOTICE.

Rule 15(c)(2) provides that:

When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

In this case, the New Defendants are employees of the BOP and therefore, they are United States officers. SAC, ¶¶ 6-11; Dodrill Brief, pp. 2-3. In addition, the Attorney General, the United States Attorney for the Middle District of Pennsylvania, and the Board of Prisons were served with the initial complaint within three weeks of it being filed. *See* Affidavits of Service filed by Maxine Woelfling, Docket Nos. 9-11. Based on the plain language of the statute, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied, and therefore, the SAC relates back to the initial complaint. *See Montgomery v. S.I.A. Johnson*, 2008 U.S. Dist. LEXIS 74256 at *15 (W.D. Va. Sept. 27, 2008) ("Rule 15(c)(2) eliminates the need for the amending party to prove that newly named parties had personal notice of his claims within the stated period, based on the theory that timely notice to the [Assistant United States Attorney ("AUSA")] who represented the originally named officers is sufficient to protect the interests of the new defendants."). As in *Montgomery*, the same AUSA has been assigned to this action since its inception. *See* Motion for Enlargement of Time to Respond to the Initial Complaint, Docket No. 15, filed February 9, 2007, by Michael J. Butler.

Relying on the plain language of Rule 15(c)(2), other courts have also held that proper and timely service of a *Bivens* complaint on the United States Attorney constitutes adequate notice to individual federal officials later named as defendants in an amendment filed outside the statute of limitations period. *See Pope v. Bond*,

641 F. Supp. 489, 495 (D.D.C. 1986) (allowing amendment of *Bivens* action to bring in new federal officers as defendants past limitation period under Rule 15(c)(2)); *Johnson v. Sawyer*, 640 F. Supp. 1126, 1135 (S.D. Tex. 1986) (same); *Fludd v. U.S. Secret Serv.*, 102 F.R.D. 803, 805 (D.D.C.1984) (same); *see also Ish Yerushalayim v. U.S. Dep't of Corr.*, 374 F.3d 89, 92 n.2 (2d Cir. 2004) (noting that because plaintiff did not deliver or mail serve his original *Bivens* complaint on the United States Attorney or the Attorney General, he could not "take advantage of [the] rule of constructive notice" in Rule 15(c)(2) in amending to name individual federal officers as defendants outside statutory period).

Because the Complaint and the SAC are based on the same "conduct, transaction, or occurrence," because the New Defendants are United States officers, and because the Attorney General, United States Attorney, and the BOP were all served with the Complaint in a timely manner, the SAC relates back to the Complaint, and the Court should deny the New Defendants' motion for summary judgment.

## 2.     THE NEW DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN ON SUMMARY JUDGMENT.

Even if the Court determines that Rule 15(c)(2) does not apply, it should still deny the New Defendants' motion for summary judgment because they have failed to establish that they are entitled to summary judgment.  As noted above, a court may grant summary judgment only when "the pleadings, depositions, answers to

26

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The New Defendants have not come forward with any evidence to establish that there is no genuine issue of material fact. In particular, they have come forward with no evidence that, within the 120 days of the filing of the Complaint, (1) they did not receive notice of the Complaint and (2) they did not know that the action would have been brought against them, but for a mistake concerning the proper party's identity. Instead, the New Defendants only provide unsupported paragraphs in their Statement of Facts, which do not contain a "reference to the parts of the record that support the statements," as required under L.R. 56.1. *See* the High Ranking Defendants' Statement of Material Facts in Support of Motion for Summary Judgment (Docket No. 79), ¶ 5.

The New Defendants have provided *no* evidence that would support a directed verdict if not controverted at trial, and therefore, the Court must deny their motion for summary judgment. *See Foster v. Morris*, 208 Fed. Appx. 174, 179 (3d. Cir. 2006) (holding that the district court erred in granting defendants' motion for summary judgment because "the motion, brief, and supporting documents contain no affidavits or any other statements from anyone with personal knowledge that would entitle them to a directed verdict if not controverted at trial. . . . Thus,

[the defendants] did not satisfy their initial burden to establish the absence of a genuine issue of material fact.").

Finally, the necessary facts relating to notice are based entirely on the knowledge of the New Defendants. As this issue was not known to Mr. Womack before the New Defendants filed their motion, Mr. Womack has not yet sought discovery on this issue. However, even if he had, it is unlikely that he would know the answer by now. The New Defendants have refused Mr. Womack's requests for depositions and discovery. Should the Court determine that Rule 15(c)(2) does not apply and that the New Defendants have met their burden on summary judgment, Mr. Womack respectfully requests that, pursuant to Rule 56(f), the Court deny the motion and grant him the opportunity to seek discovery on the knowledge of the New Defendants regarding their notice of the Complaint. *See* Affidavit of Aaron B. Hewitt, ¶¶ 15-24.

## V.    CONCLUSION

For the reasons discussed above, the Court should deny the High Ranking Defendants' motion to dismiss the complaint and the New Defendants' motion for summary judgment.

Dated:  September 28, 2009                    By:    /s/ Andrew C. Whitney

Peter E. Halle                                       Jamie L. Ghen
Aaron B. Hewitt                                     Andrew C. Whitney
**MORGAN, LEWIS & BOCKIUS LLP**          **MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW                  1701 Market St.
Washington, DC  20004                           Philadelphia, PA 19103
202.739.3000                                       215.963.5000
202.739.3001 (fax)                               877.432.9652 (fax)

Deborah M. Golden                               Maxine M. Woelfling
**WASHINGTON LAWYERS COMMITTEE**      **MORGAN, LEWIS & BOCKIUS LLP**
**FOR CIVIL RIGHTS AND URBAN**              17 North Second Street, Suite 1420
**AFFAIRS**                                          Harrisburg, PA 17101-1604
11 Dupont Circle, NW, Suite 400              717.237.5000
Washington, D.C. 20036                          717.237.5001 (fax)
202.319.1000
202.319.1010 (fax)

*Attorneys for Plaintiff David Lee Womack*

## **CERTIFICATE OF SERVICE**

I, Aaron B. Hewitt, hereby certify that on this 28th day of September, 2009, a copy of PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS D. SCOTT DODRILL, HARLEY G. LAPPIN, JOHN VANYUR, NEWTON KENDIG, LINDA THOMAS, AND CHUCK MARIOANA'S BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT was served via electronic court filing on the following party:

> Michael Butler
> United States Attorney's Office
> 228 Walnut Street, Suite 220
> Harrisburg, PA 17108
> Michael.J.Butler@usdoj.gov

> /s/ Aaron B. Hewitt