IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LEE WOMACK<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH V. SMITH, et al.,<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>No. 1:CV-06-2348 CCC<br><br>Judge Christopher C. Conner<br><br>Filed Electronically |

**PLAINTIFF'S RESPONSE TO DEFENDANT JOHN OLIVER'S
STATEMENT OF MATERIAL FACTS**

In connection with Plaintiff's Brief in Opposition to Defendant John Oliver's ("Oliver") Brief in Support of Motion to Dismiss Injunctive Claims and Motion for Summary Judgment, Plaintiff David Lee Womack submits the following Statement of Material Facts:

**FACTS RAISED BY MR. WOMACK**

1. The Defendants have admitted that Mr. Womack has been in the custody of the BOP since 1999. *See* Brief in Support of Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Docket No. 26), p. 2.

2. The inmate locator on the BOP's website, www.bop.gov, shows that Mr. Womack is an inmate within the BOP. *See* results at bop.gov, attached as Exhibit A to the Affidavit of Aaron B. Hewitt ("Hewitt Aff.").

3. Mr. Womack has a representative at the BOP to whom he must address his requests. *See* New Jersey Department of Corrections, Inmate Remedy System Form, attached as Exhibit B to the Hewitt Aff.

4. The BOP has responsibility for Mr. Womack's healthcare. *See* Consent for Surgery, attached as Exhibit C to the Hewitt Aff.; Authorization for Information, attached as Exhibit D to the Hewitt Aff.

5. According to the BOP, it "retains exclusive discretion to assign, or to transfer, any prisoner to any facility." Legal Resource Guide to the Federal Bureau of Prisons, p. 16, available at http://www.bop.gov/news/PDFs/legal_guide.pdf and attached as Exhibit E to the Hewitt Aff.

6. According to the BOP, "long-term offenders may also be housed under contract with state correctional systems, or in a privately-run facility. An inmate may be transferred to a state facility, or to a privately-run facility, should the individual present special management problems, require protection, or if his or her notoriety precludes incarceration in any BOP facility." *Id.* at p. 10.

7. Mr. Womack was placed by the BOP in the New Jersey Department of Corrections pursuant to such an agreement between the US DOJ and New Jersey. *See* Modification Number One to Intergovernmental Agreement

(IGA) 235-4 between the State of New Jersey and Federal Bureau of Prisons, attached as Exhibit F to the Hewitt Aff.

8. Mr. Womack is being transferred to MCFP Springfield. *See* August 19, 2009 letter from Donna Sweeney-Elrose to David Womack, attached as Exhibit G to the Hewitt Aff.

9. MCFP Springfield is a BOP facility. *See* http://www.bop.gov/locations/institutions/spg/index.jsp, attached as Exhibit H to the Hewitt Aff.

10. Including this upcoming transfer, the BOP has assigned Mr. Womack to at least five facilities since he has been under the authority of the BOP. *See* Hewitt Aff., ¶ 11.

11. USP Lewisburg "is in the process of being converted to a 'special management unit [SMU],' the only one of its kind in the entire system. Lewisburg will house inmates from other penitentiaries who prove too troublesome to manage, but who do not qualify for the ADMAX facility at USP Florence in Colorado. The BOP is constructing a Special Management Unit at USP Lewisburg." *See* statement by Representative Christopher P. Carney, Congressional Record – House, June 16, 2009 (H6889-H6890), attached as Exhibit I to the Hewitt Aff.

12. "The Lewisburg Federal Penitentiary is being prepared to house some of the country's most violent and difficult-to-manage inmates and rehabilitate their

prison behavior. . . . The future Lewisburg population 'will eventually consist mostly of inmates who have proven ... difficult to manage in other institutions.'" *See* Walker, R.A., "'Problem' Inmates to Fill Lewisburg Cells", June 9, 2009, SunGazzette.com, available at http://www.sungazette.com/page/content.detail/id/527756.html and attached as Exhibit J to the Hewitt Aff.

13. According to the BOP's Program Statement 5217.01:

> Designation to a SMU may be considered for any sentenced inmate whose interaction requires greater management to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public, because the inmate meets any of the following criteria:
>
> - Has a history of serious and/or disruptive disciplinary infractions.
>
> - Otherwise participated in or was associated with activity such that greater management of the inmate's interaction with other persons is necessary to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public.

*See* Program Statement 5217.01, dated 11/9/2008 and approved by Defendant Lappin, available at bop.gov and attached as Exhibit K to the Hewitt Aff.

14. According to the Defendants, Mr. Womack "abused BOP rules and regulations" while at USP Leavenworth. *See* Brief in Support of Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Docket No. 26), p. 2.

15. According to the Defendants' Mr. Womack's "history of disciplinary violations, purported suicide attempts, and disruptive behavior" continued at USP Lewisburg. *See* Brief in Support of Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Docket No. 26), p. 3.

16. According to the Defendants', Mr. Womack's transfer out of USP Lewisburg "was requested based on his extremely poor adjustment and misconduct at USP Lewisburg." *See* Brief in Support of Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Docket No. 26), p. 22.

**RESPONSE TO JOHN OLIVER'S STATEMENT OF MATERIAL FACTS**

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Denied. Oliver failed to include references to the parts of the record that supports the statements. *See* L.R. 56.1. In addition, Mr. Womack cannot present facts essential to justify his opposition to these statements because, as described in the Affidavit of Aaron B. Hewitt, the relevant information is solely in the possession of Oliver.

6. Denied. Mr. Womack cannot present facts essential to justify his opposition to this statement because, as described in the Affidavit of Aaron B. Hewitt, the relevant information is solely in the possession of Oliver.

7. Denied. The statement is not supported by the part of the record referenced by Oliver. In addition, the reference is to a written document that speaks for itself, and Oliver's characterization thereof is, therefore, denied. Because of the nature of the statement, Mr. Womack cannot further respond to the statement without revealing the substance of privileged attorney-client communications and attorney work product.

Dated: September 28, 2009

By: /s/ Aaron B. Hewitt

Peter E. Halle
Aaron B. Hewitt
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202.739.3000
202.739.3001 (fax)

Jamie L. Ghen
Andrew C. Whitney
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market St.
Philadelphia, PA 19103
215.963.5000
877.432.9652 (fax)

Deborah M. Golden
**WASHINGTON LAWYERS COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
202.319.1000
202.319.1010 (fax)

Maxine M. Woelfling
**MORGAN, LEWIS & BOCKIUS LLP**
17 North Second Street, Suite 1420
Harrisburg, PA 17101-1604
717.237.5000
717.237.5001 (fax)

*Attorneys for Plaintiff David Lee Womack*

## **CERTIFICATE OF SERVICE**

I, Aaron B. Hewitt, hereby certify that on this 28th day of September, 2009, a copy of PLAINTIFF'S RESPONSE TO DEFENDANT JOHN OLIVER'S STATEMENT OF MATERIAL FACTS was served via electronic court filing on the following party:

>Michael Butler
>United States Attorney's Office
>228 Walnut Street, Suite 220
>Harrisburg, PA 17108
>Michael.J.Butler@usdoj.gov

>/s/ Aaron B. Hewitt