IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK**, | : | CIVIL ACTION NO. 1:06-CV-2348 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JOSEPH V. SMITH**, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 29th day of September, 2009, upon consideration of defendants' motion (Doc. 83) for a protective order, wherein defendants request a stay of the above-captioned proceedings "until the resolution of the dispositive motion filed by Defendants Lappin, Dodrill, Vanyur, Thomas, Kendig, and Marioana and the dispositive motion filed by Defendant Oliver," (Doc. 84 at 2), and it appearing that plaintiff amended his complaint on June 22, 2009, (see Doc. 67), that he therein raised Eighth Amendment allegations—for the first time in this lawsuit—against defendants John Vanyur, Mary Ellen Thomas, Linda Thomas, and Chuck Marioana,[1] and that defendants contend that these individuals are entitled to

---

[1] Each of these defendants are employed in a management position within the Bureau of Prisons. (See Doc. 67 ¶¶ 8-11.) Plaintiff's suit raises claims against defendants Vanyur, Linda Thomas, and Marioana in their official and personal capacities, and against Mary Ellen Thomas in her official capacity only. (See id.)

assert a defense of qualified immunity prior to continued discovery,[2] (see Doc. 84 at 2), and the court recognizing that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation," Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1953 (2009) (quoting Siegert v. Gilley, 500 U.S. 226, 236 (1991)), that "[l]itigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government," id., and that courts should therefore resolve qualified immunity claims as early as practicable and, preferably, prior to discovery, see Pearson v. Callahan, --- U.S. ---, 129 S. Ct. 808, 815 (2009) (explaining that "the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery'" (quoting Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987))), it is hereby ORDERED that:

---

[2] Defendants Scott Dodrill and Harley Lappin also claim that they are entitled to qualified immunity. (See Doc. 84 at 5.) The court previously denied Dodrill and Lappin's qualified immunity defense without prejudice, and directed them to reassert the defense at the appropriate time in a Rule 56 motion. (See Doc. 58.) The difference between Dodrill and Lappin, on the one hand, and those defendants added to the lawsuit in late June, on the other, is the newness of the latter defendants to the case at hand. The recently-added defendants should have the opportunity to test plaintiff's second amended complaint with a Rule 12 motion to dismiss, especially in light of the Supreme Court's recent rejection of a "careful-case-management approach" to filter out meritless complaints during the discovery process. See Ashcroft v. Iqbal --- U.S. ---, 129 S. Ct. 1937, 1953 (2009). Unlike the recently-added defendants, Dodrill and Lappin had an opportunity to file a Rule 12 motion and, had plaintiff not twice amended his complaint, the court would not have provided them a second opportunity to move for dismissal on the pleadings.

1. Defendants' motion (Doc. 83) for protective order is GRANTED. Discovery in the above-captioned matter is STAYED pending the court's resolution of the motion (Doc. 77) to dismiss, filed by defendants Mary Ellen Thomas, John Vanyur, Linda Thomas, Chuck Marioana, D. Scott Dodrill, and Harley G. Lappin.[3]

2. A revised scheduling order shall issue by future order of court.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[3] The court rejects plaintiff's request to allow discovery to proceed against those defendants not asserting a qualified immunity defense pending the court's resolution of defendants' motion (Doc. 77) to dismiss. (See Doc. 87 at 6-8.) As the Iqbal Court made clear, permitting some claims to advance while other are temporarily stayed is unlikely to alleviate the burden of discovery for those parties asserting viable qualified immunity defenses. After all, "when discovery as to the other parties proceeds, it would prove necessary for [the defendants asserting qualified immunity] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." Iqbal, --- U.S. ---, 129 S. Ct. at 1953. Accordingly, the court declines plaintiff's invitation to sanction such a staggered approach here.