DCP:MJB:dlm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID LEE WOMACK, | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| JOSEPH V. SMITH, et al., | : | |
| Defendants | : | Filed Electronically |

**DEFENDANT JOHN OLIVER'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS INJUNCTIVE CLAIMS
AND MOTION FOR SUMMARY JUDGMENT**

Defendant John Oliver respectfully submits this reply brief in support of his motion to dismiss and motion for summary judgment.

**I. Reply Argument**

I. **WOMACK'S REQUEST FOR INJUNCTIVE RELIEF FAILS**

A. **Womack Failed To State A Claim For Injunctive Relief**

In his Second Amended Complaint, Womack seeks to "cease the cruel and unjustifiable use of restraints on prisoners." This is not a class action lawsuit. Inmates Howard and Smith are not parties to this lawsuit. See 2d Am. Compl.

(Doc. No. 67) ¶¶ 75, 75. Thus, Womack can only claim that the BOP, or USP Lewisburg, will subject him to cruel and usual punishment in the future because it is BOP's alleged policy to punish inmates. The Second Amended Complaint, however, does not contain this allegation.

Womack cites to several paragraphs in his Second Amended Complaint to argue that he has asserted a claim for injunctive relief. See Pl.'s Opp'n Br. (Doc. No. 91) at 15-16. Interestingly, most of the paragraphs that Womack cites to involve the previous use of restraints on Womack for a twenty-six day period. See id. The previous use of restraints on Womack, or on inmates Howard and Smith, do not support a claim for injunctive relief. See Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) (noting a previous violation of the Eighth Amendment does not support a claim that an inmate would be subject to future injury).

Other paragraphs contain conclusory allegations such as "'[i]nmates housed at USP Lewisburg have been and are regularly placed in full restraints as a means of punishment,'" and "'[t]he wide spread nature of the use of full restraints continues at USP Lewisburg and amounts to a policy of regularly allowing and endorsing this cruel and unjustifiable treatment.'" Id. (citing 2d Am. Compl. (Doc. No. 67) ¶¶ 74, 77). Womack's Second Amended Complaint contains no factual allegations why Womack would be subject to future constitutional injury.

The allegation that Defendant Lappin received a report that BOP staff was confused as to the use of restraints, see 2d Am. Compl. ¶ 81, does not support a claim that BOP staff will punish Womack in the future.

Accordingly, Womack has only argued implausible contentions in his brief that the BOP will violate the Eighth Amendment and cruelly and usually punish Womack. See Iqbal, 129 S. Ct. at 1950. This Court should dismiss the request for injunctive relief, which is asserted against the Oliver in his official capacity.

### B. Womack Lacks Standing

Although Oliver omitted the Fed. R. Civ. P 12(b)(1) standard of review in his brief, he argued that this Court should dismiss the injunctive relief claims for failure to state a claim and lack of standing. See Br. In Supp. Of Mot. (Doc. No. 78) at 1. Womack is not prejudiced by the omission of the standard of review for Rule 12(b)(1) challenge, as his attorneys are competent as to the Federal Rules of Civil Procedure.

In addition, in their brief, Defendant Oliver facially challenged Womack's allegations in his Second Amended Complaint, as Womack did not allege he would be subject to future improper treatment by the BOP. Womack said this argument "misses the mark." See Pl.'s Opp'n Br. (Doc. No. 91) at 19. Actually, future harm is the mark. A plaintiff must allege that they would be subject to

future harm to be entitled to injunctive relief. See Brown, 819 F.2d at 400 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)). Nowhere in the Second Amended Complaint is there an allegation that Womack will be subject to future harm.

As to his actual allegations, Womack states he is "currently housed by the Federal Bureau of Prisons in the New Jersey Department of Corrections." See 2d Am. Compl. (Doc. No. 67) ¶ 2. Nowhere does Womack claim that the BOP can instruct the State of New Jersey on how to use restraints on a particular inmate or that there is a risk that the BOP will instruct the State of New Jersey to restrain Womack in violation of the Eighth Amendment. Even if he did make these allegations, this is not plausible.

Womack also argued that he is returning to the BOP's MCFP Springfield facility for a surgical procedure, and thus, he would be subject to harm by the BOP. Even if this Court would look beyond the pleadings and at the exhibit attached to Womack's response brief, Womack still has not alleged that the BOP will violate his constitutional rights by restraining him at this facility. Other than an alleged document that purports to say that the BOP is improperly using restraints [not illegally or in violation of an inmate's constitutional rights], Womack makes no claims about any BOP facility that is restraining inmates, other than USP Lewisburg, in violation of the Eighth Amendment. His argument,

4

because he makes no such allegation, that the BOP would violate his constitutional rights in the future is pure conjecture. The claim for injunctive relief against the BOP fails, and this Court should dismiss it.

Lastly, Womack speculates that because USP Lewisburg is being converted to a Special Management Unit that will deal with troublesome inmates and Womack is one of those inmates, Womack will "inevitably" return to USP Lewisburg. Womack has not alleged or argued that USP Lewisburg has designated him as a candidate for the Special Management Unit. Womack just believes because he was transferred five times, he will be sent back to USP Lewisburg. Similar speculation would have Womack transferred to the Administrative Maximum Security Prison in Florence, Colorado. Speculation does not equate to standing. Womack's claims for injunctive relief against USP Lewisburg thus fail.

Accordingly, this Court should dismiss the official capacity claims against Defendant John Oliver.

## II. THE STATUTE OF LIMITATIONS BARS WOMACK'S CLAIMS AGAINST DEFENDANT OLIVER

Womack does not contest that his claims against Defendant Oliver fall outside the statute of limitations. Womack, however, argues that his Second Amended Complaint relates back pursuant to Fed. R. Civ. P. 15(c). The new claims in the Second Amended Complaint against Defendant Oliver do not relate back to the original Complaint.

Relying on a Western District of Virginia case that interprets Fed. R. Civ. P. 15(c)(2) to apply to Bivens defendants, Womack argues that notice to the United States Attorney satisfies the requirements of Rule 15(c). See Pl.'s Opp'n Br. (Doc. No. 91) at 24-25 (citing Montgomery v. S.I.A. Johnson, No. 7:05CV00131, 2008 WL 4452465, at * 7 (W.D. Va. Sept. 27, 2008)). Defendants respectfully disagree with the decision made by the district court in the Western District of Virginia.

Womack correctly looks to the plain language of Rule 15(c)(2), but he does not cite to or mention the bolded portion of the subsection: "**Notice to the United States**." Rule 15(c)(2) is not entitled Notice to Employees of the United States, etc. Thus, Womack and the Montgomery court are incorrect in interpreting Rule 15(c)(2) to apply to individual defendants who are represented independent of the United States with potential separate interests. As Lojuk v. Johnson, 853 F.2d 560, 563 (7th Cir. 1988), the only circuit court to address this issue head on,

6

stated: "[i]f either Congress or the drafters of the Civil Rules had intended to wipe out the defense of the statue of limitations otherwise available to federal officers, there would certainly be a clearer indication." Id.

Even if this Court were to follow the Western District of Virginia instead of the Seventh Circuit, the instant case is distinguishable. In Montgomery, 2008 WL 4452465, at *1, the district court held that amended complaint related back to the original complaint. See id. at *5. The court found that the amended complaint "did not bring new claims against new parties; rather, it named different defendants as being responsible for the actions, as described in the original complaint." See id. The court also found that service of the original complaint upon the United States Attorney provided constructive notice to the new defendants. See id. The court reasoned that the AUSA representing the initial defendants had timely notice of all the inmate's issues and claims and a fair opportunity and a professional responsibility to defend against those claims. See id. at *5-6. The court further reasoned that the AUSA knew, but for the legal and factual mistakes, the pro se inmate would have named the proper defendants. See id.

Here, the undersigned had no notice that Womack, not pro se like the inmate in Montgomery, had a claim against Defendant Oliver. During Womack's time in restraints, he had encountered numerous BOP employees, including medical and

7

correctional staff. Womack listed these individuals in his initial disclosures. Womack's decision not to name Defendant Oliver appeared to be a strategic decision. The undersigned also had no notice that Womack's attorneys made a mistake in not naming Defendant Oliver, as Womack knew Defendant Oliver's involvement before filing the original complaint.[1]

Finally, Womack erroneously attempts to switch the burden of proof to Defendant Oliver. He claims that Oliver did not produce evidence that he was not provided notice pursuant to Fed. R. Civ. P. 15(c)(i). Proving that Oliver was notified is Womack's burden. See, e.g., Markhorst v. Ridgid, Inc., 480 F. Supp. 2d 813, 815 (E.D. Pa. 2007) (finding amended complaint did not relate back because the plaintiff did not produce evidence to demonstrate notice). The absence of evidence is a fact, and Defendant Oliver has no requirement to point to the record in his Statement of Material Facts to show Womack has no support for his claims. Nowhere in the Second Amended Complaint or in his brief does Womack claim Defendant Oliver had notice of his claims. Instead, Womack essentially acknowledges that he has no evidence of notice, but wants to see if he

---

[1] This case is also different from Pope v. Bond, 641 F. Supp. 489, (D.D.C. 1986) (allowing amendment where co-conspirators concealed their identification); Fludd v. United States Secret Serv., 102 F.R.D. 803, (D.D.C. 1984) (allowing amendment where the plaintiff identified John Does and substituted the defendants names that were concealed from the plaintiff).

can fish for that information in discovery.  This is improper, and this Court should deny the request.

Most importantly, as to Fed. R. Civ. P. 15(c)(ii), nowhere in the Second Amended Complaint or his opposition brief does Womack claim he made a mistake.  See Ish Yersushalayim v. United States Dep't of Corrs. (sic), 374 F.3d 89, 91-92 (2d Cir. 2004) (holding amended complaint did not relate back because the plaintiff did not establish a "mistake").   Thus, whether or not Defendant Oliver was aware of the original complaint is irrelevant.  Womack has not explained to this Court why he did not name Defendant Oliver previously despite the fact that he had notice of his alleged involvement in this case prior to filing his original complaint.  Therefore, this Court should find the Second Amended Complaint does not relate back.

Accordingly, this Court should grant summary judgment to Defendant Oliver.

## II. Conclusion

For the reasons stated above and in the original brief, this Court should grant Defendant Oliver's motion.

                                  Respectfully submitted,

                                  DENNIS P. PFANNENSCHMIDT
                                  United States Attorney

                                  /s/ Michael J. Butler
                                  Michael J. Butler
                                  Assistant United States Attorney
                                  PA 81799
                                  Dawn L. Mayko
                                  Paralegal Specialist
                                  U.S. Attorney's Office
                                  228 Walnut Street, 2nd Floor
                                  P.O. Box 11754
                                  Harrisburg, PA 17108
                                  Tel:  717-221-4482
                                  Fax: 717-221-2246
                                  Michael.J.Butler@usdoj.gov

Dated: October 14, 2009

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| **Plaintiff** | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on October 14, 2009, she served a copy of the attached

**DEFENDANT JOHN OLIVER'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS INJUNCTIVE CLAIMS
AND MOTION FOR SUMMARY JUDGMENT**

by filing with the Court's ECF system.

Addressee:
Aaron B. Hewitt
Alexis J. Gilman
John H. Shenefield
Maxine M. Woelfling
Thomas G. Scriven
Andrew C. Whitney
Jamie L. Ghen
Morgan, Lewis & Bockius, LLP

Deborah Golden
Washington Lawyers Committee
 For Civil Rights & Urban Affairs

                           **Attorneys for Plaintiff**

                           s/ Dawn Mayko
                           Dawn Mayko, Paralegal Specialist