DCP:MJB:dlm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID LEE WOMACK, | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| JOSEPH V. SMITH, et al., | : | |
| Defendants | : | Filed Electronically |

**DEFENDANTS D. SCOTT DODRILL, HARLEY G. LAPPIN, JOHN VANYUR, NEWTON KENDIG, LINDA THOMAS, AND CHUCK MAIORANA'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT, OR <u>ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT</u>**

Defendants Harley G. Lappin, Director of the Bureau of Prisons (the "BOP"); D. Scott Dodrill, Regional Director of the BOP; John Vanyur, Assistant Director, Correctional Programs Division; Linda Thomas, Central Office Correctional Services Administrator; Newton Kendig, Assistant Director, Health Services Division (official capacity only); and Chuck Maiorana, Regional Correctional Services Administrator (collectively the "High Ranking BOP

Officials") respectfully submit this reply brief in support of their motion to dismiss the Second Amended Complaint, or alternatively, motion for summary judgment.

Plaintiff David Lee Womack's opposition brief fails to refute the High Ranking BOP Officials' arguments. Contrary to Womack's claims, neither this Court nor the Third Circuit previously addressed the High Ranking BOP Officials' qualified immunity argument or held that the use of restraints violated a clearly established right. Womack has also failed to show in his brief that he alleged the requisite state of mind to hold the defendants liable for deliberate indifference.

As to his injunctive claims, Womack never alleged he would be subject to future harm. Womack's speculation about future harm in his brief does not equate to standing.

Finally, Womack's Second Amended Complaint does not relate back to the original complaint. Womack has failed to state his "mistake" - why he did not add the new defendants previously despite knowing of their alleged involvement, and Womack has no evidence that the new defendants had notice of his claims.

### I. Reply Argument

I. **DEFENDANTS LAPPIN, DODRILL, VANYUR, THOMAS, KENDIG, AND MAIORANA ENJOY QUALIFIED IMMUNITY**

   A. **Neither The Third Circuit Nor This Court Addressed Defendants Qualified Immunity Argument In This Matter**

In his opposition brief, Womack stated "The Third Circuit and this Court have consistently declined to apply qualified immunity and ordered this case to proceed."  Pl.'s Opp. Br. (Doc. No. 91) at 8.   This is not correct.

No party argued or could argue qualified immunity to the Third Circuit, as this Court did not address that issue in its March 26, 2008 Order (Doc. No. 50).  In its February 12, 2009 Order, the Third Circuit only noted in its recitation of the procedural history of the instant matter that Defendants Lappin, Dodrill, Smith, and Gabrielson raised a qualified immunity defense in its filings.  See Doc. No. 54 at 4.  The Third Circuit, however, did not address the merits of a qualified immunity argument because it was not before it.  Thus, Womack's argument that this Court would "flout the Third Circuit's ruling in this case" is baseless.

This Court has also never addressed the High Ranking BOP Officials' defense of qualified immunity based on Aschcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The High Ranking BOP Officials have never raised qualified immunity

before, they have the right to raise it now, and this Court should dismiss the claims against the High Ranking BOP Officials based on that defense.

### B. Womack Has Not Alleged A Clearly Established Right

In his brief, Womack cites to the Third Circuit's decision in this matter for the apparent proposition that the right not to be in restraints for 26 days was clearly established. See Pl.'s Opp'n Br. at 10. Although the Third Circuit cited to Farmer v. Brennan, 511 U.S. 825, 836 (1994), it did not make any finding about the use of restraints for any time period or find that it was clearly established that an inmate cannot be in restraints for 26 days. See 02/12/08 Order (Doc. No. 54) at 7. Rather, the Third Circuit held that there was a genuine issue of fact because Womack alleged and stated in a declaration that Defendants Smith and Gabrielson were aware that Womack had deep pink, raw wounds and his restraints were too tight, but failed to act. See id. at 8. Nowhere in this opinion does the Third Circuit hold that having someone in restraints for 26 days, in and of itself, is a constitutional violation.

Womack does not allege in his Second Amended Complaint that the High Ranking Officials believed that Womack had deep pink, raw wounds or that Womack's restraints were too tight. See Pl.'s Opp. Br. (Doc. No. 91) at 12-13 (citing 2d Am. Compl. (Doc. No. 67) ¶¶ 64-73). Rather, Womack alleges that the High Ranking Officials were notified about unspecified restraints in writing, and

that notification included statements that an inmate broke his restraints and when restraints were applied or reapplied to an inmate, he was compliant. See id.[1]  Womack alleges notifications were sent on December 9, 2004, and December 20, 2004. Womack also alleges that the High Ranking Officials were notified on January 4, 2005, that the restraints were removed on January 3, 2005.

Womack thus asks this Court to find that placing an inmate in restraints for apparently 11 or 26 days in and of itself would clearly violate an inmate's constitutional rights and a reasonable official would somehow have to act to stop the use of the restraints.[2] The right not to be restrained for any period of time – 11 or 26 days – is not clearly established, Womack had not cited any cases even closely resembling such a right, and no reasonable official in the defendants' positions would know that they had to act to release an inmate from restraints. See Iqbal, 129 S. Ct. at 1946 (noting "whether a particular complaint sufficiently

---

[1] Womack does not allege that he was compliant during the entire time he was in restraints because he cannot as he has admitted otherwise in his previous filings.

[2] Womack has alleged that the High Ranking BOP Officials were provided written notice that he was in restraints between December 9 and December 20, which is 11 days. Womack does not allege, other than Defendant Dodrill, that the High Ranking BOP Officials were aware, at the time of use of restraints that Womack would be in restraints for 26 days. Rather, Womack alleges that the High BOP Ranking Officials did not become aware of the total time period until after Womack was released from restraints. See 2d Am. Compl. (Doc. No. ) ¶ 68.

5

alleges a clearly established violation of law cannot be decided in isolation from the facts pleaded").

### C. Plaintiff Has Failed To Plead Personal Involvement Of Defendants Lappin, Dodrill, Vanyur, Thomas, Kendig and Maiorana

Womack's attempt to distinguish Iqbal is without merit. Womack argues that this case is different from Iqbal because Womack alleged an Eighth Amendment claim, rather than the First and Fifth Amendment claims raised by the plaintiff in Iqbal. See Pl.'s Opp'n Br. (Doc. No. 91) at 10. Thus, Womack believes he does not have to allege that Defendants "purposefully" violated his constitutional rights. Womack is incorrect.

Defendants did not argue that Womack has to show "purposeful discrimination," but rather, Womack must show that each defendant had the requisite state of mind to violate Womack's constitutional rights. The Iqbal court held that a plaintiff must allege that a defendant must act "'because of'" of the adverse effects which will befall a plaintiff. See Iqbal, 129 S.Ct. at 1949.

In Farmer v. Brennan, 511 U.S. 825, 834 (1994), the United States Supreme Court held that "[t]o violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind.'" Id. (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)). In a deliberate indifference case, the defendant must recklessly disregard a risk. See id. at 836. To act recklessly, a defendant

6

"must both be aware of facts from which the inference could be drawn that a serious risk of serious harm exists, and he must also draw that inference." A defendant's "failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

The Third Circuit has noted that an inmate "must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention." Sample v. Diecks, 1099, 1110 (3d Cir. 1989). The Third Circuit has also found that "not every official who is aware of a problem exhibits [deliberate] indifference by failing to resolve it." Id. A plaintiff must assert that an official can take action to prevent harm, and he can do so by noting the scope of the official's duties and the role that official plays as to the running of the prison. See id.

Here, Womack's bare-boned conclusory allegations in his Second Amended Complaint are the very type the Court in Iqbal found deficient. Womack does not allege that the High Ranking Officials had the sufficiently culpable state of mind to "purposefully" violate his constitutional rights. Womack just alleged that the High Ranking Officials "were informed" twice that an inmate was in "restraints," and when placed in restraints, he was compliant, but they did not stop the use of

7

restraints.  See Pl.'s 2d Am. Compl. (Doc. No. ) ¶¶ 64-73.  This is not enough to state a constitutional violation.

Although Womack alleged in conclusory fashion that the High Ranking Officials had a "gross disregard of the serious risk of harm and actual harm that the unnecessary shackling presented to Womack," he did not set forth facts from which the High Ranking BOP Officials could conclude that "restraints" could cause Womack serious harm, i.e. studies of the use of restraints, case law that prohibited the use of restraints for certain periods of time, etc.[3]  Thus, Womack did not allege the High Ranking Officials purposefully violated or had the sufficient state of mind to violate Womack's Eighth Amendment rights.

In addition, Womack fails to allege how the Assistant Director, Correctional Programs Division; Assistant Director, Health Services Division; Central Office Correctional Services Administrator; and Regional Correctional Services Administrator had any causal connection to Womack's alleged constitutional violation.  The Second Amendment Complaint contains no description of job

---

[3] Womack relies on Sadler v. Young, 325 F. Supp. 2d 689 (W.D. Va. 2004), rev'd on other grounds, 118 Fed. Appx. 762 (4th Cir. 2005), in error.  In Sadler, 325 F. Supp. 2d at 690, the inmate was placed in five-point restraints, strapped to a prison bed without a blanket or covering, and he could not move other than 6 times a day for bathroom and food breaks.  See id. Womack does not allege the BOP Officials were informed about the type of restraints that were used on Womack; but nowhere in his Second Amended Complaint does he allege the use of five-point restraints.

duties of these defendants and does not allege that the defendants in these positions had the authority to "stop" the use of restraints.[4]

Finally, Womack argued that he alleged facts that should be accepted as true and therefore those facts are plausible. See Pl.'s Opp'n Br. (Doc. No. 91) at 14. This is not the analysis the Supreme Court instructed in Iqbal. Rather, if a court finds "there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. If this Court finds Womack has alleged facts, those "facts" (the High Ranking Officials knew that restraining Womack would cause him serious harm and decided not to act) are not plausible. See id.

Accordingly, this Court should dismiss the Complaint with prejudice as to the High Ranking Officials.

## II. WOMACK'S REQUEST FOR INJUNCTIVE RELIEF FAILS

### A. Womack Failed To State A Claim For Injunctive Relief

In his Second Amended Complaint, Womack seeks to "cease the cruel and unjustifiable use of restraints on prisoners." This is not a class action lawsuit. Inmates Howard and Smith are not parties to this lawsuit. See 2d Am. Compl.

---

[4]Womack further fails to allege that a Director of the BOP or a Regional Director would be in positions to order a warden at an institution to remove restraints from an inmate.

9

(Doc. No. 67) ¶¶ 75, 75.  Thus, Womack can only claim that the BOP, or USP Lewisburg, will subject him to cruel and usual punishment in the future because it is BOP's alleged policy to punish inmates.  The Second Amended Complaint, however, does not contain this allegation.

Womack cites to several paragraphs in his Second Amended Complaint to argue that he has asserted a claim for injunctive relief.  See Pl.'s Opp'n Br. (Doc. No. 91) at 15-16.  Interestingly, most of the paragraphs that Womack cites to involve the previous use of restraints on Womack for a twenty-six day period.  See id.  The previous use of restraints on Womack or on inmates Howard and Smith do not support a claim for injunctive relief.  See Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) (noting a previous violation of the Eighth Amendment does not support a claim that an inmate would be subject to future injury).

Other paragraphs contain conclusory allegations such as "'[i]nmates housed at USP Lewisburg have been and are regularly placed in full restraints as a means of punishment,'" and "'[t]he wide spread nature of the use of full restraints continues at USP Lewisburg and amounts to a policy of regularly allowing and endorsing this cruel and unjustifiable treatment.'"  Id. (citing 2d Am. Compl. (Doc. No. 67) ¶¶ 74, 77).  Womack's Second Amended Complaint contains no factual allegations why Womack would be subject to future constitutional injury. The allegation that Defendant Lappin received a report that BOP staff was

confused as to the use of restraints, see 2d Am. Compl. ¶ 81, does not support a claim that BOP staff will punish Womack in the future.

Accordingly, Womack has only argued implausible contentions in his brief that the BOP will violate the Eighth Amendment and cruelly and usually punish Womack. See Iqbal, 129 S. Ct. at 1950. This Court should dismiss the request for injunctive relief, which is asserted against the High Ranking Officials in their official capacities.

### B.   Womack Lacks Standing

Although the High Ranking BOP Officials omitted the Fed. R. Civ. P 12(b)(1) standard of review in their brief, the High Ranking BOP Officials argued that this Court should dismiss the injunctive relief claims for failure to state a claim and lack of standing. See Br. In Supp. Of Mot. (Doc. No. 78) at 1. Womack is not prejudiced by the omission of the standard of review for Rule 12(b)(1) challenge, as his attorneys are competent as to the Federal Rules of Civil Procedure.

In addition, in their brief, the High Ranking Officials facially challenged Womack's allegations in his Second Amended Complaint, as Womack did not allege he would be subject to future improper treatment by the BOP. Womack said this argument "misses the mark." See Pl.'s Opp'n Br. (Doc. No. 91) at 19. Actually, future harm is the mark. A plaintiff must allege that they would be

11

subject to future harm to be entitled to injunctive relief.  See Brown, 819 F.2d at 400 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)).  Nowhere in the Second Amended Complaint is there an allegation that Womack will be subject to future harm.

As to his actual allegations, Womack states he is "currently housed by the Federal Bureau of Prisons in the New Jersey Department of Corrections." See 2d Am. Compl. (Doc. No. 67) ¶ 2.  Nowhere does Womack claim that the BOP can instruct the State of New Jersey on how to use restraints on a particular inmate or that there is a risk that the BOP will instruct the State of New Jersey to restrain Womack in violation of the Eighth Amendment.  Even if he did make these allegations, this is not plausible.

Womack also argued that he is returning to the BOP's MCFP Springfield facility for a surgical procedure, and thus, he would be subject to harm by the BOP.  Even if this Court would look beyond the pleadings and at the exhibit attached to Womack's response brief, Womack still has not alleged that the BOP will violate his constitutional rights by restraining him at this facility.  Other than an alleged document that purports to say that the BOP is improperly using restraints [not illegally or in violation of an inmate's constitutional rights], Womack makes no claims about any BOP facility that is restraining inmates, other than USP Lewisburg, in violation of the Eighth Amendment.  His argument,

because he makes no such allegation, that the BOP would violate his constitutional rights in the future is pure conjecture. The claim for injunctive relief against the BOP fails, and this Court should dismiss it.

Lastly, Womack speculates that because USP Lewisburg is being converted to a Special Management Unit that will deal with troublesome inmates and Womack is one of those inmates, Womack will "inevitably" return to USP Lewisburg. Womack has not alleged or argued that USP Lewisburg has designated him as a candidate for the Special Management Unit. Womack just believes because he was transferred five times, he will be sent back to USP Lewisburg. Similar speculation would have Womack transferred to the Administrative Maximum Security Prison in Florence, Colorado. Speculation does not equate to standing. Womack's claims for injunctive relief against USP Lewisburg thus fail.

Accordingly, this Court should dismiss the official capacity claims against Defendants Lappin, Dodrill, Vanyur, Kendig, Thomas, and Maiorana.

### III. THE STATUTE OF LIMITATIONS BARS WOMACK'S CLAIMS AGAINST DEFENDANTS VANYUR, THOMAS, AND MAIORANA

Womack does not contest that his claims against Defendants Vanyur, Thomas, and Maiorana fall outside the statute of limitations. Womack, however, argues that his Second Amended Complaint relates back pursuant to Fed. R. Civ.

P. 15(c). The new claims in the Second Amended Complaint against Defendants Vanyur, Thomas, and Maiorana do not relate back to the original Complaint.

Relying on a Western District of Virginia case that interprets Fed. R. Civ. P. 15(c)(2) to apply to <u>Bivens</u> defendants, Womack argues that notice to the United States Attorney satisfies the requirements of Rule 15(c). <u>See</u> Pl.'s Opp'n Br. (Doc. No. 91) at 24-25 (citing <u>Montgomery v. S.I.A. Johnson</u>, No. 7:05CV00131, 2008 WL 4452465, at * 7 (W.D. Va. Sept. 27, 2008)). Defendants respectfully disagree with the decision made by the district court in the Western District of Virginia.

Womack correctly looks to the plain language of Rule 15(c)(2), but he does not cite to or mention the bolded portion of the subsection: "**Notice to the United States**." Rule 15(c)(2) is not entitled Notice to Employees of the United States, etc. Thus, Womack and the <u>Montgomery</u> court are incorrect in interpreting Rule 15(c)(2) to apply to individual defendants who are represented independent of the United States with potential separate interests. As <u>Lojuk v. Johnson</u>, 853 F.2d 560, 563 (7th Cir. 1988), the only circuit court to address this issue head on, stated "[i]f either Congress or the drafters of the Civil Rules had intended to wipe out the defense of the statue of limitations otherwise available to federal officers, there would certainly be a clearer indication." <u>Id.</u>

Even if this Court were to follow the Western District of Virginia instead of the Seventh Circuit, the instant case is distinguishable. In Montgomery, 2008 WL 4452465, at *1, an inmate initially sued four prison officials claiming that they used excessive force on him, firing chemical munitions and rubber bullets, and even though he complained of eye discomfort, the officials refused him a shower and placed him in four point restraints for eighteen hours. See id. After several dispositive motions, and discovering the lone remaining defendant was on vacation during the time in question, the district court allowed the inmate to amend his complaint to add four prison officials (one of which was previously named and dismissed from the action). See id. at *3. The four officials allegedly refused to provide the inmate with a shower and forced him to endure eighteen hours of four-point restraints. See id.

The district court held that amended complaint related back to the original complaint. See id. at *5. The court found that the amended complaint "did not bring new claims against new parties; rather, it named different defendants as being responsible for the actions, as described in the original complaint." See id. The court also found that service of the original complaint upon the United States Attorney provided constructive notice to the new defendants. See id. The court reasoned that the AUSA representing the initial defendants had timely notice of all the inmate's issues and claims and a fair opportunity and a professional

15

responsibility to defend against those claims. See id. at *5-6. The court further reasoned that the AUSA knew but for the legal and factual mistakes, the pro se inmate would have named the proper defendants. See id.

    Here, although there may be an issue as to whether the new claims against Defendants Vanyur, Thomas, and Maiorana arise out of the same occurrence as that described in the original complaint, the claims are different. In the original complaint, Womack claimed that Defendants Smith ordered and Lieutenant Gabrielson restrained Womack in violation of the Eighth Amendment; and the director of the BOP "acquiesced" in that decision. In the Second Amended Complaint, Womack alleges in conclusory fashion that Defendants Vanyur, Thomas, and Maiorana were given written notification and did not stop the use of restraints. These new claims are distinct from the original claims and the new defendants had no notice that Womack was setting up and trying to enforce a claim against them. See id. (citing Goodman v. Praxair, Inc., 494 F.3d 458, 472 (th Cir. 2007) (en banc) (quoting N.Y. Cent. & Hudson River R.R. v. Kinney, 260 U.S. 340, 346 (1922))).

    Moreover, the undersigned had no notice that Womack, not pro se like the inmate in Montgomery, had a claim against Defendants Vanyur, Thomas, and Maiorana. Indeed, research reveals no similar claims against a Assistant Director, Correctional Programs Division; a Assistant Director, Health Services Division; a

Central Office Correctional Services Administrator; or a Regional Correctional Services Administrator.  The undersigned also had no notice that Womack's attorneys made a mistake in not naming these new defendants.[5]

Finally, Womack erroneously attempts to switch the burden of proof to Defendants Vanyur, Thomas, and Maiorana.  He claims that the new defendants did not produce evidence that they were not provided notice pursuant to Fed. R. Civ. P. 15(c)(I).  Proving that the new defendants were notified is Womack's burden.  See, e.g., Markhorst v. Ridgid, Inc., 480 F. Supp. 2d 813, 815 (E.D. Pa. 2007) (finding amended complaint did not relate back because the plaintiff did not produce evidence to demonstrate notice).  The absence of evidence is a fact, and the new defendants have no requirement to point to the record in their Statement of Material Facts to show Womack has no support for his claims.  Nowhere in the Second Amended Complaint or in his brief does Womack claim the new defendants had notice of his claims.  Instead, Womack essentially acknowledges that he has no evidence of notice, but wants to see if he can fish for that

---

[5]This case is also different from Pope v. Bond, 641 F. Supp. 489, (D.D.C. 1986) (allowing amendment where co-conspirators concealed their identification); Fludd v. United States Secret Serv., 102 F.R.D. 803, (D.D.C. 1984) (allowing amendment where the plaintiff identified John Does and substituted the defendants names that were concealed from the plaintiff).

information in discovery. This is improper, and this Court should deny the request.

Most importantly, as to Fed. R. Civ. P. 15(c)(ii), nowhere in the Second Amended Complaint or his opposition brief does Womack claim he made a mistake. See Ish Yersushalayim v. United States Dep't of Corrs. (sic), 374 F.3d 89, 91-92 (2d Cir. 2004) (holding amended complaint did not relate back because the plaintiff did not establish a "mistake"). Thus, whether or not the new defendants were aware of the original complaint is irrelevant. Womack has not explained to this Court why he did not name the new defendants previously despite the fact that he had notice of their alleged involvement in this case prior to filing his original complaint. Therefore, this Court should find the Second Amended Complaint does not relate back.

Accordingly, this Court should grant summary judgment to Defendants Vanyur, Thomas, and Maiorana.

## II. Conclusion

For the reasons stated above and in their original brief, this Court should grant the High Ranking BOP Officials' motion.

                          Respectfully submitted,

                          DENNIS P. PFANNENSCHMIDT
                          United States Attorney

                          /s/ Michael J. Butler
                          Michael J. Butler
                          Assistant United States Attorney
                          PA 81799
                          Dawn L. Mayko
                          Paralegal Specialist
                          U.S. Attorney's Office
                          228 Walnut Street, 2nd Floor
                          P.O. Box 11754
                          Harrisburg, PA 17108
                          Tel:  717-221-4482
                          Fax: 717-221-2246
                          Michael.J.Butler@usdoj.gov

Dated: October 14, 2009

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| Defendants | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on October 14, 2009, she served a copy of the attached

**DEFENDANTS D. SCOTT DODRILL, HARLEY G. LAPPIN, JOHN VANYUR, NEWTON KENDIG, LINDA THOMAS, AND CHUCK MAIORANA'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

by filing with the Court's ECF system.

Addressee:
Aaron B. Hewitt                                                  Deborah Golden
Alexis J. Gilman                                                  Washington Lawyers Committee
John H. Shenefield                                                 For Civil Rights & Urban Affairs
Maxine M. Woelfling
Thomas G. Scriven
Andrew C. Whitney
Jamie L. Ghen
Morgan, Lewis & Bockius, LLP
                                  **Attorneys for Plaintiff**

                                                                 s/ Dawn Mayko
                                                                 Dawn Mayko, Paralegal Specialist