IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID LEE WOMACK**<br><br>Plaintiff,<br><br>v.<br><br>**JOSEPH V. SMITH, et al.,**<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>No. 1:CV-06-2348 CCC<br><br>Judge Christopher C. Conner<br><br>Filed Electronically |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS LAPPIN,
VANYUR, THOMAS, MARIOANA, AND OLIVER'S
MOTION FOR RECONSIDERATION/CLARIFICATION**

Plaintiff David Lee Womack opposes Defendants' Lappin, Vanyur, Thomas, Marioana, and Oliver's Motion for Reconsideration ("Defendants' Motion") of the Court's statute-of-limitations ruling, because Defendants' argument fails to establish *any* legal error, much less *clear* legal error, and it represents a naked attempt to reargue a matter this Court already decided.

Mr. Womack concurs with Defendants' Motion to the extent it asks this Court to clarify that Defendants are allowed to raise the qualified immunity defense upon the completion of discovery.

## I.  STANDARD OF REVIEW

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. Fed. R. Civ. P. 59(e).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Cafe, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

In addition, motions for reconsideration are not intended to give litigants "a second bite at the apple," and litigants should not use a motion for reconsideration "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."  *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *see also Hill v. Tammac Corp.*, No. 05-1148, 2006 U.S. Dist. LEXIS 18531, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006)

("[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *See D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## II. ARGUMENT

### A. The Court Did Not Make A Clear Legal Error In Ruling That The Second Amended Complaint Relates Back To The Original Complaint.

Defendants argue that the Court made an error of law when it concluded that, under Rule 15(c)(2), the statute of limitations does not bar Mr. Womack's claims.[1] Given that the Court reached its conclusion based on the "plain language" of the rule, and given that numerous other courts have reached the exact same conclusion,[2] there was no error of law.

---

[1] Defendants do not argue that the Court should grant their Motion because of an intervening change in controlling law, or because new evidence is available. *See Max's Seafood Cafe*, 176 F.3d at 677.

[2] Plaintiff's briefing in opposition to Defendants' motions to dismiss cites numerous cases that Defendants failed to address in their briefing on the motions; these include *Pope v. Bond*, 26 641 F. Supp. 489, 495 (D.D.C. 1986) (allowing amendment of *Bivens* action to bring in new federal officers as defendants past limitation period under Rule 15(c)(2)); *Johnson v. Sawyer*, 640 F. Supp. 1126, 1135 (S.D. Tex. 1986) (same); *Fludd v. U.S. Secret Serv.*, 102 F.R.D. 803, 805 (D.D.C.1984) (same); *see also Ish Yerushalayim v. U.S. Dep't of Corr.*, 374 F.3d 89, 92 n.2 (2d Cir. 2004) (noting that because plaintiff did not deliver or mail serve his original *Bivens* complaint on the United States Attorney or the Attorney General, he could not "take advantage of [the] rule of

Moreover, Defendants' Motion should be denied under *Bhatnagar*, because they make at least three new arguments that could have been presented to the Court during the briefing on their motions to dismiss. *See* Defendants D. Scott Dodrill, Harley G. Lappin, John Vanyur, Newton Kendig, Linda Thomas, and Chuck Marioana's Brief in Support of Motion to Dismiss Second Amended Complaint, or Alternatively, Motion for Summary Judgment, Docket No. 78; Defendant John Oliver's Brief in Support of Motion to Dismiss Injunctive Claims and Motion for Summary Judgment, Docket No. 81. Defendants offer no excuse for failing to raise these arguments before.

First, Defendants argue that the Court made an error of law by "not considering that the Four BOP employees were sued in their individual capacities—not as officials of the United States or its agencies." *See* Mot. at 6. Defendants did not raise this argument before, so it should be denied. Even if the Court entertains the argument, it is wrong. All Defendants were sued in both their individual and official capacities, except for Defendant Thoms, who was sued in her official capacity only. *See* Complaint, Docket No. 1, ¶¶ 3-7; Second Amended Complaint, Docket No. 67, ¶¶ 3-11.

Second, Defendants argue that the Court should have addressed two cases from the Seventh Circuit. *See* Mot. at 6-7. But until now, Defendants had never

---

constructive notice" in Rule 15(c)(2) in amending to name individual federal officers as defendants outside statutory period). *See* Docket Nos. 91 and 93.

even mentioned the first case, *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996), and although Defendants had previously quoted a snippet of the second case, *Lojuk v. Johnson*, 853 F.2d 560, 563 (7th Cir. 1988), they hardly discussed it. Regardless, the Court made no legal error because Seventh Circuit cases are not binding precedent.

Finally, Defendants argue Fed. R. Civ. P. 4 supports their position. *See* Mot. at 8. Defendants inexcusably failed to raise this argument before—cause alone to reject it. But it also fails on the merits. Rule 4 expressly differentiates between official capacity suits and individual capacity suits. Rule 15(c)(2) does not, which suggests that Rule 15(c)(2) applies equally to both types of suits. So, yet again, the Court made no error of law.

## III. CONCLUSION

The Court should deny Defendants' Motion For Reconsideration on the Court's statute-of-limitations ruling. Defendants have not established *any* error of law, much less a *clear* error of law. The Court's ruling was consistent with the plain language of Rule 15(c)(2), and consistent with numerous other courts that have addressed the issue. In addition, the Court should reject Defendants' attempt to take second, third, and fourth bites at the apple. They had ample opportunity—but inexcusably failed—to address these issues in their briefing on the motions to dismiss.

Respectfully submitted,

Dated: January 26, 2010                By:   /s/ Aaron B. Hewitt

| | |
|---|---|
| Peter E. Halle | Jamie L. Ghen |
| Aaron B. Hewitt | Andrew C. Whitney |
| **MORGAN, LEWIS & BOCKIUS LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
| 1111 Pennsylvania Avenue, NW | 1701 Market St. |
| Washington, DC 20004 | Philadelphia, PA 19103 |
| 202.739.3000 | 215.963.5000 |
| 202.739.3001 (fax) | 877.432.9652 (fax) |
| | |
| Deborah M. Golden | Maxine M. Woelfling |
| **WASHINGTON LAWYERS COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS** | **MORGAN, LEWIS & BOCKIUS LLP** |
| 11 Dupont Circle, NW, Suite 400 | 17 North Second Street, Suite 1420 |
| Washington, D.C. 20036 | Harrisburg, PA 17101-1604 |
| 202.319.1000 | 717.237.5000 |
| 202.319.1010 (fax) | 717.237.5001 (fax) |

*Attorneys for Plaintiff David Lee Womack*

## **CERTIFICATE OF SERVICE**

I, Aaron B. Hewitt, hereby certify that on this 26th day of January, 2010, a copy of PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS LAPPIN, VANYUR, THOMAS, MARIOANA, AND OLIVER'S MOTION FOR RECONSIDERATION/CLARIFICATION was served via electronic court filing on the following party:

>Michael Butler
>United States Attorney's Office
>228 Walnut Street, Suite 220
>Harrisburg, PA 17108
>Michael.J.Butler@usdoj.gov

>_/s/ Aaron B. Hewitt_