# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK**, | : | CIVIL ACTION NO. 1:06-CV-2348 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JOSEPH V. SMITH**, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 12th day of February, 2010, upon consideration of defendants' motion (Doc. 54) for reconsideration of the order of court (Doc. 99) dated December 29, 2009, wherein defendants request that the court reconsider its ruling that the second amended complaint relates back to the original complaint, (see Doc. 99 at 7), and seek clarification regarding the court's conclusion that "at the time of the alleged constitutional violations, the contours of Eighth Amendment case law were sufficiently clear for a reasonable officer in a position similar to the defendants' positions to conclude that prolonged restraining of a compliant inmate violated the Eighth Amendment," (id. at 10), and it appearing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), that the court possesses inherent power to reconsider its interlocutory orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), and that a party may not invoke a motion for reconsideration as a

means to relitigate matters of disagreement with the court or to raise stale arguments anew, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001); see also Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (rejecting litigant's "classic attempt at a 'second bite at the apple'"), and recognizing that the court's qualified immunity ruling was limited to the challenge presented in the Rule 12 context, (see Doc. 99 at 10 (referencing the "alleged constitutional violations"), and the court concluding that defendants are simply attempting to relitigate their statute of limitations arguments,[1] it is hereby ORDERED that the motion (Doc. 101) for reconsideration is DENIED.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The ruling that the second amended complaint relates back to the original complaint was based upon both the plain language of Federal Rule of Civil Procedure 15 and the authorities cited by the parties, particularly plaintiff, in the original briefing on the matter.  Defendants' instant contention is that the court should follow the Seventh Circuit Court of Appeals and hold that Rule 15(c)(2) does not apply to Bivens suits against officials in their individual capacity.  Defendants had full opportunity to raise this argument during initial briefing, and in fact did so, albeit in a much more conclusory fashion than they do so now, (compare Doc. 102 at 5-9, with Doc. 78 at 19).  Defendants have not, however, identified an error of law, but simply an alternate interpretation, and the court will therefore not revisit its ruling at this juncture.