DCP:MJB:dlm

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | **NO. 1:CV-06-2348** |
| **Plaintiff** | : | |
| | : | **(Conner, J.)** |
| **v.** | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

## DEFENDANTS OLIVER AND DODRILL'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants John Oliver and D. Scott Dodrill hereby assert affirmative

defenses and answer Plaintiff David E. Ricketts' Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants are entitled to Qualified Immunity.

### Second Affirmative Defense

Plaintiff has not satisfied the exhaustion requirement of the Prison

Litigation Reform Act, 42 U.S.C. § 1997e(a).

### Third Affirmative Defense

Plaintiff has not stated a claim of any Constitutional violation for which

relief can be granted pursuant to Federal Rule of Civil Procedure 12(b).

### Fourth Affirmative Defense

To the extent any of the Defendants are named in their official capacities for

a claim for monetary damages, they are entitled to sovereign immunity.

### Fifth Affirmative Defense

Plaintiff lacks standing to request injunctive relief.

### Sixth Affirmative Defense

Defendant Dodrill is entitled to be dismissed from this action based upon

his lack of personal involvement and the doctrine of respondeat superior.

### Seventh Affirmative Defense

Plaintiff failed to make any effort to mitigate his damages.

### EighthAffirmative Defense

Plaintiff's damages, if any, should be proportionately decreased based upon

Plaintiff's contributory negligence.

2

### Ninth Affirmative Defense

Plaintiff is barred from recovery based upon his own assumption of the risk.

### Tenth Affirmative Defense

Plaintiff has not shown that Defendants' actions proximately caused any

damages.

### Eleventh Affirmative Defense

Plaintiff did not properly exhaust his administrative claim against the

United States, as required by the Federal Tort Claims Act.

### Twelfth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Defendants ask the Court to grant judgment in their favor

and against Plaintiff together with costs, disbursements, and other relief the Court

finds appropriate.

## ANSWER TO SECOND AMENDED COMPLAINT

## NATURE OF THE ACTION

1.    Defendants Oliver and Dodrill admit in part and deny in part the allegations

contained in paragraph 1 of the Second Amended Complaint.  Defendants Oliver

and Dodrill admit that Plaintiff is a District of Columbia Offender that was

sentenced by the D.C. Superior Court.  Defendants Oliver and Dodrill admit to the

extent that Plaintiff, while incarcerated at USP Lewisburg, was in ambulatory restraints, as provided in Bureau of Prisons policy, for 26 consecutive days. Defendants Oliver and Dodrill deny the remaining averments in paragraph 1 of the Second Amended Complaint.


## PARTIES

2.      Defendants Oliver and Dodrill admit the averments in paragraph 2 of the Second Amended Complaint.  By way of further answer, Plaintiff is now subject to the rules and regulations of the New Jersey Department of Corrections, including whether and when to use restraints.

3-6.  Defendants Oliver and Dodrill admit the averments in paragraph 3-6 of the Second Amended Complaint.

7-11.  Defendants Oliver and Dodrill note these parties have been dismissed from this action, and thus no response is necessary.

## JURISDICTION AND VENUE

12-13.  Defendants Oliver and Dodrill deny the averments in paragraphs 12-13 of the Second Amended Complaint because this paragraph represents legal conclusions to which no answer is required.

## FACTUAL ALLEGATIONS UNDERLYING THE COMPLAINT

14.    Defendants Oliver and Dodrill admit in part and deny in part averments in paragraph 14 of the Second Amended Complaint.  Defendants Oliver and Dodrill admit that Plaintiff is incarcerated by order of the D.C. Superior Court for offenses under the D.C. Code.  Defendants Oliver and Dodrill admit that in 2001, by order of the United States Congress, the D.C. prison complex in Lorton, Virginia was closed and all D.C. inmates were transferred under the authority of the BOP. Defendants Oliver and Dodrill admit that Plaintiff was incarcerated at USP Lewisburg from August 7, 2003 through October 21, 2005.  Defendants Oliver and Dodrill deny the remaining averments in paragraph 14 of the Second Amended Complaint.  By way of further answer, this Court does not have personal jurisdiction over Defendants Oliver and Dodrill for matters that happened outside of USP Lewisburg.

15.    Defendants Oliver and Dodrill deny the averments of paragraph 15 of the Second Amended Complaint.

16.    Defendant Oliver admits in part and denies in part the averments in paragraph 16 of the Second Amended Complaint.  Defendants Oliver admits that on December 8, 2004, at approximately 8:30 pm, Health Services staff was called to the Special Housing Unit (the SHU) where Plaintiff was found lying in his cell.

He was moved to the Health Services area. Plaintiff reported that he fell while cleaning water in his cell and hit his head on the toilet.  Defendant Oliver further admits Plaintiff was conscious and received treatment from Health Services staff. Defendant Oliver denies the remaining averments in paragraph 16 of the Second Amended Complaint.  By way of further answer, upon reasonable investigation, Defendant Oliver lacks sufficient knowledge to admit or deny the remaining averments in paragraph 16 of the Second Amended Complaint.

Defendant Dodrill lacks sufficient knowledge to admit or deny the averments in paragraph 16 of the Second Amended Complaint.

17.    Defendant Oliver admits in part and denies in part the averments in paragraph 17 of the Second Amended Complaint.  Defendant Oliver admits that Defendant Gabrielson escorted Plaintiff back to his cell the following day after a follow-up visit to Health Services.  Defendant Oliver denies the remaining averments in paragraph 17 of the Second Amended Complaint.

Defendant Dodrill lacks sufficient knowledge to admit or deny the averments in paragraph 17 of the Second Amended Complaint.

18.    Defendants Oliver and Dodrill admit in part and deny the averments in paragraph 18 of the Second Amended Complaint.  Defendants Oliver and Dodrill admit that when Gabrielson placed Plaintiff back in the cell and attempted to

6

remove his hand restraints, Plaintiff pulled away by placing both feet on the door and lunged backwards. The cell jammed and Gabrielson's arm was pulled through the food slot as a result of the pressure Plaintiff was applying to the inside of the door. Gabrielson maintained control of the hand restraints as the door was reopened. Plaintiff stated he would not take the restraints off and would through urine and feces on anyone who came near his cell. Gabrielson reapplied the leg restraints and Martin chain that had been removed prior to placing Womack in the cell and escorted Plaintiff out of that cell to another. By way of further answer the BOP does not use the term "shackle." Defendants Oliver and Dodrill admit Plaintiff was not actively assaultive in the videotape footage. Defendants Oliver and Dodrill admit Plaintiff was continued in restraints. Defendants Oliver and Dodrill deny that moving Plaintiff to another cell was at Plaintiff's request. Defendants particularly deny that assaulting a correctional officer constitutes a "reasonable request."

19.    Defendants Oliver and Dodrill admit in part and deny in part the averments in paragraph 19 of the Second Amended Complaint. Defendants Oliver and Dodrill admit that ambulatory restraints can consist of a set of handcuffs, leg irons, a Martin chain, and a black box. Defendants Oliver and Dodrill deny the remaining averments in paragraph 19 of the Second Amended Complaint.

20-22.  Defendants Oliver and Dodrill deny the averments in paragraphs 20-22 of the Second Amended Complaint.

23.     Defendant Oliver admits in part and deny in part the averments in paragraph 23 of the Second Amended Complaint.  Defendant Oliver admits that almost without exception, inmates at USP Lewisburg are double celled.  Defendant Oliver admits that Plaintiff refused to be double celled and Plaintiff was continued in restraints due to his egregious behavior as described in documents previously submitted to the court.  Defendant Oliver denies the remaining averments of paragraph 23 of the Second Amended Complaint.

Defendant Dodrill lacks sufficient knowledge to admit or deny the averments in paragraph 23 of the Second Amended Complaint.

24.     Defendant Oliver admits in part and denies in part the averments in paragraph 24 of the Second Amended Complaint.  Defendant Oliver admits that other inmates were in restraints during this time frame.  By way of further answer, in addition to various behaviors requiring restraints, other inmates refused cellmates.  Defendant Oliver denies the remaining averments of paragraph 24 of the Second Amended Complaint.  Defendant Dodrill lacks sufficient knowledge to admit or deny the averments in paragraph 24 of the Second Amended Complaint.

25.     Defendants Oliver and Dodrill admit in part and deny in part the averments

8

in paragraph 25 of the Second Amended Complaint.  Defendants Oliver and Dodrill admit that Plaintiff was confined in a secure cell and in ambulatory restraint for 26 days.  Defendants Oliver and Dodrill deny the remaining averments in paragraph 25 of the Second Amended Complaint.

26.    Defendants Oliver admits in part and denies in part the averments in paragraph 26 of the Second Amended Complaint.  Defendant Oliver admits that on December 20, 2004, Plaintiff broke his left hand restraint.  Defendant Oliver admits that a use of force team was assembled to remove the broken restraints and put Womack back in ambulatory restraints.  By way of further answer, two sets of wrist restraints were applied since the inmate had demonstrated his ability to break one.  The double restraint did not hamper the inmate's movement any more than the single set.  It simply provided more security.  Defendant Oliver denies the remaining averments in paragraph 26 of the Second Amended Complaint.

Defendant Dodrill admits that Womack was in continued restraints but denies the remaining averments as Defendant Dodrill lacks sufficient knowledge to admit or deny the averments in paragraph 26 of the Second Amended Complaint.

27-28.  Defendants Oliver and Dodrill admit the averments in paragraphs 27-28 of the Second Amended Complaint.

9

29.    Defendants Oliver and Dodrill deny the averments in paragraph 29 of the Second Amended Complaint.

30.    Defendant Oliver admits in part and denies in part the averments in paragraph 30 of the Second Amended Complaint. Defendant Oliver admits that Plaintiff refused to accept a cellmate when asked at various times throughout the 26 day period at issue in this complaint. Defendant Oliver denies the remaining averments in paragraph 30 of the Second Amended Complaint.

Defendant Dodrill lacks sufficient knowledge to admit or deny the averments in paragraph 30 of the Second Amended Complaint.

31-32.  Defendants Oliver and Dodrill deny the averments in paragraphs 31-32 of the Second Amended Complaint.

33.    Defendants Oliver denies the averments in paragraphs 33 of the Second Amended Complaint.

Defendant Dodrill lacks sufficient knowledge to admit or deny the averments in paragraph 33 of the Second Amended Complaint.

34.    Defendants Oliver and Dodrill admit in part and deny in part the averments in paragraph 34 of the Second Amended Complaint. Defendants Oliver and Dodrill admit that Plaintiff was placed in ambulatory restraints on February 3, 2005. Defendants Oliver and Dodrill deny the remaining averments in paragraph

10

34 of the Second Amended Complaint.

35.    Defendants Oliver and Dodrill admit in part and deny in part the averments in paragraph 35 of the Second Amended Complaint. Defendants Oliver and Dodrill admit that Plaintiff was removed from ambulatory restraints on February 4, 2005. Defendants Oliver and Dodrill admit that Mr. Womack agreed to accept a cellmate. Defendants Oliver and Dodrill deny the remaining averments in paragraph 35 of the Second Amended Complaint.

36.    Defendants Oliver and Dodrill admit in part and deny in part the averments in paragraph 36 of the Second Amended Complaint. Defendants Oliver and Dodrill admit that Plaintiff received medical attention as provided in documents previously submitted to his counsel. Defendants Oliver and Dodrill deny the remaining averments in paragraph 36 of the Second Amended Complaint.

37.    Defendants Oliver and Dodrill deny the averments in paragraph 37 of the Second Amended Complaint. By way of further answer, upon reasonable investigation, Defendants Oliver and Dodrill are without information sufficient to either admit or deny the averments in this paragraph.

## Bureau of Prisons Policies on the Use of Force

38.    Defendants Oliver and Dodrill admit in part and deny in part the averments in paragraph 38 of the Second Amended Complaint. Defendants Oliver and

Dodrill admit that Bureau of Prisons' Program Statement 5566.05 provided guidance on the Use of Force and Application of Restraints. Defendants Oliver and Dodrill deny the remaining averments in paragraph 38 of the Second Amended Complaint.

39.    Defendants Oliver and Dodrill admit the averments in paragraph 39 of the Second Amended Complaint.

40.    Defendants Oliver and Dodrill deny the averments in paragraph 40 of the Second Amended Complaint.

41.    Defendants Oliver and Dodrill admit the averments in paragraph 41 of the Second Amended Complaint.

42.    Defendants Oliver and Dodrill admit in part and deny in part the averments in paragraph 42 of the Second Amended Complaint. Defendants admit Program Statement 5566.05 provided that ambulatory restraints are "approved soft and hard restraint equipment which allows the inmate to eat, drink, and take care of basic human needs without staff intervention." Defendants Oliver and Dodrill deny the remaining averments in paragraph 42 of the Second Amended Complaint.

43-45.  Defendants Oliver and Dodrill deny the averments in paragraphs 43-45 of the Second Amended Complaint. By way of further answer, upon reasonable investigation, Defendants Oliver and Dodrill are without information sufficient to

either admit or deny the averments in these paragraphs.

46.    Defendants Oliver and Dodrill admit the averments in paragraph 46 of the Second Amended Complaint.  By way of further answer, Program Statement 5566.05 provided: "All use of force incidents must be reported and investigated to protect staff from unfounded allegations and eliminate the unwarranted use of force."

47-48.  Defendants Oliver and Dodrill deny the averments in paragraphs 47-48 of the Second Amended Complaint.


**All Defendants Were Deliberately Indifferent to Mr. Womack's Harm**

49-50.  Defendants Oliver and Dodrill admit in part and deny in part the averments in paragraphs 49-50 of the Second Amended Complaint.  Defendants Oliver and Dodrill were versed on the Bureau of Prisons' policy on restraints as set forth in Program Statement 5566.05.  Defendants Oliver and Dodrill deny the remaining averments in paragraphs 49-50 of the Second Amended Complaint.

51-52.  Defendants Oliver and Dodrill deny the averments in paragraphs 51-52 of the Second Amended Complaint.

53.  Defendants Oliver and Dodrill deny the averments in paragraph 53 of the Second Amended Complaint.

13

54.  Defendants Oliver and Dodrill admit in part and deny in part the averments in paragraph 54 of the Second Amended Complaint.  Defendants Oliver and Dodrill admit that they were acting within the scope of their employment for the time period relevant to the Second Amended Complaint.  Defendants Oliver and Dodrill deny the remaining averments in paragraph 54 of the Second Amended Complaint.

### Defendants Smith, Oliver, and Gabrielson

55-63.  Defendant Oliver denies the averments in paragraphs 55-63 of the Second Amended Complaint.  The allegations in this paragraph are directed to defendants other than Defendant Dodrill, and thus he does not respond.  To the extent a response is required, Defendant Dodrill denies the averments in this paragraph.

### Defendants Dodrill, Lappin, Vanyur, Thoms, Thomas and Marioana

64.     Defendant Dodrill denies the averments in paragraph 64 of the Second Amended Complaint.  The allegations in this paragraph are directed to defendants other than Defendant Oliver, and thus he does not respond.  To the extent a response is required, Defendant Oliver denies the averments in this paragraph.

65.     Defendant Dodrill admits the averments in paragraph 65 of the Second Amended Complaint.  The allegations in this paragraph are directed to defendants

14

other than Defendant Oliver, and thus he does not respond.  To the extent a response is required, Defendant Oliver denies the averments in this paragraph.

66.    Defendant Dodrill admits in part and denies in part the averments in paragraph 66 of the Second Amended Complaint.  Defendant Dodrill admits to the extent the institution duty officer informed the Region Duty Officer and proper paperwork was sent to NERO.  Defendant Dodrill denies the remaining averments in paragraph 66 of the Second Amended Complaint.  The allegations in this paragraph are directed to defendants other than Defendant Oliver, and thus he does not respond.  To the extent a response is required, Defendant Oliver denies the averments in this paragraph.

67.    Defendant Dodrill admits in part and denies in part the averments in paragraph 67 of the Second Amended Complaint.  Defendant Dodrill admits to the extent the institution duty officer informed the Region Duty Officer and proper paperwork was sent to NERO.  Defendant Dodrill denies the remaining averments in paragraph 67 of the Second Amended Complaint.  The allegations in this paragraph are directed to defendants other than Defendant Oliver, and thus he does not respond.  To the extent a response is required, Defendant Oliver denies the averments in this paragraph.

68.    Defendant Dodrill admits in part and denies in part the averments in

paragraph 68 of the Second Amended Complaint.  Defendant Dodrill admits to the extent the institution duty officer informed the Region Duty Officer and proper paperwork was sent to NERO.  Defendant Dodrill denies the remaining averments in paragraph 68 of the Second Amended Complaint.  The allegations in this paragraph are directed to defendants other than Defendant Oliver, and thus he does not respond.  To the extent a response is required, Defendant Oliver denies the averments in this paragraph.

69.     Defendant Dodrill admits in part and denies in part the averments in paragraph 69 of the Second Amended Complaint.  Defendant Dodrill admits to the extent the institution duty officer informed the Region Duty Officer and proper paperwork was sent to NERO.  Defendant Dodrill denies the remaining averments in paragraph 69 of the Second Amended Complaint.  The allegations in this paragraph are directed to defendants other than Defendant Oliver, and thus he does not respond.  To the extent a response is required, Defendant Oliver denies the averments in this paragraph.

70.     Defendant Dodrill denies the averments in paragraph 70 of the Second Amended Complaint.  The allegations in this paragraph are directed to defendants other than Defendant Oliver, and thus he does not respond.  To the extent a response is required, Defendant Oliver denies the averments in this paragraph.

71-72.  Defendant Dodrill admits in part and denies in part the averments in

paragraphs 71 and 72 of the Second Amended Complaint.  Defendant Dodrill

admits to the extent he did not reprimand, censure, sanction, or punish Defendants

Oliver, Gabrielson, or Smith.  Defendant Dodrill denies the remaining averments

in paragraphs 71 and 72 of the Second Amended Complaint. The allegations in

these paragraphs are directed to defendants other than Defendant Oliver, and thus

he does not respond.  To the extent a response is required,  Defendant Oliver

denies the averments in these paragraphs.

73.    Defendant Dodrill denies the averments in paragraph 73 of the Second

Amended Complaint.  The allegations in this paragraph are directed to defendants

other than Defendant Oliver, and thus he does not respond.  To the extent a

response is required, Defendant Oliver denies the averments in this paragraph.

**USP Lewisburg Regularly Uses Shackles as a Means of Punishment**

74.    Defendants Oliver and Dodrill deny the averments in paragraph 74 of the

Second Amended Complaint.

75.    Defendant Oliver admits in part and denies in part the averments of

paragraph 75 of the Second Amended Complaint.  Defendant Oliver admits that

the inmate referenced in paragraph 75 refused to be housed with a cellmate.  By

way of further answer, Plaintiff omitted important background, which included the

17

fact that this inmate refused staff orders on multiple occasions and refused to take a cellmate. Defendant Oliver denies the remaining averments of paragraph 75 of the Second Amended Complaint.

Defendant Dodrill lacks sufficient knowledge to admit or deny the averments in paragraph 75 of the Second Amended Complaint.

76. Defendant Oliver admits in part and denies in part the averments in paragraph 76 of the Second Amended Complaint. Defendant Oliver admits that the inmate referenced in paragraph 76 refused to be housed with a cellmate. Defendant Oliver also admits that the inmate referenced in paragraph 76 was placed in ambulatory restraints for 73 hours. By way of further answer, Plaintiff omitted important background, which included the fact that this inmate had shown signs of imminent violence, destroyed government property, made threats to staff, refused orders, and refused to take a cellmate. Defendant Oliver denies the remaining averments in paragraph 76 of the Second Amended Complaint.

Defendant Dodrill lacks sufficient knowledge to admit or deny the averments in paragraph 76 of the Second Amended Complaint.

77. Defendants Oliver and Dodrill admit in part and deny in part the averments in paragraph 77 of the Second Amended Complaint. Defendants Oliver and Dodrill admit that inmates at USP Lewisburg may continue to be restrained. Defendants Oliver and Dodrill deny the remaining averments in paragraph 77 of the Second

Amended Complaint.

78.    Defendant Dodrill denies the averments in paragraph 78 of the Second

Amended Complaint..  The allegations in this paragraph are directed to defendants

other than Defendant Oliver, and thus he does not respond.  To the extent a

response is required, Defendant Oliver denies the averments in this paragraph.

79-81.        The allegations in paragraphs 79-81 of the Second Amended

Complaint are directed to Defendants other than Defendants Oliver and Dodrill.

Therefore, no response is required.

82.    Defendant Dodrill denies the averments in paragraph 82 of the Second

Amended Complaint.  The allegations in this paragraph are directed to defendants

other than Defendant Oliver, and thus he does not respond.  To the extent a

response is required, Defendant Oliver denies the averments in this paragraph.

83.    Defendant Dodrill denies the averments in paragraph 83 of the Second

Amended Complaint.  The allegations in this paragraph are directed to defendants

other than Defendant Oliver, and thus he does not respond.  To the extent a

response is required, Defendant Oliver denies the averments in this paragraph.


## COUNT I - Damages

84.    Defendants' responses to paragraphs 1-83 are incorporated by reference as

fully stated herein.

85-92.  Defendants Oliver and Dodrill deny the averments in paragraphs 85-92 of the Second Amended Complaint.

WHEREFORE, this Court should grant judgment to Defendants Oliver and Dodrill, and against Plaintiff, together with costs, disbursements, and other relief the Court finds appropriate.

## COUNT II – Declaratory Relief

93.    Defendants' responses to paragraphs 1-92 are incorporated  by reference as fully stated herein.

94-95.  Defendants Oliver and Dodrill deny the averments in paragraphs 94-95 of the Second Amended Complaint.

WHEREFORE, this Court should grant judgment to Defendants Oliver and Dodrill , and against Plaintiff, together with costs, disbursements, and other relief the Court finds appropriate.

## COUNT III – Injunctive Relief

96.    Defendants' responses to paragraphs 1-95 are incorporated  by reference as fully stated herein.

97.    Defendants Oliver and Dodrill deny the averments in paragraph 97 of the Second Amended Complaint.

WHEREFORE, this Court should grant judgment to Defendants Oliver and

Dodrill, and against Plaintiff, together with costs, disbursements, and other relief

the Court finds appropriate.

Respectfully submitted,

DENNIS C. PFANNENSCHMIDT
United States Attorney


s/ Michael J. Butler
Michael J. Butler
Assistant United States Attorney
PA 81799
Dawn L. Mayko
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108
Phone:  717-221-4482
Fax: 717-221-2246
Dated: February 26, 2010          Michael.J.Butler@usdoj.gov

OF COUNSEL:

Lori K. Cunningham
Supervisory Attorney
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | **NO. 1:CV-06-2348** |
| **Plaintiff** | : | |
| | : | **(Conner, J.)** |
| **v.** | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on February 26, 2010, she served a copy of the attached

## DEFENDANTS OLIVER AND DODRILL'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

by filing with the Court's ECF system.

<u>Addressee:</u>
Aaron B. Hewitt                              Deborah Golden
Alexis J. Gilman                             Washington Lawyers Committee
John H. Shenefield                            For Civil Rights & Urban Affairs
Maxine M. Woelfling
Thomas G. Scriven
Andrew C. Whitney
Jamie L. Ghen
Morgan, Lewis & Bockius, LLP
                    **Attorneys for Plaintiff**

                                        s/ Anita L. Lightner
                                        Anita L. Lightner
                                        Paralegal Specialist