DCP:MJB:dlm

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| **Plaintiff** | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | Filed Electronically |

## MOTION TO AMEND THE CASE MANAGEMENT ORDER

Defendants respectfully submit this motion for a discovery deadline extension in the above-captioned matter. In support thereof, Defendants state as follows:

1. The Court issued a Case Management Order dated January 6, 2010, directing that fact discovery in this matter is to be completed by April 15, 2010.

2. On February 19, 2010, Plaintiff emailed the undersigned to seek to depose nine witness, Defendants Scott Dodrill, Joseph Smith, John Oliver, and Kenneth Gabrielson, and non-BOP Defendants Dean Hollenback, Dr. Jennifer Hunter, Dr. Anthony Bussanich, Scott Olvany, Mark Peoria, William Haas, and a Rule 30(b)(6) witness.

3. After a conference call with Plaintiff's counsel on February 19, 2010, the

undersigned informed Plaintiff's counsel that he would check to find the location of these individuals. Plaintiff's counsel also asked for information about eight other BOP employees Douglas McClintock, Carl Middletoon, Ryan Parkyn, Leonard Potter, Luis Ramirez, Beverly Prince, Greg Ulsh, and AJ Whitecavage.

4. On February 23, 2010, the undersigned provided information on the whereabouts of Plaintiff's requested deponents.

5. On February 25, 2010, Plaintiff's counsel sent a subpoena requesting documents and scheduling a deposition for a Rule 30(b)(6) witness for March 12, 2010 at Morgan Lewis' offices in Washington, D.C.

6. On Friday, February 26, 2010, at 8:52 a.m., Plaintiff emailed about the prospects about scheduling the requested deponents.

7. Later that same day, without consulting with the undersigned about his schedule, Defendants' schedules, or the schedules of non-defendant deponents, Plaintiff noticed the depositions of Defendants Scott Dodrill (03/12/2010 - Washington, D.C.), Joseph Smith (03/15/2010 - Tampa, Fl), John Oliver (03/16/2010 - Tampa, Fl), and Kenneth Gabrielson (03/29/2010 - Harrisburg), and to depose BOP employees Dean Hollenback (03/30/2010 - Harrisburg), Dr. Jennifer Hunter (03/30/2010 - Harrisburg), Dr. Anthony Bussanich (03/26/2010 - New York), Mark

Peoria (03/31/2010 - Harrisburg), and William Haas (03/31/2010 - Harrisburg).[1] See Notices of Deposition (Ex. A).

8. Case law provides and it is customary that defendant witnesses (here, employed by the Bureau of Prisons) are deposed at or near their place of employment, which for most is Lewisburg, Pennsylvania. See, e.g., Philadelphia Idem. Ins. Co. V. Federal Ins. Co., 215 F.R.D. 492, 495 (E.D. Pa. 2003) (noting "the deposition of a corporate officer or employee should usually take place at the corporation's principal place of business or, as other courts have held, at his place of business or employment") (citations omitted).

9. Accordingly, Plaintiff seeks to depose ten individuals in the span of 23 business days, and has informed the undersigned that there may be more depositions. These depositions would require that the undersigned be out of town for long stretches of time (Florida, Lewisburg, Washington, and New York).

10. The undersigned has trial scheduled in a contract dispute matter, USPS v. Sunshine Development, Inc., 1:07-CV-02101, set for March 22, 2010, an employment discrimination action, Pinegar v. Shinseki, 1:07-CV-0313, set for April 5, 2010, and a Federal Torts Claim Action, Mike Perez v. United States, 1:04-CV-1944, set for April 14, 2010. These trials may be avoided by counsel's efforts at

---

[1] Plaintiff did not send subpoenas to the non-defendant witnesses.

settlement, but they may not.

11. These trials all require the undersigned to prepare pretrial materials, engage in settlement discussions, attend settlement conferences and pretrial conferences, and prepare witnesses and exhibits, etc.

12. In addition to the trial requirements, the undersigned also has other matters that require his attention, including two other depositions that Plaintiff's counsel in <u>Ricketts v. United States, et al.</u>, Civil No. 1:CV-07-0049 (M.D. Pa) has yet to schedule with a discovery deadline of March 31, 2010; and attend a deposition and mediation conference in <u>Reynolds v. Holder</u>, Civ No. 2:08-cv-4270 (E.D. Pa) on March 8-9, 2010 in Philadelphia, Pennsylvania. This does not include the numerous other filings due in prisoner and non-prisoner cases.

13. Accordingly, the undersigned requests that the Court amend its case management schedule to extend each date by 60 days. The dates would be amended to provide

    Supplemental Fact Discovery Deadline: June 15, 2010

    Dispositive Motion Deadline: July 6, 2010

    Expert Report Deadline:

        Plaintiff: July 6, 2010

        Defendant: August 6, 2010

        Supplemental Reports: August 20, 2010

Motions in Limine Deadline: October 20, 2010

Pretrial Memoranda Deadline: November 15, 2010

Pretrial Conference: November _, 2010, at _____

Voire Dire and Jury Instructions: November 22, 2010

Jury Selection and Trial: December ____, 2010, at _____

14. Counsel for Plaintiff, agrees to a 30 day extension, but he would not agree to a 60 day extension, as he wants to begin taking depositions immediately. Plaintiff's counsel proposed we go back to the court after a 30 day request and ask for another extension if necessary. This would not be in the interest of judicial economy because the undersigned would have to file yet another motion and ask for another 30 days based on the above scheduling conflicts.

15. Counsel is mindful of the interest of the Court to promptly dispose of matters on its docket. This request is not made for the purpose of unduly delaying this matter. Rather, it is counsel's intent to be able to adequately prepare its defense on behalf of Defendants.

WHEREFORE, Defendants respectfully request that the Court amend its case management order by extending the deadlines by 60 days.

Date: March 2, 2010    Respectfully submitted

DENNIS C. PFANNENSCHMIDT
United States Attorney

s/Michael J. Butler
Michael J. Butler
Assistant U.S. Attorney
Attorney I.D. PA 81799
United States Attorney's Office
228 Walnut Street, Ste. 220
Harrisburg, PA 17108
Telephone No. (717) 221-4482
Facsimile No. (717) 221-2246
Michael.J.Butler@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| **Plaintiff** | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | Filed Electronically |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 2nd day of March, 2010, she served a copy of the attached

**MOTION TO AMEND THE CASE MANAGEMENT ORDER**

by filing with the Court's ECF system.

Addressee:
Aaron B. Hewitt
Alexis J. Gilman
John H. Shenefield
Maxine M. Woelfling
Thomas G. Scriven
Andrew C. Whitney
Jamie L. Ghen
Morgan, Lewis & Bockius, LLP
       **Attorneys for Plaintiff**

Deborah Golden
Washington Lawyers Committee
 For Civil Rights & Urban Affairs

s/ Dawn Mayko
Dawn Mayko, Paralegal Specialist