UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID LEE WOMACK, | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| JOSEPH V. SMITH, et al., | : | |
| Defendants | : | Filed Electronically |

**DEFENDANT JOHN OLIVER'S BRIEF IN SUPPORT
OF MOTION TO CERTIFY FOR INTERLOCUTORY
APPEAL OF THIS COURT'S ORDERS
DATED DECEMBER 29, 2009 AND FEBRUARY 12, 2010**

Defendant John Oliver respectfully files this brief in support of his motion to certify for interlocutory appeal the Court's order of December 29, 2009 denying his motion to dismiss or, in the alternative, for summary judgment, and the February 12, 2010 order denying his (and others') motion for reconsideration.  Because the Orders involve a controlling question of law — whether Rule 15(c)(2) of the Federal Rules of Civil Procedure applies to federal employees sued in their individual capacity — and an immediate appeal may advance the termination of this action, this Court should certify its Orders for interlocutory appeal to the Court of Appeals for the Third Circuit.

**I. Background**

On December 7, 2006, Plaintiff David Lee Womack, a federal inmate, initiated an individual-capacity action against various employees of the Federal

Bureau of Prisons (BOP) pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics, 403 U.S. 388 (1971). Plaintiff alleged that he was placed in ambulatory restraints for 26 days, from December 10, 2004 until January 3, 2005, in violation of his Eighth Amendment rights.

On May 29, 2009, more than four years after the alleged incidents giving rise to this suit occurred and approximately two and a half years after the complaint was filed, Plaintiff amended his complaint to add additional defendants, including Defendant J. Oliver. On August 19, 2009, most of the defendants moved to dismiss or, alternatively, for summary judgment, raising various defenses.[1]

On December 29, 2009, this Court treated the motions solely as motions to dismiss and granted them in part and denied them in part. Relevant to this motion, the Court denied defendants Vanyur, Thomas, Mariaona, and Oliver's motion to dismiss based on the two-year statute of limitations, see 12/29/09 Ord. (Doc. No. 99), but ultimately dismissed all the moving defendants (except Defendant Oliver) because Plaintiff failed to properly plead those defendants' personal involvement in Plaintiff's alleged constitutional violation.

---

[1] Specifically, two motions were filed. The first was filed by BOP Director Harley G. Lappin, Regional Director D. Scott Dodrill, Assistant Director John Vanyur, Central Office Correctional Services Administrators Linda Thomas and Newton Kendig (Kendig was sued only in her official capacity and substituted for Mary Ellen Thoms, deceased), and Regional Correctional Services Administrator Chuck Marioana. The second motion was filed by Defendant John Oliver.

On February 12, 2010, this Court denied a motion for reconsideration of the December 29, 2009 Order.

## II. Questions Presented

Should this Court certify the December 29, 2009 and February 12, 2010 Orders for interlocutory appeal because the interpretation of Rule 15(c)(2) (whether it applies to federal employees sued in their individual capacity) is a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the termination of Defendant Oliver from this action and may prevent further additional parties from being added.

**Suggested Answers:** Affirmative.

## III. Argument

A. **Interlocutory Appeal Standard**

This Court should certify this matter for interlocutory appeal under 28 U.S.C. § 1292(b).  Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such an order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district court or the Court of Appeals or a judge  thereof shall so order.

> Accordingly, the requirements for interlocutory appeal are satisfied if "(1)

the order 'involves a controlling question of law,' (2) 'a substantial ground for difference of opinion' exists with regard to the issue involved, and (3) an immediate appeal 'may materially advance the ultimate termination of the litigation.'" In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 704 (M.D. Pa 2009) (quoting 28 U.S.C. § 1292(b); Simon v. United States, 341 F.3d 193, 199 (3d Cir. 2003)).

**B.**     **The Court's Orders Involve A Controlling Question**

"An order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is "serious to the conduct of the litigation either practically or legally." Id. (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974)).

Here, the controlling question is whether the special constructive notice provision of Fed. R. Civ. P. Rule 15(c)(2) applies where federal employees sued in their individual capacities are added to a complaint after the statute of limitations has run. Under the general notice provision of Rule 15(c)(1), an amendment naming a party to a lawsuit relates back to the date of the original only if the new party received adequate notice of the lawsuit "within the period provided by Rule 4(m) for serving the summons and complaint," so as to not be "prejudiced in maintaining a defense on the merits." When, however, the new defendant is "the United States or a United States officer or agency," Rule 15(c)(2) deems this notice

4

requirement constructively satisfied by service of the original complaint on the United States Attorney, the Attorney General, or the officer or the agency.  Fed. R. Civ. P. 15(c)(2).

Here, this Court ruled that Defendant Oliver is a "United States officer" and thus the amendment to add him "relates back" under Rule 15(c)(2) because Plaintiff timely served his original complaint on the United States Attorney's Office, the Attorney General, and the Bureau of Prisons.  See Doc. No. 99 at 6.  Defendant Oliver argued, however, that Rule 15(c)(2) applies only to cases in which a federal officer is sued in his or her official capacity.  He reasoned that the language of Rule 15(c)(2), titled "Notice to the United States," addresses only a situation where a plaintiff sues "the United States or a United States officer or agency" but not an employee of the United States.

In addition, he reasoned Rule 15(c)(2) requires notice only to a government lawyer.  That provision makes sense when suit is brought against an employee in his or her official capacity because an official-capacity suit is really a suit against the sovereign, Kentucky v. Graham, 473 U.S. 159, 166 (1985), and government representation is automatic.  Accordingly, notice to the government's lawyer is properly imputed to the official-capacity defendant, who is actually the sovereign.  Id.  Conversely, an individual sued in his personal capacity under Bivens is not a proxy for the government and is not guaranteed representation by government

counsel. See 28 C.F.R. § 50.15(a) (providing that Department of Justice representation "may" be provided if the employee chooses to request representation and the Attorney General determines he was acting within the scope of his employment and representation is otherwise in the interests of the United States); see generally 28 C.F.R. § 50.15 (providing requirements for and limitations on representation in individual-capacity actions). Accordingly, it would be unreasonable for Rule 15(c)(2) to operate in such a way that does not guarantee notice to an individual's attorney but only to the government's attorney, especially when that individual defendant may not be represented by government counsel.[2] As the 1966 Advisory Notes explain, the history of the provision shows that it was added to respond to situations in which a plaintiff accidentally sues the wrong governmental agency and the government knows that it has been sued.[3]

Defendant Oliver's argument is consistent with Rule 15(c)(1)(C), which

---

[2] A client-attorney relationship arises between an individual employee and the component of the Department of Justice that will undertake his or her defense only after the employee has been named as a defendant in a lawsuit, has requested representation, and such representation has been authorized and undertaken. See 28 C.F.R. § 50.15(a)(3).

[3] The relation back provisions of the Federal Rules ensure that a plaintiff does not bring stale suits, and, if a party is added, the relation-back provisions ensure that it had notice of the lawsuit and could preserve evidence, including the party's own memory. A rule that a plaintiff may add a party after the statute has run because his potential attorney had notice of the case, allows a plaintiff to sit on their hands and prejudices a potential defendant who has forgotten about the case or has not preserved evidence — no attorney can assist with these problems.

permits relation back only when the proper party has actual notice of the suit, when he would not be prejudiced by the amendment, and when he knew or should have known that he was the correct party to be sued. Rule 15(c)(2) can do away with the requirements of 15(c)(1)(C) in official-capacity suits because those conditions are essentially satisfied when official-capacity suits are brought against the wrong party, as the sovereign has already been sued but the plaintiff merely misidentified the proper agency or component of government.

By contrast, the government is <u>not</u> the real party in interest in an individual-capacity suit. Rather, an individual-capacity defendant has his or her own legal responsibilities that are distinct from, and do not necessarily overlap with, those of the government. Permitting the otherwise untimely addition of individual-capacity defendants is of enormous significance compared to, for example, the formalistic insertion of a newly appointed Secretary in an official-capacity suit. As opposed to official-capacity suits, personal-capacity suits include the "potentially disabling threat[] of liability" against a federal employee's personal resources. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 806 (1982); <u>accord id.</u> at 814-17; 28 C.F.R. § 50.15(c)(1) (providing that indemnification in personal-capacity suits is discretionary and not automatic).

If it was determined that Rule 15(c)(2) does not apply to amendments to include individual-capacity defendants, such as Defendant Oliver, the amendment

would not relate back, and the claim against Defendant Oliver would be barred by the statute of limitations. Accordingly, it is clear that the instant issue constitutes a "controlling question of law." 28 U.S.C. § 1292(b).

In addition to the legal bases described above for concluding that the instant issue is a controlling question of law, there are important practical implications to this Court's decision that establish that requirements for interlocutory appeal are satisfied here. See 28 U.S.C. § 1292(b). As an initial matter, absent "relation back," Plaintiff's addition of Defendant Oliver would be time-barred. Accordingly, if he was dismissed discovery against him would not be permitted and judicial and party resources would be conserved. Moreover, using Rule 15(c)(2), Plaintiff may try to add any number of federal employees as defendants. In addition to discovery against those putative defendants, each of them would have the right to file a dismissal and summary-judgment motions and potentially appeal denials of those motions, Mitchell v. Forsyth, 472 U.S. 511, 527 (1985), which risks multiplying and extending the proceedings, which has already been pending for over four years. Given the practical implications that may be prevented by interlocutory appeal, it is clear that instant issue is a controlling question of law.

In sum, both of the bases upon which this Court could conclude the relevant issue is a controlling question of law are satisfied and the first prong of the three-part test under section 1292(b) is, therefore, satisfied.

C.  **The Applicability Of Rule 15(c)(2) Provides A Substantial Ground For Difference Of Opinion**

When controlling authority fails to resolve a pivotal matter, a substantial ground for difference of opinion exists. See In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d at 705 (citing Knipe v. SmithKline Beecham, 583 F. Supp. 553, 599 (E.D. Pa 2008); EBC, Inc. v. Clark Bldg. Sys., No. Civ. A. 05-01549, 2008 WL 728541, at *2 (W.D. Pa. Mar. 17, 2008)). "A genuine doubt must exist about the legal standard governing a particular case." Id. A substantial difference of opinion is not just when the moving party disagrees with the district court's analysis, id. (citing Electric Mobility Corp. v. Bourns Sensors/Controls, Inc., 87 F. Supp. 2d 394, 398 (D.N.J. 2000); rather, courts will look at conflicting authority within the circuits or the lack of any binding authority to determine if a substantial ground for difference of opinion exists. See id. (citations omitted).

The Third Circuit has yet to address whether Rule 15(c)(2) applies to federal employees sued in their individual capacity. Although there is only sparse case law, as this Court has noted, there are alternative interpretations to the Rule 15(c)(2) question. This Court chose the approach of the Western District of Virginia that Rule 15(c)(2)'s use of "United States officer[s]," applies to federal employees sued in their individual capacity. See Doc. No. 99 at 7 (citing Montgomery v. S.I.A. Johnson, No. 7:05CV00131, 2008 WL 4452465, at * 7

(W.D. Va. Sept. 27, 2008)). Adopting the reasoning of Montgomery, this Court noted that the United States Attorney's office, which has represented the named individual defendants since the inception of this case, would represent the interests of Defendant Oliver, and thus he would not be prejudiced by being brought into the suit at this later date. Id.

The other interpretation is held by the only court of appeals precedent on this issue — the Seventh Circuit's decisions in Delgado-Brunet v. Clark, 93 F.3d 339, 344 (7th Cir. 1996), and Lojuk v. Johnson, 853 F.2d 560, 563 (7th Cir. 1988).[4] The Seventh Circuit has found that Rule 15(c)(2) applies to actions against the sovereign only and not an individual federal employee. See id. The Seventh Circuit relied upon the Advisory Committee Notes, which explain that the applicable provision in Rule 15 was added to address situations in which a person challenging the denial of federal benefits unknowingly misstates the name of the agency or includes a retired Secretary as a defendant, and does not learn of the mistake until after the statute of limitations has expired. Under those circumstances, the Committee observed, "[t]he policy of the statute limiting the time for suit . . . would not [be] offended by allowing relation back" to name the

---

[4]The Second Circuit recently indicated in dicta, but did not expressly hold, that Rule 15(c)(2) applies in Bivens suits. See Yerushalayim v. United States Dept. of Corrections, 374 F.3d 89, 92 n.2 (2d Cir. 2004) (noting that because the plaintiff did not serve the United States Attorney or Attorney General, he could not "take advantage of [the] rule of constructive notice" in Rule 15(c)(2)).

proper agency or Secretary because the government has already been put on notice of the claim. Fed. R. Civ. P. 15(c) Advisory Committee Notes, 1966 Amendment. The Seventh Circuit reasoned that where newly named defendants are individuals sued in their individual capacity "[n]o comparable situation exists." Lojuk, 853 F.2d at 563. In fact, if the Advisory Committee had intended to strip individual employees of the protections normally afforded by the statute of limitations in such cases, "there would certainly have been a clearer indication." Lojuk, 853 F.2 at 563.

Because there is conflicting authority as to whether Rule 15(c)(2) applies to federal employees sued in their individual capacities (Bivens defendants), the second prong of the three part test under section 1292(b) is met.

**D.    Immediate Appeal Will Materially Advance The Termination Of This Litigation Against Defendant Oliver And May Prevent Further Additional Parties**

An immediate appeal will materially advance the termination of this action against Defendant Oliver because the statute of limitations bars all claims against him. Courts look to several factors to determine whether an immediate appeal would materially advance the termination of the litigation, including if an appeal would prevent a trial, simplify a case by dismissing complex issues, or streamline discovery. See In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d at 707 (citing Knipe, 583 F. Supp. 2d at 599; Patrick v. Dell Fin. Servs., 366 B.R.

378, 387 (M.D. Pa. 2009)).

If this Court certifies this matter for interlocutory appeal, the Third Circuit accepts the case for appeal, and the appeal is successful, a trial against Defendant Oliver will not be necessary. As argued by Defendant Oliver in his underlying brief, the Second Amended Complaint would not relate back to him because he did not have timely notice of the complaint. In addition, the deposition phase of this litigation has began. Plaintiff has noticed the depositions of ten individuals already, with the idea there may be more to come. Each deposition will be increased by the time spent on issues related to Defendant Oliver. A successful appeal will streamline discovery.

Moreover, based on this Court's rationale that Rule 15(c)(2) permits amendment to add parties, Plaintiff may try to add additional defendants to this litigation. As explained above, each of those putative defendants would have an opportunity to file a motion to dismiss and appeal a denial of that motion if it raised a defense such as qualified immunity. Either the rest of the case would need to be slowed or stayed to permit those new defendants to catch up or the case would proceed on two tracks. In either event, the litigation would become unnecessarily complex and elongated and scarce judicial and party resources would be expended on matters and parties that may ultimately be dismissed on threshold statute-of-limitations grounds on final appeal at the conclusion of the case. Given how long

this case has been pending already, efforts should be made to avoid needlessly extending and multiplying the litigation and its proceedings.

## E.   This Court Should Exercise Its Discretion

This Court should exercise its discretion and certify its December 29, 2009 and February 12, 2010 Orders for interlocutory appeal. The appeal is of foremost importance to Defendant Oliver, who has been sued well beyond the statute of limitations. As discussed above, the possibility that Plaintiff may use this Court's decision regarding Rule 15(c)(2) to add federal employees despite the running of the statute of limitations is also of tremendous concern, not only to those putative defendants but to the parties to this case and this Court. Plaintiff has already noticed ten depositions and the possibility exists that he may add new parties based on information obtained in discovery. An immediate appeal now would instruct the parties as to whether Plaintiff has the ability to name new defendants even though the statute of limitations has run.

Similarly, this Court dismissed (without prejudice) the high-level BOP defendants without prejudice. During or after discovery, Plaintiff may attempt to add those defendants back to the case. However, since some of them were not named in the original complaint, guidance from the Court of Appeals could resolve whether an alternative basis (the running of the statute of limitations) should have precluded their previous inclusion in the case and thus would bar the addition of

13

them at a later date.  Given that the scope of discovery could be greatly increased if those defendants were once again added to suit, an immediate appeal now could preempt the need for far-ranging and time- and resource-consuming discovery of parties and issues ultimately dismissed on a threshold defense.

      Finally, it bears noting that a similar statutory construction issue arose regarding the venue statute for claims against the United States, and the Supreme Court found it to be a significant enough issue that it granted certiorari.  See Stafford v. Briggs, 444 U.S. 527 (1980).  Therefore, the Supreme Court considered whether the language of 28 U.S.C. § 1391(e) ("A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States") applied to individual-capacity suits or only official-capacity suits.  The Court concluded such language did not govern venue for federal employees sued only in their individual-capacity.  Stafford, 444 U.S. at 542-45.  Given that the Supreme Court found the issue significant effort to grant certiorari to consider, we respectfully submit this matter warrants exercise of this Court's discretion to certify it for interlocutory appeal.

## IV. Conclusion

For the reasons noted above, Defendants request that this Court grant the instant motion, and certify for interlocutory appeal its Orders dated December 29, 2009, and February 12, 2010.

                    Respectfully submitted,

                    DENNIS P. PFANNENSCHMIDT
                    United States Attorney

                    /s/ Michael J. Butler
                    Michael J. Butler
                    Assistant United States Attorney
                    PA 81799
                    Dawn L. Mayko
                    Paralegal Specialist
                    U.S. Attorney's Office
                    228 Walnut Street, 2nd Floor
                    P.O. Box 11754
                    Harrisburg, PA 17108
                    Tel:  717-221-4482
                    Fax: 717-221-2246
                    Michael.J.Butler@usdoj.gov

Dated: April 1, 2010

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| Defendants | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 1st day of April, 2010, she served a copy of the attached

**DEFENDANTS DODRILL, LAPPIN, VANYUR, THOMAS, MARIOANA, AND OLIVER'S BRIEF IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION/CLARIFICATION**

by electronic service pursuant to Local Rule 5.7 and Standing Order 05-6, ¶12.2 to the following individual(s):

Aaron B. Hewitt
Alexis J. Gilman
John H. Shenefield
Maxine M. Woelfling
Andrew C. Whitney
Jamie L. Ghen
Sean P. Duffy
Morgan, Lewis & Bockius, LLP

Deborah Golden
Washington Lawyers Committee
 For Civil Rights & Urban Affairs

s/ Chyenna Gowdy
Chyenna Gowdy
Legal Assistant