## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID LEE WOMACK**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOSEPH V. SMITH, et al.,**<br><br>**Defendants.** | **JURY TRIAL DEMANDED**<br><br>No. 1:CV-06-2348 CCC<br><br>Judge Christopher C. Conner<br><br>Filed Electronically |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT JOHN OLIVER'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL OF THIS COURT'S ORDERS DATED DECEMBER 29, 2009 AND FEBRUARY 12, 2010

Plaintiff David Lee Womack opposes Defendant John Oliver's Motion to Certify for Interlocutory Appeal of this Court's Orders dated December 29, 2009 and February 12, 2010 ("Defendant's Motion").[1] Defendant's Motion should be denied because the December 29, 2009 order does not involve "a controlling question of law as to which there is a substantial ground for difference of opinion

---

[1] The Court's February 12, 2010 order denied Defendant's motion for reconsideration of the December 29, 2009 order. Although the title of Defendant's Motion includes a reference to the February 12, 2010 order, the brief in support of Defendant's Motion fails to discuss it. Because Defendant Oliver has provided no rationale for why the Court should certify that order, this opposition focuses solely on why the Court should not certify the December 29, 2009 order.

and that an immediate appeal from the order may materially advance the ultimate

termination of the litigation." Indeed, this case will proceed with Defendant Oliver

regardless of the outcome of an interlocutory appeal, and certifying the order will

only delay and add to the cost of this action. Moreover, denying Defendant's

Motion will not prejudice him in any way because he can still raise the issue on

appeal of a final order if it is not mooted by further proceedings.

## I.    BACKGROUND

On August 19, 2009, Defendant Oliver moved to dismiss the Second

Amended Complaint, asserting, among other things, that Mr. Womack's claims as

to Defendant Oliver were barred by the applicable statute of limitations. (Doc. 67

at 8-12). Mr. Womack responded and argued that Rule 15(c)(2) applies to this

case, and therefore, his Second Amended Complaint relates back to the original

complaint. (Doc. 93 at 16-18).

On December 29, 2009, this Court ruled on, among other things, Defendant

Oliver's statute of limitations argument presented in his motion to dismiss. (Doc.

99 at 3-7). The Court stated that, under the plain language of Rule 15(c)(2), the

Second Amended Complaint relates back to the original complaint, thus obviating

the need to consider whether Mr. Womack satisfied the notice requirements under

Rule 15(c)(1).

Defendant Oliver *et al.* moved for reconsideration of the December 29, 2009 order. (Doc. 102). The Court denied the motion for reconsideration and stated that "defendants are simply attempting to relitigate their statute of limitations arguments." (Doc. 104 at 2). The Court further stated that the: "ruling that the second amended complaint relates back to the original complaint was based upon both the plain language of Federal Rule of Civil Procedure 15 and the authorities cited by the parties.... Defendants had the full opportunity to raise this argument during initial briefing, and in fact did so, albeit in a much more conclusory fashion than they do so now...." *Id.*

Now, more than three months after the Court denied his motion to dismiss, Defendant Oliver filed the instant motion, asking the Court to certify for interlocutory appeal that order.

This case was initially filed in 2006. Since that time, Defendants have repeatedly, and unsuccessfully, tried to prevent the action from proceeding. Defendants have filed three rounds of dispositive motions, and, until recently, they have engaged in a pattern of thwarting discovery requests by Plaintiff. *See, e.g.,* Docs. 33, 83 (requesting stays of discovery). Since the Court's December 29, 2009 order, Defendant Oliver has responded to discovery requests and he was deposed on April 6, 2010.

## II.    ARGUMENT

"Denials of motions to dismiss are not final orders, and a losing party may not ordinarily pursue an immediate appeal from them." *In re Chocolate Confectionary Antitrust Litig.,* 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009).  Under 28 U.S.C. § 1292(b), however, a district court may certify an order for interlocutory appeal if (1) the order involves "a controlling question of law;" (2) "as to which there is a substantial ground for difference of opinion;" and (3) an immediate appeal from the order "may materially advance the ultimate termination of the litigation."  An order must satisfy all three criteria before a district court certifies it for appeal, *Katz v. Carte Blanche Group Corp.*, 496 F.2d 747, 754 (3d Cir. 1974), and "the court may decline to certify an order even if the parties have satisfied all elements enumerated in the statute." *In re Chocolate Confectionary Antitrust Litig.,* 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009).

"The general purpose of Section 1292(b) is to provide interlocutory appeal in exceptional cases in order to avoid protracted and expensive litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979); *see also Katz*, 496 F.2d 747, 755 (3d Cir. 1974).  District Courts should certify issues for interlocutory appeal "only sparingly" and "in exceptional circumstances." *In re Chocolate Confectionary Antitrust Litig.,* 607 F. Supp. 2d at 708.  In other words, 28 U.S.C. § 1292(b) is "an extremely high standard to meet," *Liu v. Oriental*

*Buffet, Inc.*, 2006 U.S. Dist. LEXIS 3542, at *9-10 (D.N.J. 2006) (citing *Katz*, 496 F.2d at 754), and "certification is generally not to be granted." *Harter v. GAF Corp.*, 150 F.R.D. 502, 517 (D.N.J. 1993).

The Court should deny Defendant's Motion because an interlocutory appeal would not further the purposes of Section 1292(b) and none of the three requisite elements are satisfied.

### A. The December 29, 2009 Order Does Not Involve A Controlling Question Of Law.

"An order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is 'serious to the conduct of the litigation either practically or legally.'" *In re Chocolate Confectionary Antitrust Litig.,* 607 F. Supp. 2d at 705, (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). "'[C]ontrolling' means serious to the conduct of the litigation, either practically or legally. … And on the practical level, saving of time on the district court and of expense to the litigants was deemed by the sponsors to be a highly relevant factor." *Katz*, 496 F.2d 747, 755 (3d Cir. 1974).

The question posed is not legally or practically serious to the conduct of the litigation. Even if Defendant Oliver is successful on appeal, as a matter of law he will still remain in the case after the appeal. Although the Court's December 29,

2009 Order concluded that Rule 15(c)(2) applied here, it left open the possibility that Rule 15(c)(1)(C) could also lead to the same result. *See* Doc. 99 at 7. Because Rule 15(c)(1)(C) involves a more fact-intensive inquiry,[2] it is more appropriately considered on summary judgment or at trial. Thus, regardless of the outcome of an interlocutory appeal, Defendant Oliver will remain in this case at least through the next round of summary judgment motions, if not through trial.

An interlocutory appeal will not save the Court and the parties any time or expense. Although Defendant Oliver states that a "successful appeal will streamline discovery," he provides no support for how that will actually happen. (Doc. 114 at 12). As set forth in the Second Amended Complaint, the relevant facts underlying Mr. Womack's claims are generally the same for all of the remaining defendants. In addition, no discovery or trial time will be saved if Defendant Oliver is successful on his interlocutory appeal: Defendant Oliver has already responded to discovery requests, he has been deposed, and he will be a witness at trial. Indeed, given the proximity of this action to trial, an interlocutory appeal will only increase the expense of the parties and waste the time of the Court

---

[2]    Rule 15(c)(1)(C) requires a showing of whether "the party brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

and the parties.  So the question posed is not legally or practically serious to the conduct of the litigation, and the Court should deny Defendant's Motion.

### B. There Is No Substantial Ground For Difference In Opinion.

The Court should also deny Defendant's Motion because there is no substantial ground for a difference of opinion.  Although Defendant Oliver argues that the Seventh Circuit reached a different conclusion than the Court and other authorities, that does not mean that there is a *substantial* ground for difference in opinion.  Indeed, where, like here, few courts have ruled on the question for certification, there is no substantial ground for a difference of opinion.  *See Chalfin v. Beverly Enters., Inc.,* 745 F. Supp. 1117, 1122 (E.D. Pa. 1990).  As Defendant Oliver admits, "there is only sparse case law" on the issue.  (Doc. 114 at 9).  In addition, there is no substantial ground for a difference of opinion when the statutory language involving the question for certification is clear.  *See Singh v. Daimler-Benz, AG*, 800 F. Supp. 260 (E.D. Pa. 1992), *aff'd on appeal from final judgment*, 9 F.3d 303 (3d Cir. 1993).  In its December 29, 2009 order, the Court repeatedly indicated that it relied on the "plain language" of Rule 15(c)(2) in finding that the Second Amended Complaint relates back to the original complaint.  (Doc. 99 at 7; *see also* Doc. 104 at 2).  Because there is no substantial ground for a difference of opinion, the Court should deny Defendant's Motion.

Defendant Oliver merely disagrees with the analysis set forth in the Court's December 29, 2009 order, but courts "should not certify questions of relatively clear law merely because the losing party disagrees with the court's analysis." *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d at 706. The Court has already refused to entertain Defendant Oliver's attempt to relitigate his statute of limitations argument, and it should do so again.

## C. An Immediate Appeal Will Not Advance The Termination Of The Litigation.

Any question certified for appeal must "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The court must evaluate whether an appeal could eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense." *In re Chocolate Confectionary Antitrust Litig.,* 607 F. Supp. 2d at 707. The interlocutory appeal sought by Defendant Oliver will not eliminate the need for a trial, it will not simplify the case by foreclosing on complex issues, and it will not enable the parties to complete discovery more quickly or at less expense. As discussed above, regardless of his success on appeal, the case will proceed with Defendant Oliver at least until this Court rules on summary judgment, if not through trial. Even if Defendant Oliver is ultimately dismissed from the case, he will still be a witness at trial. As discussed above, an

interlocutory appeal will not avoid discovery because Defendant Oliver has already been deposed and he has already responded to discovery requests. In addition, Defendant Oliver has not provided any rationale for how the case will be substantially simplified if the question posed is appealed, and indeed, it will not be simplified because the question does not present a particularly complex issue. The only significant impact of certifying the December 29, 2009 order is that the parties will then have to spend time and effort addressing the interlocutory appeal, which, as discussed above, will have no practical impact on the action. An interlocutory appeal will not hasten the end of the litigation; it will delay it and increase the costs associated with it.

In addition, Defendant Oliver's need for an interlocutory appeal is belied by the dilatory fashion in which he sought certification. Defendant Oliver waited more than three months after the Court's December 29, 2009 order before seeking to have it certified for interlocutory appeal. This unexplained and inexcusable delay is an indication that the saving of time is of little concern to him. *See Ferraro v. Dept. of Health & Human Servs.*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (denying certification for interlocutory appeal after plaintiff waited nearly two and a half months before moving the court to certify a prior order); *Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990) (denying application for leave to appeal where party waited two months before seeking certification of an order); *Coregis*

*Ins. Co. v. Law Offices of Carole F. Kafrissen*, 2002 U.S. Dist. LEXIS 11287, at *3

(E.D. Pa. May 1, 2002) ("Generally, a district court should not grant an

inexcusably dilatory request.") (citation omitted).  Defendant Oliver's delay is also

inconsistent with Section 1292(b).  "The requirement that the district court include

the required certification in the order to be appealed, and that the appellant seek the

[Court of Appeal's] permission to take the appeal within ten days after the order,

indicates that celerity was to be the touchstone of appealability under that section."

*Weir*, 915 F.2d at 286.

Because an interlocutory appeal will not advance the termination of the

action and because the need for immediacy has not been demonstrated, the Court

should deny Defendant's Motion.

## III. CONCLUSION

The Court should exercise its discretion and deny Defendant's Motion. Permitting an interlocutory appeal will not save the Court and the parties any time or expense. Indeed, it will have the opposite result and increase the costs for the parties and further drag on this already lengthy action.

Respectfully submitted,

Dated:  April 15, 2010

By:    /s/ Aaron B. Hewitt

Peter E. Halle
Aaron B. Hewitt
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC  20004
202.739.3000
202.739.3001 (fax)

Andrew C. Whitney
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
215.963.5000
877.432.9652 (fax)

Deborah M. Golden
**WASHINGTON LAWYERS COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, NW, Suite 400
Washington, DC 20036
202.319.1000
202.319.1010 (fax)

Maxine M. Woelfling
**MORGAN, LEWIS & BOCKIUS LLP**
17 North Second Street, Suite 1420
Harrisburg, PA 17101-1604
717.237.5000
717.237.5001 (fax)

*Attorneys for Plaintiff David Lee Womack*

## <u>CERTIFICATE OF SERVICE</u>

I, Aaron B. Hewitt, hereby certify that on this 15th day of April, 2010, a copy of

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT JOHN OLIVER'S

MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL OF THIS COURT'S

ORDERS DATED DECEMBER 29, 2009 AND FEBRUARY 12, 2010 was served

via electronic court filing on the following party:


Michael Butler
United States Attorney's Office
228 Walnut Street, Suite 220
Harrisburg, PA 17108
Michael.J.Butler@usdoj.gov


<u>/s/ Aaron B. Hewitt</u>