DCP:MJB:dlm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID LEE WOMACK, | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| JOSEPH V. SMITH, et al., | : | |
| Defendants | : | Filed Electronically |

**DEFENDANT JOHN OLIVER'S REPLY BRIEF IN SUPPORT
OF MOTION TO CERTIFY FOR INTERLOCUTORY
APPEAL OF THIS COURT'S ORDERS
DATED DECEMBER 29, 2009, AND FEBRUARY 12, 2010**

Defendant John Oliver respectfully files this reply brief in support of his motion to certify for interlocutory appeal the Court's order of December 29, 2009, denying his motion to dismiss or, in the alternative, for summary judgment, and the February 12, 2010 order denying his (and others') motion for reconsideration.

**I. Reply Argument**

A.   **Defendant Timely Pursued Filing The Instant Motion**

Plaintiff argues that this Court should not certify this matter for interlocutory appeal under 28 U.S.C. § 1292(b) because Defendant did not file his motion until April 1, 2010, approximately seven weeks after this Court denied Defendant's motion for reconsideration. This argument is without merit. Neither section

1292(b) nor the Federal Rules of Civil Procedure place any deadlines on the filing of a motion for 1292(b) certification and, in any event, Defendant's request for certification was filed with the district court within a reasonable time. Under Fed. R. App. P. 4(a)(1)(B), an appeal as of right must be filed within 60 days of entry of final judgment in a civil case in which the United States or any federal agency or officer is a party. That 60-day period reflects the fact that only the Solicitor General can authorize an appeal involving the federal government (see 28 U.S.C. §§ 516-519; 28 C.F.R. § 0.20(b)), and additional time is necessary for that deliberative process to take place. See Wallace v. Chappell, 637 F.2d 1345, 1347 (9th Cir. 1981) (citing Hare v. Hurwitz, 248 F.2d 458, 461-62 (2d Cir. 1957), and discussing reasons for 60-day period for appeal); see also Fed. R. App. P. 40(a)(1), Advisory Committee Note to the 1994 Amendment) ("[A]nalogous to the provision in Rule 4(a) extending the time for filing a notice of appeal in cases involving the United States," the additional time provided for rehearing petitions in government cases "recognizes that the Solicitor General needs time to conduct a thorough review of the merits of a case before requesting a rehearing"). At the very least, the federal government needs an equivalent amount of time to determine whether to pursue an interlocutory appeal. Indeed, in other circumstances where an appeal is a matter of court discretion and no statute specifies the time for filing such an appeal, the government would have 60 days in which to petition for leave to appeal. Fed.

R. App. P. 5(a)(2).

Here, government counsel diligently sought the Solicitor General's authorization to seek interlocutory review. When counsel obtained that authorization on April 12, 2010, Defendant filed his petition with the district court on the same day.

Moreover, although the district court issued its Order on December 29, 2009, it was appropriate for Defendant to await the court's ruling on its motion for reconsideration: had the district court reconsidered and reversed its decision, there would have been no need for Defendant to appeal.

**B.    Defendant Oliver Will Not Remain In This Case If Successful On Appeal**

Plaintiff believes that Defendant Oliver's involvement in this case will be the same if an interlocutory appeal is granted or not. This is not true. Defendant Oliver lives in Florida, as a witness he is not obligated to attend a trial that is over one hundred miles away. As a defendant, however, he will be obligated to leave his family to attend a trial that could last over a week. More importantly, as a Bivens defendant, Plaintiff is attacking Mr. Oliver personally, the emotional strain on him and his family cannot be calculated because (although the claims have no merit) Mr. Oliver's reputation is at issue as well as the prospect that Plaintiff could obtain a substantial judgment against him.

Moreover, Plaintiff's theory of liability for Mr. Oliver is based on Mr.

Oliver's involvement as superior officer and based on that fact that he was one of the officials who recommended the continued use of restraints on Mr. Womack. Plaintiff would have to spend substantial time trying to establish what Mr. Oliver did to allegedly violate Plaintiff's rights.  Hours of deposition hours and trial testimony will be required for Plaintiff to support his claims against Mr. Oliver. It is also anticipated that Plaintiff has issues with discovery already produced, some of which involves Mr. Oliver's production so far.  This will take up substantial amount of the Court, the parties, and a jury's time.  Potential discovery motions, motions in limine, jury instructions, arguments, testimony, etc. would all be eliminated if Mr. Oliver is successful on appeal.

**C.     The Applicability Of Rule 15(c)(2) Provides A Substantial Ground For Difference Of Opinion**

Relying on <u>Chalfin v. Beverly Enters., Inc.</u>, 745 F. Supp. 1117, 1122 (E.D. Pa. 1990), Plaintiff argues that because there is not much authority on the issue of whether Rule 15(c)(2) applies to federal employees sued in their individual capacity, there is no substantial ground for a difference of opinion.  Contrary to Plaintiff's contention, the <u>Chalflin</u> court did not deny the plaintiff's request for certification because of the very few cases to address the district court's findings. Rather, in <u>Chalfin</u>, the district court initially held that no private cause of action existed under Title XIX of the Social Security Act.  <u>See id.</u>  The plaintiffs sought

certification to file an interlocutory appeal of that issue.  The district court's research showed only five district court cases regarding the issue at hand, only two of which supported the plaintiff's position, and one circuit court opinion that supported the district court's initial ruling.  See id.  Therefore, the district court denied the plaintiff's motion for certification of interlocutory appeal, finding no substantial grounds for difference of opinion.  See id.

The Chalfin case is easily distinguishable.  Plaintiff's only case in support of his position is an unpublished decision out of the Western District of Virginia.  See Montgomery v. S.I.A. Johnson, No. 7:05CV00131, 2008 WL 4452465, at * 7 (W.D. Va. Sept. 27, 2008)).  The government's position, in contrast, is supported by two published decisions of the United States Court of Appeals for the Seventh Circuit.  See Delgado-Brunet v. Clark, 93 F.3d 339, 344 (7th Cir. 1996), and Lojuk v. Johnson, 853 F.2d 560, 563 (7th Cir. 1988).  The district court and the Seventh Circuit's contrary holdings after reading the same procedural rule demonstrates a substantial difference of opinion that should be decided by the Third Circuit before Mr. Oliver is required to defend himself at summary judgment or in a trial.

**D.   Immediate Appeal May Prevent Further Additional Parties**

Finally, in his response, Plaintiff did not address whether he will add additional parties to this litigation.  Plaintiff has sought numerous documents and information on individuals who are not defendants in this case.  There is still a

potential that Plaintiff will add new parties to this case who were not sued within the applicable statute of limitations. Thus, the litigation would become unnecessarily complex and elongated and scarce judicial and party resources would be expended on matters and parties that may ultimately be dismissed on threshold statute-of-limitations grounds on final appeal at the conclusion of the case.

## II. Conclusion

For the reasons noted above and in Defendants' initial brief, Defendants request that this Court grant the instant motion, and certify for interlocutory appeal its Orders dated December 29, 2009, and February 12, 2010.

Respectfully submitted,

DENNIS P. PFANNENSCHMIDT
United States Attorney


/s/ Michael J. Butler
Michael J. Butler
Assistant United States Attorney
PA 81799
Dawn L. Mayko
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108
Tel: 717-221-4482
Fax: 717-221-2246
Michael.J.Butler@usdoj.gov

Dated: April 28, 2010

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE WOMACK,** | : | NO. 1:CV-06-2348 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| Defendants | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 28th day of April, 2010, she served a copy of the attached

**DEFENDANT JOHN OLIVER'S REPLY BRIEF IN SUPPORT
OF MOTION TO CERTIFY FOR INTERLOCUTORY
APPEAL OF THIS COURT'S ORDERS
DATED DECEMBER 29, 2009, AND FEBRUARY 12, 2010**

by electronic service pursuant to Local Rule 5.7 and Standing Order 05-6, ¶12.2 to the following individual(s):

| | |
|---|---|
| Aaron B. Hewitt | Deborah Golden |
| Alexis J. Gilman | Washington Lawyers Committee |
| John H. Shenefield | For Civil Rights & Urban Affairs |
| Maxine M. Woelfling | |
| Andrew C. Whitney | |
| Jamie L. Ghen | |
| Sean P. Duffy | |
| Morgan, Lewis & Bockius, LLP | |

                                                                                          s/ Dawn L. Mayko
                                                                                          Dawn L. Mayko
                                                                                          Paralegal Specialist