IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID LEE WOMACK**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOSEPH V. SMITH, et al.,**<br><br>**Defendants.** | **JURY TRIAL DEMANDED**<br><br>No. 1:CV-06-2348 CCC<br><br>Judge Christopher C. Conner<br><br>Filed Electronically |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE CASE MANAGEMENT ORDER

Plaintiff David Lee Womack opposes Defendants' Motion to Amend the Case Management Order ("Defendants' Motion") because it unfairly extends the discovery period for Defendants without providing the same courtesy to Plaintiff. Plaintiff does not oppose extending the case schedule; but Plaintiff does request that the Court give the parties an equal opportunity to obtain discovery during any extension.

This action has been pending since 2006. While it has been pending, Defendants have attempted to limit Plaintiff's discovery three other times. *See* Docket Nos. 33, 63, and 83. At the same time, Defendants chose to wait until the end of discovery to take the deposition of Plaintiff. Indeed, on August 6, 2009 Defendants' sought leave to take Plaintiff's deposition (*See* Docket Nos. 72), they

filed their Petition for Writ of Habeas Corpus Ad Testificandum on April 19, 2010. (*See* Docket Nos. 117), and they served the notice of deposition on April 23, 2010. Plaintiff is unable to attend the deposition at the time noticed by Defendants because he will be undergoing surgery in Springfield, Missouri at the U.S. Medical Center for Federal Prisoners, which is run by the Federal Bureau of Prisons. Had Defendants not waited until the end of discovery to seek Plaintiff's deposition, there would be no need for an extension. But they did wait and they should not gain an unfair advantage as a result of their dilatory actions.

Fairness alone warrants that an extension of the discovery deadline should apply to both parties, but there are also practical reasons why the extension should not be limited to Plaintiff's deposition. First, Plaintiff's surgery is to repair damage caused by his time in restraints, which is at issue in this action. Documents and witnesses relevant to the surgery may warrant discovery requests by Plaintiff. Second, issues may arise at Plaintiff's deposition that require additional discovery requests by Plaintiff.

For all of these reasons, the Court should grant the extension to both parties in a uniform manner.

Respectfully submitted,

Dated: May 10, 2010                                  By:   /s/ Aaron B. Hewitt

| | |
|---|---|
| Peter E. Halle | Andrew C. Whitney |
| Aaron B. Hewitt | **MORGAN, LEWIS & BOCKIUS LLP** |
| **MORGAN, LEWIS & BOCKIUS LLP** | 1701 Market Street |
| 1111 Pennsylvania Avenue, NW | Philadelphia, PA 19103 |
| Washington, DC  20004 | 215.963.5000 |
| 202.739.3000 | 877.432.9652 (fax) |
| 202.739.3001 (fax) | |
| | |
| Deborah M. Golden | Maxine M. Woelfling |
| **WASHINGTON LAWYERS COMMITTEE** | **MORGAN, LEWIS & BOCKIUS LLP** |
| **FOR CIVIL RIGHTS AND URBAN AFFAIRS** | 17 North Second Street, Suite 1420 |
| 11 Dupont Circle, NW, Suite 400 | Harrisburg, PA 17101-1604 |
| Washington, DC 20036 | 717.237.5000 |
| 202.319.1000 | 717.237.5001 (fax) |
| 202.319.1010 (fax) | |

*Attorneys for Plaintiff David Lee Womack*

## **CERTIFICATE OF SERVICE**

I, Aaron B. Hewitt, hereby certify that on this 10th day of May, 2010, a copy of PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE CASE MANAGEMENT ORDER was served via electronic court filing on the following party:

>Michael Butler
>United States Attorney's Office
>228 Walnut Street, Suite 220
>Harrisburg, PA 17108
>Michael.J.Butler@usdoj.gov

>/s/ Aaron B. Hewitt