# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DAVID LEE WOMACK**

      **Plaintiff,**

    **v.**

**JOSEPH V. SMITH, et al.,**

      **Defendants.**

**JURY TRIAL DEMANDED**

No. 1:CV-06-2348 CCC

Judge Christopher C. Conner

Filed Electronically

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................1

II.    BACKGROUND ..................................................................................2

III.    LEGAL STANDARD ...........................................................................2

    A.    Fed. R. Evid. 402 ....................................................................2

    B.    Fed. R. Evid. 403 ....................................................................2

    C.    Fed. R. Evid. 404 ....................................................................3

    D.    Fed. R. Evid. 609 ....................................................................4

IV.    ARGUMENT........................................................................................5

    A.    The Court Should Exclude Any Reference, Testimony, Or Evidence Relating To Mr. Womack's Criminal Record.....................5

        1.    Mr. Womack's Criminal Record Is Not Relevant To His Restraint By The Defendants For Twenty-Six Days. ...............5

        2.    Admission Of Evidence Relating To Mr. Womack's Criminal Convictions Is Unfairly Prejudicial. ...........................7

        3.    The Court Should Exclude The Use Of Mr. Womack's Criminal Record For Impeachment Purposes............................8

    B.    This Court Should Exclude Any Evidence Prior To Mr. Womack's Time at USP Lewisburg......................................................9

        1.    Mr. Womack's Prior Disciplinary Record Is Not Relevant To The Restraint Of Mr. Womack In Late 2004........9

        2.    Mr. Womack's Prior Disciplinary Record Is Improper Character Evidence. ..............................................................10

        3.    Mr. Womack's Prior Disciplinary Record Is Unfairly Prejudicial And A Waste Of Time...........................................11

    C.    The Court Should Exclude Any Evidence After January 3, 2005 That Does Not Specifically Relate To The Twenty-Six Day Restraint Of Mr. Womack...................................................................12

    D.    The Court Should Exclude Videos That Do Not Depict The Incident At Issue...................................................................................14

V.    CONCLUSION.....................................................................................16

# TABLE OF ABBREVIATIONS

February 28, 2012 email of M. Butler,
        attached hereto as Exhibit A .........................................................Butler email

BOP Program Statement 5566.05,
        attached hereto as Exhibit B ......................................................... PS 5566.05

April 7, 2010 deposition of Joseph Smith,
        relevant portions attached hereto as Exhibit C ............................. Smith Dep.

http://www.bop.gov/locations/institutions/flx/index.jsp,
        attached hereto as Exhibit D .....................................................BOP Webpage

"Reporters Get First Look Inside Mysterious Supermax Prison,"
        http://articles.cnn.com/2007-09-13/us/supermax.btsc_1_supermax-
        prison-officials-state-and-federal-prisons?_s=PM:US,
        attached hereto as Exhibit E ...................................................CNN Supermax

"Supermax: A Clean Version Of Hell," http://www.cbsnews.com/2100-
        18560_162-3357727.html, attached hereto as Exhibit F.........CBS Supermax

May 7, 2010 deposition of David Dodrill,
        relevant portions attached hereto as Exhibit G........................... Dodrill Dep.

Plaintiff's Request for the Production of Documents (05/17/2007),
        attached hereto as Exhibit H........................................... Document Requests

Subpoena to the BOP (2/25/2010),
        relevant portions attached hereto as Exhibit I .........................BOP Subpoena

Bureau of Prison..................................................................................BOP

Statement of Facts (Docket No. 27)..................................................................SOF I

Statement of Material Facts in Support of Defendants'
        Motion For Summary Judgment (Docket No. 150) ..............................SOF II

## I.    INTRODUCTION

This case is scheduled for trial on April 30, 2012.  (Docket No. 184).  The trial should be a straightforward one – the main issue for the jury is whether the Defendants' restraint of Plaintiff David Womack from December 9, 2004 until January 3, 2005 at USP Lewisburg constituted cruel and unusual punishment in violation of Mr. Womack's Eighth Amendment rights.  Instead of focusing on the parties' actions during the incident at issue, the Defendants intend to bombard the jury with evidence that has no relation to the incident, that will unfairly prejudice the jury against Mr. Womack, and that will waste time and unduly delay the trial.  This unnecessary evidence includes events that occurred both long before and long after Mr. Womack was housed at USP Lewisburg.

For example, counsel for Defendants has stated that he intends to introduce evidence of Mr. Womack's criminal record, his conduct and disciplinary record prior to and subsequent to his transfer to USP Lewisburg, and finally, multiple videos that have no relationship to or temporal connection with the Defendants' restraint of Mr. Womack from late 2004 to early 2005.  As explained more fully below, this evidence is not relevant to any of the claims or defenses in this matter and is, therefore, inadmissible pursuant to Federal Rule of Civil Procedure 402.  Moreover, much of this evidence, and in particular Mr. Womack's prior disciplinary record, is inadmissible character evidence.  Finally, to the extent

Defendants claim that any of this evidence is relevant, it is still inadmissible under

Rule 403 because its negligible probative value is substantially outweighed by the

danger of unfair prejudice and because it will unduly delay the trial and waste time.

## II.   BACKGROUND

Mr. Womack entered federal prison in June 2001.  SOF II, ¶ 2.  He was

transferred to USP Lewisburg on August 7, 2003.  SOF II, ¶ 3.  On December 9,

2004, sixteen months after coming to USP Lewisburg, Defendant Gabrielson put

Mr. Womack in hard restraints.  SOF I, ¶¶ 98, 102.  At the direction of Defendant

Smith, Mr. Womack remained in these restraints until January 3, 2005 – a total of

twenty-six consecutive days.  SOF I, ¶¶ 104, 150, SOF II, ¶¶ 130, 165.

## III.      LEGAL STANDARD

### A.   Fed. R. Evid. 402

"Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.

Relevant evidence is "evidence having any tendency to make the existence of any

fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence."  Fed. R. Evid. 401.

### B.    Fed. R. Evid. 403

Rule 403 provides that: "[a]lthough relevant, evidence may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, or by considerations of undue

delay, waste of time, or needless presentation of cumulative evidence." *Id.*  In

*United States v. Long*, the Third Circuit held "it is manifest that the draftsmen

intended that the trial judge be given a very substantial discretion in 'balancing'

probative value on the one hand and 'unfair prejudice' on the other." *United States*

*v. Long*, 574 F.2d 761, 767 (3d Cir. 1978), *cert. denied*, 439 U.S. 985 (1978).  As

such, the Court employs a cost-benefit analysis to determine when to admit certain

evidence.  *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002)

("Rule 403 recognizes that a cost/benefit analysis must be employed to determine

whether or not to admit the evidence.").  Where certain dangers substantially

outweigh the probative value of evidence, the evidence should not be admitted.  *Id.*

at 1344 ("The balancing test in Rule 403 ensures that juries are not presented with

evidence that is far less probative than it is prejudicial.").

## C.     Fed. R. Evid. 404

Evidence of a crime, wrong, or *other act* is not admissible to prove a

person's character in order to show that on a particular occasion the person acted in

accordance with that character.  Fed. R. Evid. 404(b)(1); *see also Becker v. ARCO*

*Chemical Co.*, 207 F.3d 176, 191 (3d Cir. 2000) (excluding evidence of prior

terminations by employer as improper character evidence).  Rule 404(b) generally

prohibits the introduction of evidence of extrinsic acts that might adversely reflect

on the actor's character, unless that evidence bears upon a relevant issue.
*Huddleston v. United States*, 485 U.S. 681, 685 (1988).

### D.     Fed. R. Evid. 609

Rule 609(a)(1) permits the introduction of prior felony convictions to impeach a witness, subject to Rule 403.  Under Rules 403 and 609(a), concerns of credibility must be balanced against a conviction's potential for prejudice, the need for which may be alleviated when alternative forms of evidence exist.  *Tabron v. Grace*, 898 F. Supp. 293, 297 (M.D. Pa. 1995) ("Felony conviction evidence . . . should be reviewed on an individual basis . . . applying a genuine balancing of [probative] value against the potential for prejudice.").  Where the probative value the conviction evidence is substantially outweighed by the danger of unfair prejudice, the conviction is inadmissible.

Pursuant to Rule 609(b) it is presumed that evidence of a crime will be excluded if more than ten years have elapsed since the witness's conviction or release from custody, whichever is later.  Fed. R. Evid. 609(b); *see also United States v. D'Agata*, 646 F. Supp. 390, 393 (E.D. Pa. 1986), *aff'd*, 826 F.2d 1057 (3d Cir. 1987).  When Congress enacted Rule 609(b), its intent was that "convictions more than ten years old will be admitted very rarely and *only in exceptional circumstances*."  Fed. R. Evid. 609 advisory committee's note to 1974 enactment (emphasis added).

4

## IV.   ARGUMENT

### A.   The Court Should Exclude Any Reference, Testimony, Or Evidence Relating To Mr. Womack's Criminal Record.

#### 1.   Mr. Womack's Criminal Record Is Not Relevant To His Restraint By The Defendants For Twenty-Six Days.

Counsel for Defendants intends to seek the admission of evidence relating to Mr. Womack's criminal record, which includes convictions for burglary, armed robbery, sexual assault, and kidnapping from the late 1980s and early 1990s.[1]  *See* Butler email.  The Court should exclude Mr. Womack's criminal record pursuant to Federal Rule of Evidence 402.  Evidence of Mr. Womack's criminal record from this time lacks probative value as there is no relation between those convictions and any fact or legal issue relating to his restraint by the Defendants in late 2004.

In addressing violations of Eighth Amendment rights in connection with restraining inmates, the courts look to the person's behavior *during the period of his restraint* to determine whether continued restraint was justified.  *See, e.g.*, *Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002); *Sadler v. Young*, 325 F. Supp. 2d 689, 702-03 (W.D. Va. 2004), *rev'd on other grounds*, 118 Fed. App'x 762 (4th Cir. 2005).

---

[1]   Mr. Womack's criminal record includes sentences by the District of Columbia Superior Court ("D.C. Superior Court") in 1988 for armed robbery and in 1989 for burglary.  Mr. Womack is currently serving a term of imprisonment imposed by the D.C. Superior Court in 1993 on nine counts, including, burglary, armed robbery, sexual assault, kidnapping, and possession of weapons for unlawful purposes.  Mr. Womack was again sentenced in 1994 by the D.C. Superior Court on two additional counts of armed robbery and burglary, a sentence that runs concurrent with Mr. Womack's 1993 sentence.

Moreover, even the Program Statement that authorizes BOP officials to use force against inmates in limited circumstances contains no reference to an inmate's criminal record. *See* PS 5566.05. Consistent with this Program Statement, Defendant Smith, the Warden at Lewisburg during the incident, did not, during his deposition, identify an inmate's criminal record as an aspect of an inmate's history that would be relevant to deciding whether restraints were necessary:

> Q.    While you were at Lewisburg, did you consider an inmate's past history and behavior in deciding if restraints were necessary?
>
> A.    Yeah.  There were probably times when that factored into. . .
>
> Q.    What would you consider about an inmate's past history?
>
> A.    Gosh, there were - - I mean everything.  You just assess everything that's going on with the individual, you know, did he have a history of harming himself, cutting himself, trying to set a fire.  You know, if he said that he was going to do this, was it something that he'd say but had never actually done it in the past, or had he when he said he'd do it?  Did he do it?

Smith Dep., 43:20 – 44:13.  Moreover, Defendant Smith explained that the decision to restrain an inmate is typically based on the inmate's behavior at his current institution:

> Q.    When you do consider an inmate's past history, how far back do you go into that inmate's history?
>
> A.    Typically, it's what we know of the individual while he's been at the institution.

*Id.*, 44:12 – 18.

Simply put, evidence of Mr. Womack's criminal record from the 1980s and early 1990s is not relevant to whether the Defendants acted properly when they restrained Mr. Womack for twenty-six days in late 2004, and therefore, the Court should exclude it from the trial.

### 2. Admission Of Evidence Relating To Mr. Womack's Criminal Convictions Is Unfairly Prejudicial.

Even if the Court determines that Mr. Womack's criminal record has some probative value in this case, the Court should still exclude it under Rule 403 because any probative value of Mr. Womack's criminal record is substantially outweighed by the danger of unfair prejudice that such evidence would create.

First, and foremost, Mr. Womack's criminal record consists of events that occurred more than a decade before the incident at issue here. Even assuming, *arguendo*, that Mr. Womack's criminal record had any bearing on Defendants' decision to place him in restraints in 2004, it was *de minimis*. *See* Smith Dep., 43:20 – 44:13 (noting relevant aspects of an inmate's prior history).

The low probative value of Mr. Womack's criminal record is substantially outweighed by the likelihood that evidence of Mr. Womack's criminal record will unfairly prejudice the jury. As an inmate plaintiff, Mr. Womack automatically faces an uphill battle, and there is no need to prejudice him further in the eyes of the jury. Conviction evidence has a high danger of unfairly prejudicing the jury. *See Tabron*, 898 F. Supp. at 296. Furthermore, the violent and inflammatory

7

nature of Mr. Womack's convictions is likely to mislead and distract the jury from the central issues at trial.  *Id.* at 295 (stating some convictions have "the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired.").

Considering the factual setting of the current case, the violent and inflammatory nature of Mr. Womack's convictions, their lack of relation to any facts or issues in the present case, and the amount of time since the convictions, the danger of unfair prejudice to Mr. Womack is decidedly high, and it substantially outweighs any probative value of the information.  Therefore, the Court should exclude Mr. Womack's criminal record for all purposes.

### 3.    The Court Should Exclude The Use Of Mr. Womack's Criminal Record For Impeachment Purposes.

Rule 609 addresses using a criminal record to attack a witness's character for truthfulness.  Under the rule, the analysis differs depending on when the convictions occurred.  For convictions where the criminal is still in confinement, such as Mr. Womack's 1993 and 1994 convictions, any admission of evidence of that conviction is subject to Rule 403, which is discussed above.  Fed. R. Evid. 609(a)(1)(A).

Rule 609(b) creates an even higher standard for convictions where the conviction or release from confinement occurred more than 10 years ago; such evidence is only admissible if "its probative value, supported by specific facts and

8

circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid.

609(b)(1). Convictions more than ten years old are virtually never admitted. *See*

*D'Agata*, 646 F. Supp. at 393. Therefore, the Court should exclude, for

impeachment purposes, Mr. Womack's convictions from 1988 and 1989, along

with any prior criminal record, if it exists, because the probative value of such

information does not substantially outweigh its prejudicial effect.

**B.     This Court Should Exclude Any Evidence Prior To Mr.
         Womack's Time at USP Lewisburg.**

Counsel for Defendants intends to seek the admission of evidence relating to

Mr. Womack's disciplinary record and other events that occurred prior to Mr.

Womack's transfer to USP Lewisburg on August 7, 2003.[2] *See* Butler email. Like

Mr. Womack's criminal record, any incidents occurring prior to Mr. Womack's

time at USP Lewisburg are not relevant to the incident at issue in this case; instead,

they would only be utilized at trial to portray Mr. Womack's "bad character" and

unfairly prejudice him in the eyes of the jury.

**1.     Mr. Womack's Prior Disciplinary Record Is Not Relevant
         To The Restraint Of Mr. Womack In Late 2004.**

Mr. Womack was incarcerated for years before he was transferred to USP

Lewisburg on August 7, 2003. Admittedly, he has an extensive record of incidents

---

[2]   At this point, Plaintiff is not seeking to exclude Mr. Womack's disciplinary
      record from the time he was transferred to USP Lewisburg on August 7, 2003
      until the incident.

resulting in disciplinary action that occurred at other BOP institutions.  However, these incidents at other institutions bear no relation to the events of this case and the Court should exclude any evidence of them.

As discussed above, the relevant events in this case occurred during the incident at issue, or possibly, before that incident while Mr. Womack was at USP Lewisburg.  Therefore, any evidence of Mr. Womack's conduct prior to his time at USP Lewisburg is not relevant to his restraint by the Defendants in late 2004, and should be excluded pursuant to Federal Rule of Evidence 402.

### 2.    Mr. Womack's Prior Disciplinary Record Is Improper Character Evidence.

Mr. Womack's conduct – and in particular his prior disciplinary record – may not be introduced to prove his character or that he acted in conformance with his character.  Fed. R. Evid. 404(b).  As previously addressed, Mr. Womack's prior acts are not related or relevant to his conduct at Lewisburg.  Defendants seek to introduce this evidence in order to convince the jury that because Mr. Womack did something "bad" before, his character is such that he did the same thing when the Defendants placed him into, and kept him in, restraints for twenty-six days.  This is precisely the type of evidence that Rule 404(b) is intended to limit.  *See Gov't of the Virgin Islands v. Pinney*, 967 F.2d 912, 915 (3d Cir. 1992) ("In order ... to admit evidence under Rule 404(b), a court must be able to articulate a way in which the tendered evidence logically tends to establish or refute a material fact in

issue, and that chain of logic must include no link involving an inference that a bad person is disposed to do bad acts.") (internal citations omitted).  Therefore, introduction of Mr. Womack's prior conduct is improper character evidence and should be excluded.

### 3.   Mr. Womack's Prior Disciplinary Record Is Unfairly Prejudicial And A Waste Of Time.

Even assuming, arguendo, that Mr. Womack's prior disciplinary record has some probative value, it is substantially outweighed by the danger that it would confuse and prejudice the jury against Mr. Womack.  Inundating the jury with *years* worth of prior conduct evidence would unfairly prejudice Mr. Womack and divert the jury's focus from the specific issues of this case.  Accordingly, such evidence should also be excluded pursuant to Federal Rule of Evidence 403.

These prior incidents take up a disproportionate amount of the Defendants' efforts in this case:  documents relating to Mr. Womack's pre-Lewisburg disciplinary record comprise the majority of the Defendants' document production in this case, and, in their briefings, Defendants discussed the prior incidents repeatedly and extensively.  *See* SOF I, ¶¶, 12 – 42, SOF II, ¶¶ 41 – 71.  Admitting such evidence at trial would increase the number of witnesses required at trial and number of exhibits presented, resulting in needlessly cumulative, irrelevant evidence that will unduly delay the trial and waste time.  For all of these reasons,

the Court should exclude, or severely limit, any evidence of Mr. Womack's time in BOP institutions prior to Lewisburg.

### C. The Court Should Exclude Any Evidence After January 3, 2005 That Does Not Specifically Relate To The Twenty-Six Day Restraint Of Mr. Womack.

Counsel for Defendants also intends to seek the admission of evidence of events that occurred *after* Mr. Womack was released from restraints in January 2005. *See* Butler email. Such evidence includes disciplinary incidents at USP Lewisburg after January 3, 2005, Mr. Womack's subsequent transfers to other institutions, his disciplinary and medical records at those institutions, and his current status as a prisoner and location of imprisonment. Such evidence is *completely* unrelated to the incident that is at issue here and the Court should exclude it pursuant to Federal Rule of Evidence 402.[3]

In addition, the probative the value of such evidence is substantially outweighed by the danger that it would confuse or prejudice the jury against Mr. Womack. It would also be a tremendous waste of time. The introduction of evidence relating to the seven-year period since the incident is a blatant attempt to shift the jury's attention from the relevant facts of the case by confusing them with an onslaught of unrelated and cumulative evidence.

---

[3] Plaintiff recognizes that certain evidence from after the incident may be relevant, including communications about the incident. Plaintiff is not seeking to exclude such evidence.

Mr. Womack's current status as a prisoner and his current location of incarceration are particularly likely to confuse and unfairly prejudice the jury. Mr. Womack was recently transferred to the USP Florence High, located in Florence, Colorado. Another facility is at the same complex, USP Florence ADMAX, is the BOP's only "SuperMax" facility, and is commonly depicted in the mainstream media as a prison that houses violent, terroristic inmates. *See* BOP Webpage; CNN Supermax; CBS Supermax. If the jury is told that Mr. Womack is currently imprisoned at USP Florence High or Florence, they are likely to conclude that Mr. Womack is at the ADMAX facility, which will unfairly prejudice the jury. For all of these reasons, all of the post-incident evidence should be excluded pursuant to Federal Rule of Evidence 403.

In addition, the Court should exclude the introduction of or reference to documents that Defendants first produced to Plaintiff on March 6, 2012, well after the July 1, 2010 close of discovery (Docket No. 125). These late produced documents are all post-incident, and consist of: (1) documents from 2010 to 2011 regarding Mr. Womack's disciplinary records from the New Jersey Department of Corrections and other institutions and (2) Mr. Womack's medical records from 2010 through 2012. For all of the reasons discussed above, these documents are not relevant to this case, the probative value of these documents is substantially outweighed by the danger of unfair prejudice, and they will cause undue delay,

waste time, and are needlessly cumulative and untimely.  Accordingly, this Court should exclude this evidence pursuant to Rules 402 and 403.

### D. The Court Should Exclude Videos That Do Not Depict The Incident At Issue.

BOP took numerous videos of Mr. Womack while he was in restraints at USP Lewisburg.  According to Defendant Dodrill, "All uses of force have to be videotaped, calculated from the very beginning, immediate as soon as you can get the camera available down to the site."  Dodrill Dep., 151:20 – 152:1.  In addition, cameras within USP Lewisburg recorded events relevant to this lawsuit.[4]  During discovery, Plaintiff requested the production of all such videos.  *See* Document Requests; BOP Subpoena.  In response, Defendants produced just ten videos, only two of which reflect the incident at issue here.  These two videos are dated December 9, 2004 and December 20, 2004.  Of the remaining eight videos, six occurred before the incident (February 2004 (2), March 2004, April 2004, June 2004, and July 2004) and two occurred after the incident (February 2005 and August 2005).

---

[4]   BOP maintains that the location of such cameras is confidential.  In order for Mr. Womack's attorneys to inspect the area where Mr. Womack was held during the incident, they were required to enter into a confidentiality agreement that prohibits the dissemination of information on the location of such cameras. For that reason, this Motion does not discuss the cameras in detail, and Plaintiff should not be penalized for not discussing them further here.

Counsel for Defendants intends to admit some or all of the videos that do not depict the incident at issue here.  *See* Butler email.  For the reasons discussed above, these non-incident videos are not relevant to this case and the Court should exclude them under Rule 402.

Even assuming, *arguendo*, that the non-incident videos are relevant, the Court should exclude them because they are highly prejudicial to Mr. Womack. They depict him in compromising, agitated states while in restraints, but they do *not* depict his actions during the twenty-six day period of restraint at issue.  These videos may unfairly impact the jury and they will certainly paint a dramatic and unfavorable image of Mr. Womack.  *See Covell v. Bell Sports, Inc.*, 2010 WL 4783043 at *3 (E.D. Pa. 2010) (excluding video where party's apparent intent was not to produce probative evidence but to "introduce the video in a tawdry attempt to inflame the jury.").

The risk of unfair prejudice here is particularly substantial because the Defendants did not produce all videos that recorded the incident at issue; they only produced two videos of the incident.  While Plaintiff presumes that all other relevant videos were properly destroyed and, therefore, not available for production, it is telling that the Defendants chose to retain and produce only two videos of the incident, yet other videos of the incident were destroyed.  The Defendants should not be allowed to rely on the specially retained videos, while

15

Mr. Womack cannot rely on any other videos of the incident.  Accordingly, the Court should exclude the non-incident videos pursuant to Federal Rule of Evidence 403.

Finally, the presentation of multiple videos *unrelated* to the events of this case would unduly delay trial.  The eight non-incident videos contain *hours* of footage of Mr. Womack in restraints as a result of incidents entirely unrelated to the allegations of this case.  Even if Defendants present only snippets of each video, it may be necessary to show the jury the full video so that the jury can understand the circumstances of the restraint.  Furthermore, the introduction of each video will require additional witness testimony and will result in the introduction of extensive documents relating to each video, all of which will unduly delay trial.

## V.     CONCLUSION

For the reasons discussed above, this Court should grant Mr. Womack's Motion in Limine.

Respectfully submitted,

Dated:  March 12, 2012                    s/ Andrew C. Whitney

Peter E. Halle                          Andrew C. Whitney
**MORGAN, LEWIS & BOCKIUS LLP**          Chelsea C. Stine
1111 Pennsylvania Avenue, NW            Jessica A. Stow
Washington, DC  20004                   **MORGAN, LEWIS & BOCKIUS LLP**
202.739.3000                            1701 Market Street
202.739.3001 (fax)                      Philadelphia, PA 19103
                                        215.963.5000
                                        877.432.9652 (fax)
Deborah M. Golden
Philip Fornaci
**WASHINGTON LAWYERS COMMITTEE**
**FOR CIVIL RIGHTS AND URBAN AFFAIRS**   Maxine M. Woelfling
11 Dupont Circle, NW, Suite 400         **MORGAN, LEWIS & BOCKIUS LLP**
Washington, DC 20036                    17 North Second Street, Suite 1420
202.319.1000                            Harrisburg, PA 17101-1604
202.319.1010 (fax)                      717.237.5000
                                        717.237.5001 (fax)

*Attorneys for Plaintiff David Lee Womack*

17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID LEE WOMACK** | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | No. 1:CV-06-2348 CCC |
| **v.** | Judge Christopher C. Conner |
| **JOSEPH V. SMITH, et al.,** | Filed Electronically |
| **Defendants.** | |

**CERTIFICATE OF NON-CONCURRENCE**

I, Andrew C. Whitney, hereby certify, pursuant to Local Rule 7.1, that concurrence in the foregoing motion was sought from Defendants, through their counsel, and that such concurrence was not granted.


Dated: March 12, 2012                           s/ Andrew C. Whitney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DAVID LEE WOMACK**

     **Plaintiff,**

  **v.**

**JOSEPH V. SMITH, et al.,**

     **Defendants.**

**JURY TRIAL DEMANDED**

No. 1:CV-06-2348 CCC

Judge Christopher C. Conner

Filed Electronically

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.8(b)(2), I, Andrew C. Whitney, hereby certify, based upon the word-count feature of the word processing system used to prepare this response, that this response complies with the word-count limit described in Local Rule 7.8(b)(2), in that the response contains fewer than 5,000 words, to wit, 3,772 words.

Dated: March 12, 2012                         <u>s/ Andrew C. Whitney</u>

## CERTIFICATE OF SERVICE

I, Andrew C. Whitney, hereby certify that on this 12th day of March, 2012, a copy of PLAINTIFF'S MOTION IN LIMINE, BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE, PROPOSED ORDER, and CERTIFICATE OF NON-CONCURRENCE was served via electronic court filing and hand delivery on the following party:

> Michael Butler
> United States Attorney's Office
> 228 Walnut Street, Suite 220
> Harrisburg, PA 17108
> Michael.J.Butler@usdoj.gov

> s/ Andrew C. Whitney