IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID LEE WOMACK**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**JOSEPH V. SMITH, et al.,**<br><br>      **Defendants.** | JURY TRIAL DEMANDED<br><br>No. 1:CV-06-2348 CCC<br><br>Judge Christopher C. Conner<br><br>Filed Electronically |

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

**I.    INTRODUCTION**

On March 26, 2012, Defendants filed their Opposition (Docket No. 194) to Plaintiff's Motion in Limine (the "Motion") (Docket No. 188). The Opposition is replete with unsupported factual assertions and errors of law. The most egregious of these errors are discussed below. First, Defendants rely on bad law and argue that the admission of evidence regarding prior criminal convictions is not subject to Rule 403. Second, Defendants incorrectly recast character evidence as habit evidence, in a blatant attempt to circumvent Rule 404. Defendants' remaining arguments are addressed in the Motion and are not revisited here.

## II. ARGUMENT

### A. Evidence Of Criminal Convictions Is Subject To Rule 403.

Defendants cite *Green v. Bock Laundry Mach., Co.*, 490 U.S. 504, 527 (1981) and state that "the Supreme Court has held that the Federal Rules of Evidence require a court to allow impeachment of a civil witness with evidence of a prior felony conviction 'regardless of ensuant unfair prejudice to the witness.'" Opposition, p. 16. Defendants further state that such evidence "shall be admitted." *Id*. Defendants are mistaken. In response to the *Green v. Bock Laundry* decision, the Federal Rules of Evidence were amended to make the use of conviction evidence expressly subject to Rule 403. *See* Fed. R. Evid. 609(a)(1); *Davis v. Marion*, 1991 U.S. App. LEXIS 13544 (7th Cir. June 21, 1991) ("[A]n amendment to Fed. R. Evid. 609(a)(1), effective December 1, 1990, countermands *Bock Laundry* and requires the application of Fed. R. Evid. 403 before [the witness's] criminal convictions may be used even for impeachment."). *United States v. Spencer*, 25 F.3d 1105, 1109 (D.C. Cir. 1994) ("Rule 609, FED. R. EVID., as amended in response to *Green v. Bock Laundry . . .*, now governs the impeachment of defense and prosecution witnesses with prior convictions."). *Tabron v. Grace*, 898 F. Supp. 293, 297 (M.D. Pa. 1995) *citing* Fed. R. Evid. 609 (Notes on 1990 Amendment) (West 1995) ("[T]he specific purpose of the 1990 amendments was the addition of the balancing test of Rule 403, to 'reflect [] a judgment that

2

decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results.'") (alterations in original); *Clem v. Lomeli*, 2007 WL 2688842 (E.D. Cal. 2007) ("Congress included Rule 403 balancing into Rule 609 to overrule, in part, . . . *Green v. Bock Laundry*.").

Despite actually quoting the relevant portion of Rule 609 after the discussion of *Green v. Bock Laundry*, Defendants still failed to address the Rule 403 arguments that Plaintiff raised in the Motion. Instead, Defendants merely took yet another opportunity to paint Mr. Womack as a monster.

As discussed in the Motion, to the extent that Mr. Womack's criminal convictions have any probative value, it is substantially outweighed by the risk of prejudice to Mr. Womack. *See United States v. Cook*, 538 F.2d 1000, 1003 (3d Cir.1976) (excluding conviction evidence with low probative value and high risk of prejudice). For the reasons set forth in the Motion, the Court should exclude the evidence regarding Mr. Womack's prior criminal convictions.

**B.      Defendants Fail To Identify Any Behavior Relating To Rule 406.**

"Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit." Fed. R. Evid. 406. In contrast, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance

3

with the character or trait." Fed. R. Evid. 404(a)(1); *see also*, Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

Inadmissible character evidence and admissible habit evidence are closely related. *See* Fed. R. Evid. 406 Advisory Committee Notes (1972) ("Character and habit are close akin."). Therefore, the following key elements must be present for conduct to constitute evidence of habit: (1) specificity, (2) regularity, and (3) semi-automatic nature of the conduct. *See* Fed. R. Evid. 406 Advisory Committee Notes (1972) (habit "describes one's regular response to a repeated specific situation . . . such as the habit of going down a particular stairway two stairs at a time, or of giving the hand signal for a left turn . . . . The doing of habitual acts may become semi-automatic"); *see also Becker v. ARCO Chem. Co.*, 207 F.3d 176, 204 (3d Cir. 2000) (declaring that the fabrication of reasons to terminate employees "is not the sort of semi-automatic, situation-specific conduct admitted under the [habit] rule").

In the Opposition, Defendants argue that "Womack had a regular practice of violating BOP policy in order to manipulate his situation," (Opposition, p. 14), and that this is habit evidence. This argument is not supported by the facts and is wrong. It also ignores the arguments set forth in the Motion as to why some of the evidence cited in the Opposition should be excluded.

First, Defendants state that Mr. Womack admitted that "it was his habit to violate BOP policy or to injure himself so that he could get staff's attention to try to get his own way." *Id*. Mr. Womack made no such admission. In support of their assertion, Defendants cite portions of Mr. Womack's deposition, but as the Court can see from the cited portions, Defendants have blatantly mischaracterized the testimony. One of those portions consists entirely of Mr. Womack describing what he was forced to do after being beaten by the guards ("the police department"). That is hardly an admission regarding a habit.

Second, Defendants have not alleged any other specific conduct of Mr. Womack that could remotely be considered a habit; they have merely stated character traits of Mr. Womack and tried to recast them as evidence of habit. For example, Defendants state that the videos they seek to introduce show an "unambiguous habit of verbal and physical abuse by Womack." Opposition, p. 15. Defendants also state that Mr. Womack has a "habit and routine of manipulating his situation." *Id.* Being verbally abusive and manipulative are not terms that describe specific instances of conduct, and are instead generic, vague terms used to describe the characters of individuals. *See United States v. Wright*, 206 F. Supp. 2d 609, 615 (D. Del. 2002) ("[T]o qualify as habit evidence, the proffered evidence must be specific and particular.").

Defendants also have not shown any regularity in Mr. Womack's conduct. Here, Defendants' description of Mr. Womack's alleged responses to being in restraints show his actions varied significantly in each situation. From the February 11 video, Defendants describe Mr. Womack as trying to bite his restraints; from the March 10 video, Defendants describe Mr. Womack keeping an object in his throat and yelling obscenities; from the April 22, video Defendants describe Mr. Womack as refusing to give up a food tray and asking to be strapped down; from the June 16 video, Defendants state that Mr. Womack has covered his cell window in feces and describe him removing his clothing while in restraints; and from the July 21 video, Defendants describe Mr. Womack's removal of a mattress from his bed while in restraints. *See* Opposition, pp. 6-9. Defendants have failed to show any repetition of action on the part of Mr. Womack.

Further, habit evidence must be of an action that is semi-automatic. *See Becker*, 207 F.3d at 204. Defendants' own description of Mr. Womack negates any argument that Mr. Womack's actions are semi-automatic. Defendants' have described Mr. Womack as a calculating, "manipulative" individual. *See* Opposition, pp. 5,7- 9, 12, 14-15. A person whose actions are "ploys to have staff act in accordance with his wishes," (Opposition, p. 5) is not a person displaying a semi-automatic response, such as giving a hand-signal for a left turn.

Finally, Defendants assert that Mr. Womack's "subsequent time in restraints and disciplinary history demonstrate [his] habit and routine of manipulating his situation in an attempt to get what he wants." Opposition, p. 15. For the reasons set forth above, Mr. Womack's "manipulation" of situations is not the proper subject of habit evidence. Further, any such evidence of events *after* the incident at issue in this case evidence is irrelevant and not admissible as character evidence. *See Smith v. Normandy Prop., Inc.*, 2008 WL 4443827, at *1 (W.D. Pa. 2008) (granting motion in limine to exclude after-incident conduct and finding Rule 406 argument "to be without merit.").

### III. CONCLUSION

For the reasons discussed above, and for the reasons set forth in the Motion, the Court should grant Mr. Womack's Motion in Limine.

Respectfully submitted,

Dated:  April 4, 2012                                  s/ Andrew C. Whitney

| | |
|---|---|
| Peter E. Halle | Andrew C. Whitney |
| **MORGAN, LEWIS & BOCKIUS LLP** | Chelsea C. Stine |
| 1111 Pennsylvania Avenue, NW | Jessica A. Stow |
| Washington, DC  20004 | **MORGAN, LEWIS & BOCKIUS LLP** |
| 202.739.3000 | 1701 Market Street |
| 202.739.3001 (fax) | Philadelphia, PA 19103 |
| | 215.963.5000 |
| Deborah M. Golden | 877.432.9652 (fax) |
| Philip Fornaci | |
| **WASHINGTON LAWYERS COMMITTEE** | Maxine M. Woelfling |
| **FOR CIVIL RIGHTS AND URBAN AFFAIRS** | **MORGAN, LEWIS & BOCKIUS LLP** |
| 11 Dupont Circle, NW, Suite 400 | 17 North Second Street, Suite 1420 |
| Washington, DC 20036 | Harrisburg, PA 17101-1604 |
| 202.319.1000 | 717.237.5000 |
| 202.319.1010 (fax) | 717.237.5001 (fax) |

*Attorneys for Plaintiff David Lee Womack*

## CERTIFICATE OF SERVICE

I, Andrew C. Whitney, hereby certify that on this 4th day of April, 2012, a copy of REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE was served via electronic court filing on the following party:

>Michael Butler
>United States Attorney's Office
>228 Walnut Street, Suite 220
>Harrisburg, PA 17108
>Michael.J.Butler@usdoj.gov

>s/ Andrew C. Whitney